COURT OF COMMON PLEAS

CRIMINAL DIVISION

HAMILTON COUNTY, OHIO

STATE OF OHIO  .  CASE NO. B-925607

    Plaintiff-Respondent

vs.  **FINDINGS OF FACT,**
**CONCLUSIIONS OF LAW, ENTRY**
MICHAEL BIES  **DISMISSING PETITION TO**
**VACATE**
    Defendant-Petitioner  :

This matter is before the Court on the defendant's Petition to Vacate, and the State's motion for judgment pursuant to R.C. 2953.21(C). The Court determines that all issues can be resolved without an evidentiary hearing, and that therefore discovery is not appropriate

The defendant's petition to vacate contains fifteen claims for relief, each of which will be disposed of individually.

I.    The defendant's first claim for relief is an allegation that the court improperly relied on a victim impact statement in imposing sentence. As to this claim the Court makes the following <u>Findings of Fact</u>:

    (1)    The defendant was sentenced on other offenses besides the aggravated murder count

EXHIBIT B

1

ENTERED
JUL 22 1998
IMAGE 20

The Court makes the following Conclusions of Law:

 (1) This claim is not supported by sufficient evidentiary documents. State v. Williams, 74 Ohio App.3d 686 (1991).

(L) Defendant's twelfth claim is that trial counsel failed to request expert assistance to challenge the state's procedures in collecting physical evidence. As to this claim, the Court makes the following Findings of Fact:

 (1) Defendant makes no showing of how he was prejudiced in this regard. State v. Bradley, 42 Ohio St.3d 136 (1989).

The Court makes the following Conclusion of Law:

 (1) This claim is not supported by sufficient evidentiary documents and is, therefore, rejected. State v. Williams, 74 Ohio App.3d 686 (1991).

V. The defendant's fifth claim for relief that it is cruel and unusual punishment to execute a retarded person. As to this claim, the Court makes the following Findings of Fact:

 (1) The defendant is shown by the record to be mildly mentally retarded with an IQ of about 69.

The Court makes the following Conclusion of Law:

 (1) As a matter of law, a mildly mentally retarded defendant may be Punished by execution. State v. Holloway, 38 Ohio St.3d 239 (1988).