COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. C-9200841 |
|     Plaintiff-Appellee | : | |
| vs. | : | |
| MICHAEL BIES | : | |
|     Defendant-Appellant | : | |

### BRIEF OF PLAINTIFF-APPELLEE

Joseph T. Deters
(#0012084P)
Prosecuting Attorney

William E. Breyer
(#0002138P)
Assistant Prosecuting Attorney

411 Hamilton County Courthouse
Court & Main Streets
Cincinnati, Ohio 45202

Attorneys for Plaintiff-Appellee



94-1538



FILED

AUG 01 1994

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Timothy J. Deardorff
Attorney at law
Loren S. Haas
Attorney at Law

169 East McMillan Street
Cincinnati, Ohio 45219

Attorney for Defendant-Appellant

EXHIBIT
C



### ASSIGNMENT OF ERROR VII

THE JUDGMENT OF THE TRIAL COURT, AS WELL AS THE JURY, THAT THE AGGRAVATING FACTORS OF WHICH APPELLANT WAS CONVICTED OUTWEIGHED THE MITIGATING FACTORS PRESENTED BY THE DEFENSE IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND TO THE CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, AND TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT, AND UNDER ART. I. SEC. 9 OF THE OHIO CONSTITUTION.

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT

A death penalty is properly imposed where the trier of fact determines beyond a reasonable doubt that the aggravating factors outweigh the mitigating factors.

### ARGUMENT

In this assignment of error, the defendant argues that the jury and the trial court erred in finding that the aggravating factors outweighed the mitigating factors beyond a reasonable doubt. Of course in every capital case, this court is required by statute to perform such a review. R.C. 2929.05 <u>Appeals; procedure</u>.

The gist of the court's responsibility here is a weighing of the evidence process. The court must compare the aggravating factor with the evidence adduced in mitigation, and in this process must review the nature of the offense and the defendant's character, etc.

In the present case, the defendant was convicted on three specifications: (1) that the offense was committed to escape apprehension; (2) that the offense was committed during an attempted rape; and (3) that the offense was committed during a kidnapping. The nature of these aggravating factors have been set forth in the presentation of facts and need not be repeated here. The mitigation presented was that the defendant was supposedly retarded and/or low intelligence, that he was young, that he had an abused and deprived

30.

childhood and that he possibly had "non-specific brain damage" which caused him to have a borderline personality disorder.

The evidence for all of these conclusions is found in the testimony of psychologist Donna Winter, who testified on behalf of the defendant at mitigation. However, the weight to be given this testimony is tempered by the actual facts presented at trial. Thus, though the defense team argued that Bies had the mind of a third grader, and thus should not be held accountable, the record is somewhat contrary.

The record shows that this defendant was married and divorced and had children. He went to the tenth grade in school. He could drive a car. He traveled about the midwest [Hazard, Cincinnati, Chicago, Indiana, Lexington] and functioned well enough to do this on his own. The defendant was able to write out a statement and read it to the jury. The mental status exams revealed that he knew right from wrong and could conform his conduct to meet the law if he so desired. (T.p. 1138-1140) Thus, the weight given to the testimony of Dr. Winter must be tempered with the actual knowledge of the defendant's actions.

Defendant argues that the trial court disregarded his youth as a mitigating factor. This case in that regard is similar to State v. Byrd, 32 Ohio St.3d 79, _____ N.E.2d _____ (1987). In Byrd, the Supreme Court wrote:

> "Additionally, defendant contends that the trial court erred in its finding that his young age was not a mitigating factor. The trial court, in its opinion, stated:
>
> '(4) "The youth of the offender." The court finds that the defendant was at the time of his

31.

> trial [sic] 19 years of age, the oldest 19 year old this Judge has ever seen. There is no evidence to suggest that his age was a factor that should be taken into account in mitigating of the sentence of death.'
>
> This is a permissible finding for the trial court to make. Although R.C. 2929.04(B) lists youth as a factor to be considered, it does not require anyone under a certain age to be absolved of culpability for his crime. As the trial court observed, there was no evidence presented to suggest that Byrd's age was of any relevance in the crime or sentence of death. Accordingly, the second proposition of law is without merit."

Defendant argues that he was led into this crime by the co-defendant. This is not accurate. Defendant confessed to Gary Seal that he was a willing participant in this offense. Further, the evidence produced at trial was that Gumm was not a leader, he was a follower. (T.p. 532)

Defendant next argues that the trial court failed to give mitigating value to his lack of a prior criminal record. This is untrue. The court recognized the defendant did not have a significant record. (Op. p. 6) However, contrary to what defendant says, the existence of some mitigation does not require a life sentence. As long as mitigating is properly outweighed by aggravation, death is appropriate. State v. Davis, 62 Ohio St.3d 326, ____ N.E.2d ____ (1991); State v. Evans, 63 Ohio St.3d 231, ____ N.E.2d ____ (1992); State v. Murphy, 65 Ohio St.3d 554, ____ N.E.2d ____ (1992).

The evidence presented in this case clearly shows a defendant who deserves death by electrocution. The aggravating factors far outweigh the mitigation presented.

32.