IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **Michael Bies,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | )   **Case No.:  CV-1-00-682** |
| vs. | ) |
| | )   **District Judge Susan J. Dlott** |
| **Margaret Bagley, Warden,** | )   **Magistrate Judge Michael R. Merz** |
| | ) |
|     **Respondent.** | ) |

**MICHAEL BIES' UNOPPOSED MOTION FOR DISCOVERY OF FACTS
CONCERNING DALLAS HAYES**

Michael Bies moves this Court for discovery of certain records concerning Dallas Hayes. The Warden has no objection to this Motion. A memorandum of law is attached and incorporated herein.

                                                                      Respectfully submitted,

                                                                        s/ S. Scott Haynes _____
                                                                        S. SCOTT HAYNES - 0059586
                                                                        Hallowes, Allen & Haynes
                                                                        6445 E. Livingston Avenue
                                                                        Reynoldsburg, Ohio 43068
                                                                        Telephone:  (64) 868-0009
                                                                        Facsimile:  (614) 868-0029
                                                                        And
                                                                        DAVID H. BODIKER
                                                                        Ohio Public Defender
                                                                        RANDALL L. PORTER - 0005835
                                                                        Assistant State Public Defender
                                                                        Office of the Ohio Public Defender
                                                                        8 East Long Street, 11th Floor
                                                                        Columbus, Ohio  43215-2998
                                                                        Telephone:  (614) 466-5394
                                                                        Facsimile:  (614) 728-3670

                                                                        COUNSEL FOR MICHAEL BIES

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

On October 4, 2000, the Court approved a proposed order permitting limited discovery in this matter. [Doc. 10]. The Court subsequently approved two agreed entries extending the time period to complete that discovery. [Docs. 11, 12].

On September 4, 2004, Michael Bies filed his Motion to Hold the Proceedings In Abeyance. [Doc. 28]. The Motion was premised upon the need to exhaust a Brady claim, the factual basis of which was developed in the discovery ordered by this Court. [Id.] Some of the facts and legal arguments that Michael Bies wished to exhaust involved Dallas Hayes, the decedent's stepbrother. [Id. at pp. 7-8]. On February 19, 2002 this Court ordered the case be held in abeyance to permit Michael Bies to exhaust his Brady claim. [Doc. 39].[1]

Michael Bies has become aware of the existence of additional material concerning Dallas Hayes. Three years after a Hamilton County Grand Jury convicted Michael Bies of Capital Murder, Attempted Rape and Kidnapping of the ten year old victim, Dallas Hayes plead guilty to Gross Sexual Imposition of Sandra Baker who was less than thirteen years of age.

Michael Bies, through the employment of the Federal Civil Rules of discovery, desires to collect all relevant records concerning Dallas Hayes' 1995 conviction for gross sexual imposition. The Warden has no objection to this Court granting this Motion.

**II.     THERE EXISTS ADDITIONAL, POTENTIALLY EXCULPATORY EVIDENCE CONCERNING DALLAS HAYES, THAT IS NOT CURRENTLY BEFORE THIS COURT.**

---

[1] Michael Bies has now completed the exhaustion of his Brady claim. [Doc. 66.] This Court has directed that the abeyance order remain in effect to permit Michael Bies to exhaust his mental retardation claims. [Doc. 67.] That process is ongoing [Doc. 75].

2

Dallas Hayes was the older step-brother of the decedent Aaron Raines. Hayes was supposed to be watching the decedent at the time of the victim's disappearance on May 11, 1992 [Tr. 566].

Detective Dan Argo initially interviewed Dallas Hayes on May 12, 1997 [Exhibit A]. Hayes told the Detective that he last saw the decedent at 9:00 p.m. on May 11, 1992 [Id.] The police subsequently received information that Hayes may be a suspect [Exhibit B] and that Dallas may be jealous of his stepbrother because his mother devoted more of her time and attention to Aaron [Exhibit C]. Sgt. Guy arranged for a member of the police department to administer a polygraph to Hayes on June 3, 1997. [Exhibits D and E]. Hayes refused to execute a Miranda waiver at the beginning of the polygraph session [Exhibit F]. Hayes demonstrated deception on <u>all</u> of the questions on the polygraph examination related to the death of Aaron Raines. [Exhibit G]. The police interrogated Hayes after the polygraph session [Id.] He changed some of the details in his story, but remained adamant that he saw his younger step-brother at 9:00 p.m. in the park across the street from their residence. [Id.]

On October 7, 1992, Hayes testified at Michael Bies' trial. Contrary to his earlier statements to the police, Hayes testified that he last saw his brother between six and seven o'clock that evening. [Tr. 566]. Trial counsel for Michael Bies chose not to cross-examine Dallas Hayes [Tr. 574]. The prosecutors had not provided trial counsel with any of the information concerning Hayes, including the fact that he failed a polygraph examination.

On March 17, 1995, a Hamilton County Grand Jury indicted Dallas Hayes for the Felonious Sexual Penetration[2] of his cousin, Sandra Baker, who was less than thirteen years of age. [Exhibit H]. Prior to the trial date, counsel filed four motions regarding Hayes' mental

---

[2] O.R.C. § 2907.12.

infirmities including 1) a Suggestion of Incompetence (Hayes "is incapable of understanding the nature and objective of the proceedings against him or assist in his defense") [Exhibit I]; 2) a Motion to Suppress (Dallas "is an individual of extremely low intellect") [Exhibit J]; 3) a Motion to Appoint Expert Caroline Everington. (Hayes "is mentally retarded and due to his mental condition was unable to comprehend, understand and make an informed and voluntary decision to waive his Fifth Amendment right to remain silent.") [Exhibit K];[3] and 4) a Motion to Appoint Expert Dr. Sol Fulero ("to examine the defendant to determine whether the defendant had the requisite mental capabilities to form the required mental intent") [Exhibit L].[4]

Pursuant to court order, the Hamilton County Court Clinic conducted competency [Exhibit M] and insanity [Exhibit N] evaluations of Dallas Hayes[5]. The May 2, 1995 competency report documented that Dallas Hayes was in special education classes [Exhibit M, p. 2-3]; had an IQ of 75 [Id. at p.3], had a slightly below average memory [Id.] and he could only understand concepts if they were explained to him in a simplistic fashion. [Id. at p. 4]. The May 2, 1995 insanity report contained additional information including "he has been 'slow' all of his life" [Exhibit N at p.2]; 2) the investigating officer had Hayes sign a rights waiver even though the officer identified the fact that Hayes was mentally challenged. [Id. at p.3]; and 3) he suffered from a "severe mental defect", he was borderline mentally retarded. [Id. at 4]. Hayes eventually pled guilty to the commission of the offense of Gross Sexual Imposition[6] against his younger cousin [Exhibit O]. The State trial court sentenced him to two years in prison [Exhibit P].

Michael Bies, based upon all of the above information, seeks to conduct limited discovery concerning Dallas Hayes for two reasons. Hayes was a suspect as to the offense for

---

[3] Michael Bies has attached only the Motion and not the attachment to the Motion.
[4] Michael Bies has attached only the Motion and not the Exhibits attached thereto.
[5] Michael Bies obtain the competency and insanity reports of Dallas Hayes, by reviewing the common pleas court file.

4

which Michael Bies was convicted. Hayes failed a polygraph examination [Exhibit G]. That offense involved the sexual assault of a younger relative of Hayes. The offense for which Hayes was convicted involved the sexual assault of a younger relative of Hayes.

Even assuming that Hayes was not involved in the offense in the present case, his mental limitations undermine the credibility of his testimony at Michael Bies' trial. Hayes had a mental defect, he is borderline mentally retarded [Exhibit N, p. 4]. Hayes also had a slightly below average memory. [Exhibit M, p. 3].

### III. THE COURT'S GRANTING OF THE MOTION WHILE THE STATE PROCEEDINGS ARE ONGOING WOULD EXPEDITE THE INSTANT PROCEEDINGS.

This Court has ordered that the instant proceedings be held in abeyance during the exhaustion of Michael Bies' mental retardation proceedings [Doc. 67]. This Court retains authority to enter all appropriate orders while these proceedings are in abeyance. The granting of the instant order would be an appropriate order.

Michael Bies now moves this Court to grant discovery to preclude the Warden from later arguing that the Motion is just a bad faith attempt by Michael Bies to delay the proceedings. If this Court grants the Motion, the discovery proceedings will be completed during the period that the case is held in abeyance. If the discovery uncovers new evidence which requires factual and legal exhaustion, Michael Bies can exhaust any new facts and legal arguments while he is exhausting his mental retardation claim.

---

[6] O.R.C. 2907.05

### IV.    CONCLUSION:  THE COURT SHOULD GRANT THIS UNOPPOSED MOTION

Habeas Corpus Rule 6 provides that "(A) party shall be entitled to invoke the process of discovery available under the Federal rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  This rule has been interpreted to authorize discovery "at any time in the proceedings" where good cause is shown.  Harris v. Nelson, 394 U.S. 286, 300 (1969).  "Good cause" is demonstrated "(w)here specific allegations before the Court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that the is confined illegally and is therefore entitled to relief."  Harris v. Nelson, 394 U.S. at 300 (citing 28 U.S.C. 1651); accord, Bracy v. Gramley, 520 U.S. 899, 908-909 (1977).

Michael Bies has demonstrated good cause to conducted records depositions of the following agencies to access records in their possession concerning Hayes' conviction for Gross Sexual Imposition: 1) Cincinnati Police Department [Exhibit Q], 2) Hamilton County Prosecutor's Office [Exhibit R ]; 3) Central Psychiatric Clinic County Diagnostic and Treatment Center (Hamilton County Court Clinic) [Exhibit S], the Hamilton County Adult Probation Department [Exhibit T] and 4) Ohio Department of Rehabilitation and Correction [Exhibit U].  The completion of this limited discovery should be expeditiously completed and relatively inexpensive.

WHEREFORE, Michael Bies requests leave of court to conduct the limited discovery requested herein.

        Respectfully submitted,

        s/ S. Scott Haynes _____
        S. SCOTT HAYNES - 0059586

        Hallowes, Allen & Haynes
        6445 E. Livingston Avenue
        Reynoldsburg, Ohio 43068
        Telephone: (64) 868-0009
        Facsimile: (614) 868-0029

        And

        DAVID H. BODIKER
        Ohio Public Defender

        RANDALL L. PORTER - 0005835
        Assistant State Public Defender

        Office of the Ohio Public Defender
        8 East Long Street, 11th Floor
        Columbus, Ohio 43215-2998
        Telephone: (614) 466-5394
        Facsimile: (614) 728-3670

        COUNSEL FOR MICHAEL BIES

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true copy of the foregoing Michael Bies' Unopposed Motion For Discovery Of Facts Concerning Dallas Hayes was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

        s/ S. Scott Haynes_____
        S. SCOTT HAYNES
        COUNSEL FOR PETITIONER

#198619

7

# EXHIBITS

# HAYES AKA RAINES DISCOVERY MOTION

| | |
|---|---|
| **A** | May 12, 1997 interview |
| B | Crime Stopper Card |
| C | 6/8/92 Statement |
| D | Polygraph assignment |
| E | Investigative Summary of Sgt. Guy of 6/01/92 |
| F | Miranda waiver that Dallas refused to sign |
| G | Investigative Summary of Arg/Lackey/Jay dated 6/03/92 |
| H | Indictment of Dallas Hayes |
| I | Suggestion of Incompetency |
| J | Motion to Suppress |
| K | Motion to Appoint Caroline Everington |
| L | Motion to Appoint Sol Fulero |
| M | Competency Report |
| N | Insanity Report |

O	Guilty Plea

P	Sentencing Entry

Q	Subpoena for Cincinnati Police Department

R	Subpoena for the Office of the Hamilton County Prosecutor

S	Subpoena for the Central Psychiatric Clinic, County Diagnostic and Treatment Center

T	Subpoena for the Hamilton County Department of Probation and Parole

U	Subpoena for Ohio Department of Rehabilitation and Correction