COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO

    Plaintiff

v.

DALLAS HAYES

    Defendant

Case No. B-9502257

(J. Nurre)

MOTION TO APPOINT EXPERT

Now comes the Defendant, by and through counsel and hereby moves this Court to appoint Caroline Everington to act as an expert witness in this matter for the reasons set forth herein.

Derek W. Gustafson  S. Ct. # 0005144
Attorney for Defendant
Suite 1100
30 E. Central Pkwy.
Cincinnati, Ohio 45202
(513) 241-7880

## MEMORANDUM

Defendant has been charged with one count of felonious sexual penetration involving a person under the age of thirteen years of age. The defendant was interviewed by police and has reported to counsel that he gave statement admitting commiting the alleged offense. Defense counsel believes that the defendant is mentally retarded and due to his mental condition was unable to comprehend, understand and make an informed and voluntary decision to waive his Fifth Amendment right to remain silent.

Contemporaneously with this motion, counsel for defendant has filed a motion to suppress the statement of defendant. The basis of the motion is that the defendant was


EXHIBIT K

unable to comprehend the meaning and effect of waiving his constitutional right to remain silent and his confession was involuntary as defendant's mental condition caused him to confess to crime he did not committ when confronted by an authority figure such as a police investigator.

Counsel seeks permission of this Court to employ Caroline Everington, Ph.D. of Miami University, Oxford, Ohio as an expert witness on behalf of the defendant. Ms. Everington's ciruculum vitae is attached hereto. Ms. Everington is uniquely qualified to act as expert witness on defendant's behalf. A review of the attached cirriculum vitae reveals that she has extensive experience in assesing the ability of the mentaly retarded to comprehend waivers of constitutional rights. Ms. Everington would also be employed to assess the interrogation of the defendant to determine to what extent that the defendant confessed to the alleged crime due to the propensity of mentally retarded individuals to be submissive to authority figures.

Pursuant to the Sixth Amendment of the United States Constitution, and Section 10, Article 10 of the Ohio Constitution, defense counsel is obligated to zealously and effectively represent and assist his client. In order to provide this effective representation, counsel must explore any avenue in order to provide an effective defense. The ability of counsel to provide effective assistance in this case is highly dependent upon the availability of expert assistance.

Equal protection requires that expert assistance be provided in this case. In Britt v. North Carolina, 404 U.S. 226 (1971), the Supreme Court reaffirmed the principle established in Griffin v. Illinois, 351 U.S. 12 (1956), that:

> ... the State must, as a matter of equal protection, provide indigent prisoners with the basic tool of an adequate defense or appeal, when those tools are available for a price to other prisoners. at 227.

In Williams v. Martin, 618 F.2d 1021 (C.A.4, 1980) the standard for determining whether expert assistance is constitutionally required by the equal protection or right to counsel

clauses was stated to be: "... whether a substantial question requiring expert testimony arose ... and whether (Defendant's) defense could be fully developed without professional assistance." Id. at 1026.

The test stated in Williams must be applied in light of the Supreme Court's observation that the assignment of any attorney to an indigent must not be made "under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." Powell v. Alabama, 287 U.S. 45 (1932). In the present case, absent the services of an expert, counsel cannot adequately prepare his case.

Other federal circuit courts considering the present question have found a constitutional right to court appointed experts for indigent defendants. In Hinz v. Beto, 379 F.2d 937 (5th Cir. 1967) it was held that the right to counsel afforded by the Sixth Amendment encompasses the appointment of experts sufficiently in advance of trial in a state court to allow a reasonable time for examinations and the preparation of such defense as the results thereof may support. The Court stated that the indigent in this habeas corpus proceeding had a federal constitutional right to a lawyer who had an opportunity to prepare his defense, and that such right would include time for studying and evaluating reports prepared by experts.

In Mason v. Arizona, 504 F.2d 1345 (9th Cir. 1974) the Court applied the same standard applicable to a request for experts in federal criminal proceedings to state proceedings. The Court required that a habeas petitioner show that counsel has made as complete a showing of necessity as could reasonably be expected in the circumstances and that prejudice resulted from the denial of such assistance. Using this approach, in Pedrero v. Wainwright, 590 F.2d 1383 (5th Cir. 1979) the Court indicated that prejudice will be presumed if the petitioner shows that the matter on which he needed assistance was seriously in issue. In this case, where and under what circumstances the sexual contact took place will be in issue.

The state court's denial of a request for an expert witness was held in United States ex rel. Robinson v. Pate, 345 F.2d 691 (7th Cir. 1965) affirmed in part and remanded in part on other grounds, 383 U.S. 375, to be an effectual suppression of evidence in violation of the fundamental right of due process. No funds for expert testimony being available to the indigent, the Court in this habeas corpus preceding said that the failure to continue the case for one day to grant the reasonable request to call a specialist from a public agency was a denial of fair opportunity to obtain the services of a necessary witness.

A recent decision of the Fifth Circuit has suggested that an indigent's right to expert assistance may be substantially similar to the situation in which a defendant has requested material pursuant to Brady v. Maryland, 373 U.S. 83 (1963). In Hoback v. State of Alabama, 607 F.2d 680, 681 (5th Cir. 1979) the Court held that under Brady:

> "fundamental fairness is violated when a criminal defendant ... is denied the opportunity to have an expert of his own choosing . . . examine a piece of critical evidence whose nature is subject to varying expert opinion ... The evidence must be both critical and subject to carrying [sic] expert opinion ... ..critical evidence is material evidence of substantial probative force that could induce a reasonable doubt in minds of enough jurors to avoid conviction. See also Gary v. Rowley, 604 F.2d 382 (5th Cir. 1979); Blake v. Zant, 513 F. Supp. 772 (S.D. George 1990) quoting from Bernard v. Henderson. 514 F.2d 744 (5th Cir. 1975) and White v. Maggio 556 F.2d 1252 (5th Cir. 1977).

Independent grounds under Ohio law also demonstrates the need for appointment of experts for the accused. Section 10, Article One of the Ohio Constitution gives the indigent Defendant a state constitutional right to the appointment of experts. This right is further established in §2929.024 which provides that the court in murder cases, shall authorize defense counsel to obtain necessary services, including experts, and order payment of the fees and expenses of those services when the Defendants indigent and those services are reasonably necessary for the proper representation of the defendant. While the instant Defendant is not indicted for murder, he could receive the mandatory

minimum indeterminate sentence of fifteen years if convicted on any one off the charges. As such, for this Defendant the situation is as equally grave as that contemplated by §2929.024.

There have also been numerous state court decisions which have similarly held that an indigent has a right to expert assistance. In State v. Lee, 558 P. 2d 1096 (Kan. 1976) the Court held that requests for the services of an expert by an indigent defendant are to be measured by the requirements of the due process test of 'fundamental fairness'.

Other state courts have found the existence of the right to expert assistance as part of a defendant's Sixth Amendment right to counsel. In State v. Ryan, 334 A. 2d 402 (1975) the court relied on the language of its previous decision in State v. Horton, 170 A. 2d 1 (1961) and reasoned:

Customarily, and we think properly so, the reasonable costs of necessary items such as experts, whether witnesses or not, medical examinations, scientific tests, photographs, depositions and transcripts, and in essential circumstances professional investigations, have been ordered paid from public funds by trial courts. The constitutional obligation to furnish counsel to an indigent can only be sensibly construed to include as well that which is necessary to proper defense in addition to the time and professional efforts of any attorney and we have no doubt of the inherent power of a court to require such to be provided at public expense. CF. Griffin v. Illinois, 76 S. Ct. 585, 351 U.S. 12, 1000 L. Ed. 891 (1965). 170 N.E. 2d at 9.

In a similar holding, the Court in Torres v. Municipal Court of Los Angeles Judicial District 123 Cal. Rptr. 553 (1975) held that "the right to counsel includes the right to the use of experts such as psychiatrists or psychologists or any other experts that will assist counsel in preparing a Defendant." Id. at 556. See also In Re Kethcel, 438 P. 2d 625 (1968).

The United States District Court for the Northern District of Texas in reaching a imilar result in Bush v. McCollum, 231 F. Supp. 560 (1964), reasoned that:

The [Gideon] right to counsel is meaningless if the lawyer is unable to make an effective defense because he has no funds to provide the specialized testimony which the case requires . . . In order for [the Defendant] . . . to have the effective aid of

counsel, it [is] necessary for his counsel to have the assistance of a qualified psychiatrist .... [To do otherwise] ... is so lacking in fairness as to be a denial of liberty without due process of law, contrary to the Fourteenth Amendment. Id. at 565.

Finally, in People v. Watson, 36 Ill. 2d 228, 221 N.E. 2d 645 (1966) the Court held that where an indigent Defendant was charged with attempting to commit forgery by delivery of a forged traveler's check, the Defendant had a constitutional right to be allotted by the state a reasonable fee for the purpose of hiring an expert document examiner to testify to an analysis of the Defendant's handwriting. The Defendant had argued that the Sixth Amendment right to compulsory process for obtaining witnesses in his favor was a fundamental right which should not be made to depend upon the financial circumstances of the Defendant. Although recognizing a difference between the right to call witnesses and the right to have them paid for by the government, the Court agreed that in certain circumstances involving indigents the lack of funds with which to pay for witnesses will often preclude him from calling that witness and occasionally prevent him from offering a defense. ."Thus, although the Defendant is afforded the shadow of the right to call witnesses, he is deprived of the substance.'" 221 N.E. 2d at 648.

WHEREFORE, the Defendant requests the Court to grant this Motion and appoint Cellmark Laboratories for the purpose of performing DNA testing and to testify regarding their findings.

                                                  Derek W. Gustafson  S. Ct. # 0005144
                                                  Attorney for Defendant
                                                  Suite 1100
                                                  30 E. Central Pkwy.
                                                  Cincinnati, Ohio 45202

Crim-47A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the Hamilton County Prosecutor's Office by hand delivery same day as filed with the Court.

_____
Derek W. Gustafson