COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO                      Case No. B-9502257

    Plaintiff                         (J. Nurre)

v.                                      MOTION TO APPOINT EXPERT

DALLAS HAYES

    Defendant

COPY FILED
COMMON PLEAS COURT
HAMILTON COUNTY
CRIMINAL DIVISION
JUL 13 1995

       Now comes the Defendant, by and through counsel and hereby moves this Court to appoint Sol Fulero to act as an expert witness in this matter for the reasons set forth herein.

                                         _____
                                         Derek W. Gustafson S. Ct. # 0005144
                                         Attorney for Defendant
                                         Suite 1100
                                         30 E. Central Pkwy.
                                         Cincinnati, Ohio 45202
                                         (513) 241-7880

## MEMORANDUM

       Defendant has been charged with one count of felonious sexual penetration. Defendant requests that Sol Fulero Ph.D. be appointed to act as an expert witness in this matter. The purpose of Dr. Fulero's appointment would be to examine the defendant to determine whether the defendant had the requisite mental capabilities to form the required mental intent. Dr. Fulero has previously been appointed to act as an expert witness by J. Tracey in the case of State of Ohio v. Anthony Price, Case No.

       Dr. Fulero estimates that the cost of his examination of the defendant and testimony will be $600.00. A copy of Dr. Fulero's resume is attached hereto.

EXHIBIT L

Pursuant to the Sixth Amendment of the United States Constitution, and Section 10, Article 10 of the Ohio Constitution, defense counsel is obligated to zealously and effectively represent and assist his client. In order to provide this effective representation, counsel must explore any avenue in order to provide an effective defense. The ability of counsel to provide effective assistance in this case is highly dependent upon the availability of expert assistance.

Equal protection requires that expert assistance be provided in this case. In Britt v. North Carolina, 404 U.S. 226 (1971), the Supreme Court reaffirmed the principle established in Griffin v. Illinois, 351 U.S. 12 (1956), that:

> ... the State must, as a matter of equal protection, provide indigent prisoners with the basic tool of an adequate defense or appeal, when those tools are available for a price to other prisoners. at 227.

In Williams v. Martin, 618 F.2d 1021 (C.A.4, 1980) the standard for determining whether expert assistance is constitutionally required by the equal protection or right to counsel clauses was stated to be: "... whether a substantial question requiring expert testimony arose ... and whether (Defendant's) defense could be fully developed without professional assistance." Id. at 1026.

The test stated in Williams must be applied in light of the Supreme Court's observation that the assignment of any attorney to an indigent must not be made "under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." Powell v. Alabama, 287 U.S. 45 (1932). In the present case, absent the services of an expert, counsel cannot adequately prepare his case.

Other federal circuit courts considering the present question have found a constitutional right to court appointed experts for indigent defendants. In Hinz v. Beto, 379 F.2d 937 (5th Cir. 1967) it was held that the right to counsel afforded by the Sixth Amendment encompasses the appointment of experts sufficiently in advance of trial in a state court to allow a reasonable time for examinations and the preparation of such

is the results thereof may support. The Court stated that the indigent in this orpus proceeding had a federal constitutional right to a lawyer who had an ity to prepare his defense, and that such right would include time for studying ating reports prepared by experts

Mason v. Arizona, 504 F.2d 1345 (9th Cir. 1974) the Court applied the same applicable to a request for experts in federal criminal proceedings to state igs. The Court required that a habeas petitioner show that counsel has made as a showing of necessity as could reasonably be expected in the circumstances and dice resulted from the denial of such assistance. Using this approach, in Pedrero right, 590 F.2d 1383 (5th Cir. 1979) the Court indicated that prejudice will be if the petitioner shows that the matter on which he needed assistance was in issue. In this case, where and under what circumstances the sexual contact e will be in issue.

ie state court's denial of a request for an expert witness was held in United States obinson v. Pate, 345 F.2d 691 (7th Cir. 1965) affirmed in part and remanded in other grounds, 383 U.S. 375, to be an effectual suppression of evidence in of the fundamental right of due process. No funds for expert testimony being to the indigent, the Court in this habeas corpus preceding said that the failure to the case for one day to grant the reasonable request to call a specialist from a ency was a denial of fair opportunity to obtain the services of a necessary

recent decision of the Fifth Circuit has suggested that an indigent's right to sistance may be substantially similar to the situation in which a defendant has material pursuant to Brady v. Maryland, 373 U.S. 83 (1963). In Hoback v. labama, 607 F.2d 680, 681 (5th Cir. 1979) the Court held that under Brady:

>"fundamental fairness is violated when a criminal defendant ... is denied the opportunity to have an expert of his own choosing . . . examine a piece of critical evidence whose nature is subject to varying expert opinion ... The evidence must be both critical and subject to carrying [sic] expert opinion ... ..critical evidence is material evidence of substantial probative force that could induce a reasonable doubt in minds of enough jurors to avoid conviction. See also Gary v. Rowley, 604 F.2d 382 (5th Cir. 1979); Blake v. Zant, 513 F. Supp. 772 (S.D. George 1990) quoting from Bernard v. Henderson. 514 F.2d 744 (5th Cir. 1975) and White v. Maggio 556 F.2d 1252 (5th Cir. 1977).

Independent grounds under Ohio law also demonstrates the need for appointment of experts for the accused. Section 10, Article One of the Ohio Constitution gives the indigent Defendant a state constitutional right to the appointment of experts. This right is further established in §2929.024 which provides that the court in murder cases, shall authorize defense counsel to obtain necessary services, including experts, and order payment of the fees and expenses of those services when the Defendants indigent and those services are reasonably necessary for the proper representation of the defendant. While the instant Defendant is not indicted for murder, he could receive the mandatory minimum indeterminate sentence of fifteen years if convicted on any one off the charges. As such, for this Defendant the situation is as equally grave as that contemplated by §2929.024.

There have also been numerous state court decisions which have similarly held that an indigent has a right to expert assistance. In State v. Lee, 558 P. 2d 1096 (Kan. 1976) the Court held that requests for the services of an expert by an indigent defendant are to be measured by the requirements of the due process test of 'fundamental fairness'.

Other state courts have found the existence of the right to expert assistance as part of a defendant's Sixth Amendment right to counsel. In State v. Ryan, 334 A. 2d 402 (1975) the court relied on the language of its previous decision in State v. Horton, 1 70 A. 2d 1 (1961) and reasoned:

>Customarily, and we think properly so, the reasonable costs of necessary items such - as experts, whether witnesses or not, medical examinations, scientific tests,

photographs, depositions and transcripts, and in essential circumstances professional investigations, have been ordered paid from public funds by trial courts. The constitutional obligation to furnish counsel to an indigent can only be sensibly construed to include as well that which is necessary to proper defense in addition to the time and professional efforts of any attorney and we have no doubt of the inherent power of a court to require such to be provided at public expense. CF. Griffin v. Illinois, 76 S. Ct. 585, 351 U.S. 12, 1000 L. Ed. 891 (1965). 170 N.E. 2d at 9.

In a similar holding, the Court in Torres v. Municipal Court of Los Angeles Judicial District, 23 Cal. Rptr. 553 (1975) held that "the right to counsel includes the right to the use of experts such as psychiatrists or psychologists or any other experts that will assist counsel in preparing a Defendant." Id. at 556. See also In Re Kethcel, 438 P. 2d 625 (1968).

The United States District Court for the Northern District of Texas in reaching a similar result in Bush v. McCollum, 231 F. Supp. 560 (1964), reasoned that:

> The [Gideon] right to counsel is meaningless if the lawyer is unable to make an effective defense because he has no funds to provide the specialized testimony which the case requires . . . In order for [the Defendant] . . . to have the effective aid of counsel, it [is] necessary for his counsel to have the assistance of a qualified psychiatrist .... [To do otherwise] ... is so lacking in fairness as to be a denial of liberty without due process of law, contrary to the Fourteenth Amendment. Id. at 565.

Finally, in People v. Watson, 36 Ill. 2d 228, 221 N.E. 2d 645 (1966) the Court held that where an indigent Defendant was charged with attempting to commit forgery by delivery of a forged traveler's check, the Defendant had a constitutional right to be allotted by the state a reasonable fee for the purpose of hiring an expert document examiner to testify to an analysis of the Defendant's handwriting. The Defendant had argued that the Sixth Amendment right to compulsory process for obtaining witnesses in his favor was a fundamental right which should not be made to depend upon the financial circumstances of the Defendant. Although recognizing a difference between the right to call witnesses and the right to have them paid for by the government, the Court agreed that in certain circumstances involving indigents the lack of funds with which to pay for witnesses will

often preclude him from calling that witness and occasionally prevent him from offering a defense. ."Thus, although the Defendant is afforded the shadow of the right to call witnesses, he is deprived of the substance.'" 221 N.E. 2d at 648.

WHEREFORE, the Defendant requests the Court to grant this Motion and appoint Sole Fulero, Ph.D. for the purpose of examining the defendant and to testify regarding his findings.

_____
Derek W. Gustafson  S. Ct. # 0005144
Attorney for Defendant
Suite 1100
30 E. Central Pkwy.
Cincinnati, Ohio 45202

Crim47A