CENTRAL PSYCHIATRIC CLINIC
COMMUNITY DIAGNOSTIC AND TREATMENT CENTER

909 Sycamore - Third and Fourth Floors
Cincinnati, Ohio  45202
(513) 651-9300

May 2, 1995

The Honorable Thomas C. Nurre
Hamilton County Court of Common Pleas
Cincinnati, Ohio  45202

N.G.R.I.

RE: DALLAS LUTHER HAYES
DOC.#: B95-2257

ATTENTION: THIS REPORT CONTAINS SENSITIVE AND CONFIDENTIAL INFORMATION. PURSUANT WITH OHIO ADMINISTRATIVE CODE 5122-29-07.3(C) [OHIO REVISED CODE 5119.0(G)(I), 5119.61(M)], THIS REPORT MAY NOT BE REVIEWED, RELEASED, DISTRIBUTED, OR COPIED WITHOUT THE REFERRING COURT'S SPECIFIC WRITTEN AUTHORIZATION.

Dear Judge Nurre:

This report is in response to your request for a psychological evaluation of Dallas Luther Hayes in reference to his mental state at the time of an alleged incident, pursuant to Ohio Revised Code 2945.39 and as defined in Ohio Revised Code 2901.01 (N). He has been charged with Felonious Sexual Penetration. The defendant was evaluated by the undersigned, David Chiappone, Ph.D., Clinical Psychologist, on April 28, 1995 for approximately one hour and ten minutes at the Hamilton County Justice Center (HCJC). This included administration of the Wechsler Adult Intelligence Scale-Revised (WAIS-R) Verbal Subscale. The defendant was also interviewed by Eleanor Maley, LISW, CCDC, Clinical Social Worker, on April 20, 1995 for approximately two hours at the HCJC. The nonconfidential nature of the evaluation was explained to Mr. Hayes prior to the sessions, and he indicated his understanding of such and signed a form to that effect. Collateral contacts were made by Ms. Maley with William Anderson, prosecutor; Derek Gustafson, defense attorney; Lisa Thomas, arresting officer; and Barbara Raines, the defendant's mother. What follows are my findings and recommendations.

In the interview, Mr. Hayes presented as a smallish, stockily built, Caucasian male with short hair. He had a scar on his right temporal area, claiming he injured it when he was a child but did not have to get stitches. He spoke very easily and freely. He was fully oriented and could be relevant and coherent. His thoughts

EXHIBIT N

RE: DALLAS LUTHER HAYES

were logical, clear, goal-directed and organized. Based on his use of words, verbal abstractions and ability to interact, Mr. Hayes impressed as being of limited intelligence but his testing indicated he was in the borderline range. That is, Mr. Hayes was able to attend and concentrate and communicate as needed in the evaluation. He did not appear to be suffering from any hallucinations, delusions, or other symptoms of a major mood or thought disorder.

Regarding the current charge, Mr. Hayes detailed the following account. Initially, Mr. Hayes quickly stated, "I never had sex with somebody." When asked more specifics about his acts relevant to the allegations he indicated that approximately a month and a half ago, he was with his three cousins, including the victim Sandra who is approximately eight or nine years old. The three cousins stayed over his mother's house where he lives. Mr. Hayes reported "I touched Sandra's private parts." He claimed that he and the victim were alone in the home in his room watching TV and drinking hot chocolate. They were watching a movie. Mr. Hayes denied any use of force or threat. He denied that he told the victim not to tell anyone. He denied that he was taking any medication at the time. He denied that any was prescribed. He denied use of any drug or alcohol. He denied that any psychotic symptomatology such as hallucinations or delusions were operative at the time or involved with his actions. When asked to explain why he engaged in the act, he simply stated, "don't know." He adamantly denied that he penetrated the victim, saying that he just touched her.

Mr. Hayes does not have any charges as a juvenile or as an adult. He was born in Frankfort, Kentucky and raised in Cincinnati. He was basically raised with two brothers and three sisters, some of whom were step-siblings. His one brother was seriously injured in an automobile accident and was in the hospital for an extended amount of time, during which Mr. Hayes spent time in the hospital with him, and soon after that this brother was murdered. At that point, Mr. Hayes dropped out of school. He dropped out of school because "my family needed me." He reported eleven grades of education and special education. Mr. Hayes reported being raised by mother and step-father. He reported never meeting his biological father until the defendant was eighteen. The defendant indicated he has little use for his biological father. He reported that his mother and step-father also separated when the defendant was about twelve years old. He was visited regularly after the separation by step-father. Mr. Hayes denied ever being abused as a child.

He has no military history. Work is sporadic at best, last job being last summer as a lifeguard. He has worked for CCY in the

- 2 -

RE:  DALLAS LUTHER HAYES

summer.  He basically has lived with his mother his entire life.  Mr. Hayes has never been married and has no children.  He claimed he has had several girlfriends.  He reported that he makes friends everywhere he goes.

Mr. Hayes reported generally intact health.  After his brother was murdered, the defendant met with a church counselor for several years and "she taught me how to deal with my emotions."  He has had no other psychiatric treatment and has never received psychiatric medication.  He admitted that in the past he used to drink alcohol, especially after his brother's death with his last alcohol consumption about a year and a half ago.  In the past he has tried marijuana, but never used it regularly with the last usage being about a year and a half ago.  He denied using any other substances.

Collateral contact with Barbara Rains, the defendant's mother, reveals that she had her son evaluated at age eleven and he was not considered mentally retarded.  She described him as being slow and in special education, but no one had ever told her that he was retarded.  She added that he was turned down for Supplemental Security Income.  Ms. Rains is not aware if the defendant uses alcohol or drugs.

Administration of the Wechsler Adult Intelligence Scale-Revised (WAIS-R) Verbal Subscales resulted in a Verbal Intelligence of 75 which places him in the borderline range of intelligence, at approximately the fifth percentile of the general population.  Mr. Hayes is not retarded although he is limited in intellect.  He is capable of understanding his and others actions.  He has a slightly below average memory and could remember five digits forward and four digits backward.  There was some noticeable scatter in the subtests, suggesting that if he would have been a bit more diligent in academics his IQ may have been a bit higher.  Nonetheless, he is capable of understanding what others say to him, albeit at times in a concrete and simplistic fashion.

Collateral contact with Lisa Thomas, arresting officer of the Cincinnati Personal Crime Unit, revealed that the defendant and the victim were at the defendant's home where the alleged charge occurred.  Ms. Thomas indicated that she noted that the defendant seemed "slow," but she had the defendant read the rights statement and he initialed every line indicating he understood.  There was no indication or report of alcohol or drug usage at the time of police questioning.

RE: DALLAS LUTHER HAYES

## Summary and Conclusions

Dallas Luther Hayes is a twenty-two year old, single, Caucasian male of borderline intellect who has obtained eleven grades of special education. He has never emancipated from home and work history has been sporadic. He has never married and has no children. He has had some counseling in the aftermath of his brother being murdered. Substance use does not appear to be an issue currently.

In conclusion, it is this examiner's opinion that at the time of the alleged offense Mr. Dallas Hayes did not suffer from a severe mental disease of the mind, but has a severe mental defect. That defect is borderline intellectual ability. However, this intellectual ability does not preclude his ability to assess the situation realistically and is capable of knowing the wrongfulness of his acts. Therefore, it is this examiner's opinion that Mr. Hayes does not meet the insanity criteria.

Thank you for this referral to the Community Diagnostic and Treatment Center. If I may be of further assistance, please feel free to contact me at 352-1342.

Respectfully submitted,

David Chiappone, Ph.D.
Clinical Psychologist

DC/vle
4/28/95

- 4 -