Brian R. Redden (#0070610)
Peter L. Cassady (#0005562)
Attorneys for Court Clinic

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BIES, | : | Case No. CV-1-00-682 |
| Plaintiff, | : | (Judge Dlott) (Magistrate Judge Merz) |
| vs. | : | |
| MARGARET BAGLEY, WARDEN, | : | **MOTION TO QUASH SUBPOENA DUCES TECUM** |
| Defendant. | : | |

Charlotte Holland of the Community Diagnostic and Treatment Center ("Court Clinic"), by and through undersigned counsel, hereby requests that this Court quash the subpoena which has been issued on behalf of Michael Bies to her as Records Custodian of Court Clinic commanding her to produce all documents in her possession relating to Dallas Luther Hayes aka Dallas Raines ("Hayes"). These documents basically consist of Reports which the Court Clinic prepared pursuant to an Order issued by Hamilton County Court of Common Pleas Judge Thomas C. Nurre dated April 4, 1995. These Reports were submitted to Judge Nurre on or about May 18, 1995. On or about February 13, 2003, Judge Nurre was succeeded in his judicial post by Judge Charles J. Kubicki.

On September 4, 2004, Ms. Holland received notice from Assistant Attorney General Carol Ellensohn, defendant's counsel in this matter, that a subpoena was going to be issued by Plaintiff for Court Clinic's records regarding Hayes. Upon receipt of that notice and the draft subpoena to Holland that was made an exhibit to Plaintiff's

Unopposed Motion for Discovery of Facts Concerning Dallas Hayes filed June 12, 2004 (Doc. No. 76), Ms. Holland went to Judge Kubicki to obtain permission to release the Reports regarding Hayes.  On September 27, 2004, Judge Kubicki denied the release of the Reports.  *See* Exhibit 1, attached hereto.  On the basis of Judge Kubicki's denial of the release of the Hayes Reports and upon the unusual nature of Plaintiff's request which gives rise to issues of Hayes' privacy rights, the Court Clinic now requests that this Court quash the subpoena which has been issued in this matter.

                                                        Respectfully submitted,

                                                    s/ Brian R. Redden_____
                                                    Brian R. Redden (0070610)
                                                    Peter L. Cassady (0005562)
                                                    Attorney for Charlotte Holland of the
                                                    Community Diagnostic and Treatment
                                                    Center
                                                    BECKMAN WEIL SHEPARDSON, LLC
                                                    1200 Mercantile Center
                                                    120 East Fourth Street
                                                    Cincinnati, OH 45202-4010
                                                    Telephone:  (513) 621-2100
                                                    Facsimile:  (513) 621-0106
                                                    bredden@beckman-weil.com
                                                    petercassady@beckman-weil.com

**MEMORANDUM IN SUPPORT**

The basis for the Motion to Quash is found in Ohio Administrative Code § 5122-29-07 (D) (2), a copy of which is attached as Exhibit 2, that specifically provides as follows:

> "Reports to the criminal courts shall be forwarded only to the court that referred the person or to other court officials, prosecution and defense attorneys, as designated by the referring court. ***The court may, at its discretion, distribute the report, and bears the responsibility for that distribution.*** Reports to the Adult Parole Authority shall be forwarded only to that agency, which may, at its discretion, distribute the report and bears the responsibility for that distribution. ***Reports may be distributed to other parties only with the written authorization of the court or adult parole authority, as appropriate.***"

On the one hand, the Court Clinic is faced with a controlling regulation which mandates that the referring judge first grant permission before the Court Clinic releases documents requested by subpoena. On the other hand, the Court Clinic is faced with a subpoena issued by this Court which, if honored, would cause it to be in violation of the above-cited regulation and is contrary to the express wishes of Judge Kubicki whose Court referred Hayes to the Court Clinic and who has specifically stated that he does not want the Reports released pursuant to the subject subpoena. Court Clinic should not be placed in such a tenuous position that it must violate the regulations under which it operates in order to comply with the requests of the Plaintiff.

A second, and deeper, issue also lies with Plaintiff's request. The subpoena issued to Court Clinic seeks to obtain the records of the competency evaluation of Plaintiff's victim's cousin who was arrested and prosecuted for a felony completely

unrelated to Plaintiff's case some three years after Plaintiff's jury trial had been concluded. It is highly unlikely that the records Plaintiff seeks from Court Clinic will bear any relation to the claims contained in Plaintiff's Habeas Corpus petition. At a minimum, requiring Court Clinic to produce Hayes' records to Plaintiff sets a precedent that may allow other fishing expeditions and, worse, may give rise to a violation of Hayes' privacy without due cause.

Based on the direction of Judge Kubicki, the controlling regulation upon Court Clinic, the precedent set by enforcing Plaintiff's subpoena and the privacy implications for Hayes, Court Clinic respectfully requests that the subpoena issued to it for the production of records regarding Dallas Luther Hayes aka Dallas Raines be quashed.

Respectfully submitted,

s/ Brian R. Redden
Brian R. Redden (0070610)
Peter L. Cassady (0005562)
Attorneys for Charlotte Holland of the Community Diagnostic and Treatment Center
BECKMAN WEIL SHEPARDSON, LLC
1200 Mercantile Center
120 East Fourth Street
Cincinnati, OH 45202-4010
Telephone: (513) 621-2100
Facsimile: (513) 621-0106
bredden@beckman-weil.com
petercassady@beckman-weil.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion to Quash Subpoena has been sent via Regular U.S. mail to S. Scott Haynes, Attorney for Plaintiff, 6445 E. Livingston Avenue, Reynoldsburg, Ohio, 43068 and Facsimile to (614) 868-0029, and to Carol S. Ellensohn, Assistant Attorney General, Attorney for Defendant, Capital Crimes Division, 30 East Broad Street, Columbus, Ohio, 43215-3428 via Regular U.S. Mail and Facsimile to (614) 728-8600 and to all counsel of record through the CM/ECF electronic mail system.


                                          s/ Brian R. Redden_____
                                          Brian R. Redden

T:\Central\Central - Bies - Motion To Quash.doc