

OH ADC 5122-29-07  Page 1
OAC **5122-29-07**
Ohio Admin. Code § **5122-29-07**

BALDWIN'S OHIO ADMINISTRATIVE CODE
5122. DEPARTMENT OF MENTAL HEALTH
CHAPTER 5122-29. REQUIREMENTS FOR SPECIFIC MENTAL HEALTH SERVICES
Copyright (c) 2004 by West, a Thomson business

Rules are current through August 31, 2004;
Appendices are current through March 31, 2004
5122-29-07 FORENSIC EVALUATION SERVICE

(A) "Forensic evaluation service" means an evaluation resulting in a written expert opinion regarding a legal issue for an individual referred by a criminal court, domestic relations court, juvenile court, adult parole authority, or other agency of the criminal justice system or an ODMH behavioral healthcare organization. Forensic evaluation service includes all related case consultation and expert testimony. Forensic evaluation service also assists courts and the adult parole authority to address mental health legal issues such as those referenced in paragraph (B) of this rule.

(B) Forensic evaluation service addresses mental health legal issues, including the following:

(1) Competency to stand trial, as defined in section 2945.371(G)(3) of the Revised Code;

(2) Criminal responsibility (insanity), as defined in section 2945.371(G)(4) of the Revised Code;

(3) Post-"NGRI" (not guilty by reason of insanity) examination, as defined in section 2945.40(A) of the Revised Code:

(4) Presentence, as defined in section 2951.03 of the Revised Code;

(5) Mitigation of penalty, as defined in section 2947.06 of the Revised Code;

(6) Mitigation of death penalty, as defined in section 2929.03 of the Revised Code;

(7) Domestic violence evaluation, as defined in section 2919.271 of the Revised Code;

(8) Competence to be a witness, as defined in section 2317.01 of the Revised Code;

(9) Adult parole authority, for parole revocation and other legal questions;

(10) Psychological effects of an act upon the victim, as defined in section 2930.13 of the Revised Code;

(11) Domestic relations, for custody and visitation;

(12) Juvenile dependency, neglect, delinquency, competency; or responsibility (Ohio rules of juvenile procedure, Rule 32); or waiver to adult court ( Ohio rules of juvenile procedure, Rule 30); .

(13) Battered woman syndrome, as defined in section 2945.392 of the Revised Code;

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
2

OH ADC 5122-29-07                                                                                                        Page 2
OAC **5122-29-07**
Ohio Admin. Code § **5122-29-07**

(14) Violation of anti-stalking protection order, as defined in section 2903.212 of the Revised Code;

(15) Drug intervention in lieu of conviction, as defined in section 2951.041 of the Revised Code;

(16) Classification as sexual predator, as defined in section 2950.09 of the Revised Code;

(17) Non-secured status, as defined in section 2945.401 of the Revised Code;

(18) Post sentence evaluation-probation or parole, as defined in section 2967.22 of the Revised Code;

(19) Modification of sentence, as defined in section 2929.51 of the Revised Code; or

(20) Juvenile competency evaluation for serious youthful offenders, as defined in Chapter 2152. of the Revised Code.

(C) No examiner should undertake a forensic evaluation without an appropriate order from the court ordering the evaluation, or an official written request if the agency requesting the forensic evaluation is a parole or probation department, or ODMH behavioral healthcare organization.

(D) Forensic evaluation service shall provide the following standards of confidentiality:

(1) The relationship between the person being evaluated and the examiner is not confidential in the usual understanding of that term. A written report shall be made to the court or adult parole authority, whether or not the person being evaluated cooperates with the examiner. The relationship between the court or adult parole authority shall be explained orally and in writing to the person being evaluated. It shall be clearly noted that information gathered and expert opinions reached by the examiners shall be summarized in a written report and/or testimony to the court or adult parole authority or other referring agency.

(2) Reports to the criminal courts shall be forwarded only to the court that referred the person or to other court officials, prosecution and defense attorneys, as designated by the referring court. The court may, at its discretion, distribute the report, and bears the responsibility for that distribution. Reports to the adult parole authority shall be forwarded only to that agency, which may, at its discretion, distribute the report, and bears the responsibility for that distribution. Reports may be distributed to other parties only with the written authorization of the court or adult parole authority, or other referring agency.

(3) Reports of forensic evaluations shall be stored separately from other types of client records, and shall be considered the property of the court that ordered them or the agency that referred the person.

(E) Each forensic evaluation report shall include at least the following:

(1) The name and qualifications of the examiner(s);

(2) The name of the court or agency that referred the person;

(3) The legal or referral question being assessed;

(4) Identifying information about the person being evaluated, including relevant clinical, social, and criminal history;

(5) The duration and location of the interview(s) with the person being evaluated;

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

OH ADC 5122-29-07 Page 3
OAC **5122-29-07**
Ohio Admin. Code § **5122-29-07**

(6) A description of collateral information used to develop the report;

(7) Psychological and/or psychiatric data that address the legal or referral issue, if applicable; and

(8) Opinions and recommendations.

(F) The forensic evaluation shall be presented in non-technical terms and in reasonable detail. The data and recommendations shall be pertinent to the legal or other referral question. Collateral information shall be used in a forensic evaluation to the fullest extent possible. Opinions in a forensic evaluation report shall not be based entirely on self-report of the person being evaluated if collateral information is available .

(G) Reports shall contain sufficient information to substantiate the conclusions and recommendations made. Special caution shall be exercised with self-incriminating statements by the person being evaluated, information about others not being evaluated, or other material of a particularly sensitive, personal nature not related to the issue and for which the forensic evaluation was requested.

(H) For some types of forensic evaluations (e.g., competence to stand trial and sanity), the qualifications of the examiner(s) are regulated by statute. Examinations for which qualifications are not specified by law shall be conducted by staff who are qualified according to paragraph (K) of this rule.

(I) Forensic evaluations shall be completed within the time limits specified by law. Examinations for which no statutory time limit exists shall be completed within a reasonable time, as determined in consultation with the court or agency requesting the service.

(J) The agency shall ensure that:

(1) All staff who perform forensic evaluation services shall have training and continuing education relating to the legal and mental health issues involved in the services they provide; and

(2) All persons who perform forensic evaluation services listed in paragraphs (B)(1) to (B)(20) of this rule shall document at least fifteen hours of training experiences annually at a local, state, or national level to upgrade professional skills. At least eight of these hours shall be specific to the forensic mental health area.

(K) The following identifies those individuals who are eligible to provide and supervise the forensic evaluation service. Licensed, certified or registered individuals shall comply with current, applicable scope of practice and supervisory requirements identified by appropriate licensing, certifying or registering bodies:

(1) To provide the service:

(a) Medical doctor or doctor of osteopathic medicine;

(b) Registered nurse;

(c) Master of science in nursing;

(d) Clinical nurse specialist;

(e) Nurse practitioner;

(f) Social worker;

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

OH ADC 5122-29-07 \
OAC **5122-29-07** \
Ohio Admin. Code § **5122-29-07**

Page 4

(g) Independent social worker;

(h) Professional counselor;

(i) Professional clinical counselor;

(j) Psychology intern/fellow;

(k) Psychology assistant/assistant; or

(l) Psychologist.

(2) To supervise the service:

(a) Medical doctor or doctor of osteopathic medicine;

(b) Master of science in nursing;

(c) Clinical nurse specialist;

(d) Independent social worker;

(e) Professional clinical counselor; or

(f) Psychologist.

CREDIT(S)

HISTORY: 2003-04 OMR 761 (A), eff. 10-1-03; 2000-2001 OMR 2029 (A), eff. 7-15- 01; 1990-91 OMR 893 (E), eff. 1-1-91

RC 119.032 rule review date(s): 10-1-08; 6-30-06; 3-12-03

<General Materials (GM) - References, Annotations, or Tables>

CROSS REFERENCES

RC 5119.01, Powers and duties of director; behavior therapy committee

RC 5119.61, Duties of director in regulating state reimbursement

RC 5119.611, Certification of community mental health services

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

OH ADC 5122-29-07  Page 5
OAC **5122-29-07**
Ohio Admin. Code § **5122-29-07**

OH ADC **5122-29-07**
END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.