IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 NOV 12 PM 2:56

| | | |
|---|---|---|
| MICHAEL BIES | :: | CASE NO. CV-1-00-682 |
| Petitioner, | :: | Judge Dlott<br>Magistrate Judge Merz |
| vs. | :: | |
| MARGARET, BAGLEY, WARDEN | :: | **MOTION TO QUASH SUBPOENA DUCES TECUM AND SUPPORTING MEMORANDUM OF THE RECORDS CUSTODIAN OF THE HAMILTON COUNTY ADULT PROBATION DEPARTMENT** |
| Respondent. | :: | |

Now comes movant, the Records Custodian of the Hamilton County Probation Department, by and through counsel, and moves this Court to quash the subpoena Duces Tecum issued to him by Petitioner, and to issue a protective order directing that the documents sought not be had, or ordering such other relief as the Court may deem just and proper, including a reasonable time to comply with the subpoena. This motion is based on Federal Civil Rules 45(b) and 45(c) as set forth in the attached memorandum.

Respectfully submitted,

MICHAEL K. ALLEN
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

_____
Tamara S. Sack (0071163)
Christian J. Schaefer (0015494)
Assistant Prosecuting Attorneys

> Hamilton County, Ohio
> 230 E. Ninth Street, Suite 4000
> Cincinnati, Ohio 45202
> DDN: (513) 946-3048
> DDN: (513) 946-3041
> Attorneys for the Hamilton County
> Probation Department

## MEMORANDUM

### I. FACTS

The Records Custodian for the Hamilton County Probation Department was served with a subpoena in this action at his Hamilton County offices on November 5, 2004 to attend a deposition on November 16, 2004. The subpoena requests the production of various documents pertaining to an individual named Dallas Luther Hayes aka Dallas Raines and provides inadequate time for response. More importantly, the documents that are being sought are no longer in the possession of the Hamilton County Probation Department, or are otherwise protected by statute from being divulged.

### II. ARGUMENT

**A.    Plaintiff has Failed to Allow Reasonable Time to Comply with the Subpoena.**

Fed R.Civ.P. 45(B) states:

" On timely motion, the court from which the subpoena was
issued shall quash or modify the subpoena ... if the subpoena ...
fails to allow reasonable time to comply."

Petitioner issued the subpoena[1] on November 5, 2004 and compliance which includes the assemblage and production of documents is required for November 16, 2004. In the absence of

---

[1] Attached hereto as Exhibit 1.

2

legitimate emergency circumstances (which are not present in this case), the issuance of a subpoena eleven days before compliance is required is, in the instant case, unreasonable.

**B.    The Documents Sought are no Longer in the Possession of the Records Custodian for the Hamilton County Adult Probation Department**

Upon a search of the documents relating to Dallas Luther Hayes aka Dallas Raines, it appears he was the subject of a presentence investigation having entered a plea of guilty to a charge of Gross Sexual Imposition. He was sentenced on August 10, 1995 to a period of two years confinement in the Ohio Department of Rehabilitation and Correction. Credit for one hundred and fifty-two days was given for time served. No probation was ordered in that case number B9502257.

A presentence report and a victim's impact statement were ordered in the case on July 26, 1995. The file jacket that was prepared for this purpose was file jacket AP-70107. In accordance with the probation department's five year file retention rule, the file jacket and its contents were destroyed. However, a copy of the victim impact statement was retained and is in the possession of the Department of Victim Services unit. Notwithstanding the existence of the remaining victim impact statement, movant maintains that the victim impact statement is a confidential record.

**C.    The Victim Impact Statement is a Confidential Record Prohibited from Disseminating.**

The Ohio Revised Code at section 2947.051 entitled: Victim impact statement to be considered in imposing sentence, states in pertinent part at §2947.051(C):

> "A victim impact statement prepared under this section shall be kept confidential and is not a public record as defined in section 149.43 of

3

of the Revised Code."

Therefore, Petitioner is not permitted to view the victim impact statement. Accordingly, the subpoena duces tecum should be quashed.

## III. CONCLUSION

For the above stated reasons, movant, the Records Custodian for the Hamilton County Probation Department, respectfully requests that this Court issue an order quashing Petitioners' subpoena and further issue a protective order directing that the documents sought not be had.

Respectfully submitted,

MICHAEL K. ALLEN
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

_____
Tamara S. Sack (0071163)
Christian J. Schaefer (0015494)
Assistant Prosecuting Attorneys

CERTIFICATE OF SERVICE

I certify that on November 12, 2004, a copy of the foregoing was sent by U.S. Mail to the following:

S. Scott Haynes, Esq.
Hallowes, Allen & Haynes
6445 E. Livingston Avenue
Reynoldsburg, Ohio 43068-3560

Carol A. Ellenson
Assistant Attorney General
30 East Broad Street, 23rd. Floor
Columbus, Ohio 43215-3428

Charles L. Wille
Assistant Attorney General
30 East Broad Street, 23rd. Floor
Columbus, Ohio 43215-3428

David H. Bodiker
Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998

Randall L. Porter
Assistant State Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998

Tamara S. Sack, 0071163
Assistant Prosecuting Attorney

5