**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL BIES** | : | CASE NO.: 1:00CV682 |
| Petitioner, | : | JUDGE DLOTT |
| | : | MAGISTRATE JUDGE MERZ |
| v. | : | DEATH PENALTY CASE |
| **MARGARET BAGLEY,** Warden | : | |
| Respondent. | : | |

**RESPONDENT BAGLEY'S MOTION FOR LEAVE FOR IN CAMERA
INSPECTION OF DISCOVERY DOCUMENTS AND
MEMORANDUM IN SUPPORT OF CLAIM OF PRIVILEGE**

Now comes, Respondent, Warden Margaret Bagley (hereinafter Warden), respectfully requesting leave from this Court for in camera inspection of privileged discovery documents. The reasons for this Motion are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

**JIM PETRO
Attorney General of Ohio**

**CAROL A. ELLENSOHN (0074598)
CHARLES L. WILLE (0056444)**
Assistant Attorneys General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; Fax: (614)728-8600

**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN SUPPORT**

On June 9, 2004, Petitioner, Michael Bies (hereinafter Bies), filed an unopposed motion for discovery of certain records concerning Dallas Hayes' (aka Dallas Raines) 1995 conviction. (Doc. 76). On June 14, 2004, this Court granted Bies' discovery motion. (Doc. 77). In response to this ordered discovery, records depositions were conducted last week including the deposition of Karen Sorrell, Chief of the Bureau of Records Management of the Department of Rehabilitation and Correction (hereinafter DRC). During her deposition last Wednesday, Ms. Sorrell turned over eighty-five (85) pages of Dallas Hayes' DRC records to the Warden's counsel to review for privilege. After reviewing Dallas Hayes' DRC records, the Warden is claiming privilege as to **nine (9)** pages.[1] Specifically, the nine (9) pages of documents fall into two categories: Victim Impact Statement and Mental Health Records. [Please see Exhibit A for a complete list and description of the individual documents].[2]

**Victim Impact Statement is a Privileged Document**

According to the Ohio Revised Code §2947.051(C):

"A victim impact statement prepared under this section shall be kept confidential and is not a public record as defined in section 149.43 of the Revised Code."

Consequently, the Warden asserts that the Victim Impact Statement is privileged and should remain sealed. Moreover, the victim in this case was a minor at the time of this incident and her statement has simply no relevance to Bies' habeas litigation. Lastly, the Hamilton County Probation Department has also asserted privilege as to the Victim Impact Statement in its recent motion to quash. (Doc. 82).

---

[1] The Warden's counsel has turned over the remaining seventy-six (76) pages of Dallas Hayes' DRC records to Bies' counsel.
[2] The Warden has notified Bies' counsel of her claim of privilege as to the nine (9) pages of Dallas Hayes' DRC records and fully expects Bies to file a response with this Court within the standard response time.

**Mental Health Records are Privileged Documents**

As this Court recognized in its earlier decision and order regarding in camera inspection (Doc 20), federal law recognizes an absolute privilege for communications between a patient and psychotherapist, which includes a licensed psychiatric social worker. Jaffee v. Redmond, 518 U.S. 1, 116 S. Ct 1923 (1996); In re Zuniga, 714 F.2d 632 (6th Cir. 1983). In this case, the five (5) pages of mental health documents all relate to Dallas Hayes' communications with his therapist. Therefore, Dallas Hayes' mental health records are privileged and should remain sealed.

In closing, the Warden recognizes that this Court may use its proper discretion in determining which documents should remain privileged and which documents should be released pursuant to the law. In order to facilitate this goal, the Warden is overnighting the nine (9) pages of privileged documents directly to the Magistrate Judge's chambers for review.

Respectfully submitted,

**JIM PETRO**
**Attorney General of Ohio**


s/Carol A. Ellensohn
**CAROL A. ELLENSOHN (0074598)**
**CHARLES L. WILLE (0056444)**
Assistant Attorneys General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; Fax: (614) 728-8600

**COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing, *RESPONDENT BAGLEY'S MOTION FOR LEAVE FOR IN CAMERA INSPECTION OF DISCOVERY DOCUMENTS AND MEMORANDUM IN SUPPORT OF CLAIM OF PRIVILEGE*, was filed electronically. In addition, a copy of the above pleading was sent via regular U.S. Mail, postage pre-paid, to: S. Scott Haynes, Hallowes, Allen and Haynes, 6445 East Livingston Avenue, Reynoldsburg, Ohio, 43068 and Randall Porter, Ohio Public Defender's Office, 8 East Long Street, Columbus, Ohio 43215, this **24th** day of **November**, **2004**.

s/Carol A. Ellensohn
**CAROL A. ELLENSOHN (0074598)**
Assistant Attorney General