## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **Michael Bies,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No.:  CV-1-00-682** |
| **vs.** | ) | |
| | ) | **District Judge Susan J. Dlott** |
| **Margaret Bagley, Warden,** | ) | **Magistrate Judge Michael R. Merz** |
| | ) | |
| **Respondent.** | ) | |

## MICHAEL BIES' MEMORANDUM CONTRA TO THE HAMILTON COUNTY PROBATION DEPARTMENT'S MOTION TO QUASH

### I.      INTRODUCTION

On November 5, 2004 Michael Bies filed with this Court his notice to take a records deposition of the Hamilton County Probation Department ("Department") on November 16, 2004 at the Office of the Hamilton County Prosecutor.

On November 12, 2004, the Department moved to quash the subpoena because it was not timely served.  Further, the Department claimed that the only record in its possession that was responsive to the subpoena was a "confidential record."

Michael Bies will employ this pleading to respond to the Department's contentions.

### II.     THE COURT SHOULD DISMISS THE DEPARTMENT'S MOTION FOR FAILURE TO COMPLY WITH LOCAL RULE 37.1 AND 37.2.

Counsel are precluded from filing a motion relating to discovery "unless counsel have first exhausted among themselves all extrajudicial means for resolving differences".  S.D. Local Rule 37.1. Counsel for the Department, prior to filing the Motion to Quash, never contacted counsel for Michael Bies, let alone attempted to resolve the matter informally.  [Exhibit A.]

Any attorney seeking a protective order for purposes of discovery must file with her Motion "an affidavit of counsel setting forth the extrajudicial means which have been attempted to resolve differences." S.D. Local Rule 37.2. Counsel for the Department did not file with its Motion to Quash the required affidavit.

This Court should summarily deny the Department's Motion for failure to comply with S.D. Local Rules 37.1 and 37.2

## III.    THE DEPARTMENT HAD REASONABLE TIME TO COMPLY WITH THE SUBPOENA DUCES TECUM.

Counsel for the Warden facilitated the scheduling of the records depositions by contacting the record holders and obtaining a time and date that each of them was available. The Hamilton County Prosecutor's Office agreed to the use of their facilities for the purposes of the conducting of the records depositions. It is disingenuous for the Department to now claim that it was given an "unreasonable time" to prepare for its records deposition, when it was in fact Department that chose the date and time for its deposition. [Exhibit A.]

The records custodian for the Department appeared at the deposition. He indicated that he had sufficient time to conduct a search for all responsive records. [Exhibit A.]

## IV.    THE DEPARTMENT DOES HAVE A RESPONSIVE RECORD IN ITS POSSESSION.

The Department claims that "The Documents sought are no longer in the possession of the records custodian." [Motion to Quash, p. 3.] After making this assertion the Department contradictorily asserts "a copy of the victim impact statement was retained." [Id.] Furthermore the Department now requests a protective order to preclude the release of the victim impact statement. Thus, the Department has in its possession a record that is responsive to the subpoena duces tecum and the discovery order which this Court entered upon agreement of the parties.

## V.    THE VICTIM IMPACT STATEMENT IS NOT PRIVILEGED FOR PURPOSES OF THESE FEDERAL HABEAS PROCEEDINGS.

The Department claims that it is prohibited from disseminating the victim impact statement because O.R.C. § 2947.051 provides that the document "shall be kept confidential and is not a public record as defined in § 149.43 of the Revise Code". [Motion to Quash, pp. 3-4.]

Federal law, as opposed to state law governs the issue of disclosure of the victim impact statement. Jeffers v. Redmond, 518 U.S. 1 (1996). The Department has not cited to a single case that provides that a federal court is precluded from ordering the release of the statement.

Even pursuant to state law, there appears to be a very limited definition of the term "confidentiality" with respect to victim impact statements.  The Ohio Legislature has not extended the protection of confidentiality to a victim impact statement that it has to other documents. O.R.C. § 2317.02. The statute governing victim impact statements neither provides for nor excludes the possibility that a court may order the disclosure of a statement in connection with a judicial proceeding. O.R.C. § 2947.051  A trial court may share the statement with the prosecutor and defense counsel.  O.R.C. § 2947.051(C).  The fact that the victim impact statement is not a public record is irrelevant.  The Ohio Public Records Act (Ohio Rev. Code Ann. § 149.43) codifies the general public's right of access to various governmental records. The Public Records Act was originally enacted in 1963 as a vehicle to provide broad public access to the records maintained by Ohio governmental agencies.  See State ex rel. National Broadcasting Co. v. Cleveland, 38 Ohio St. 3 79, 81 (1988).

The Public Records Act was never designed or intended to provide the sole means for accessing governmental records; rather, it was created to impose a check on governmental restrictions. Id.  The Public Records Act does not protect records from discovery in the course of civil litigation, it only protects them from the requirement that they be made available to the

general public upon request. <u>Henneman v. Toledo</u>, 3d 241, 245 (1988). Michael Bies is not

contending that these records must be made available to him as a member of the general public.

<u>Id.</u>  Because a federal habeas corpus action is an original civil action, <u>see, e.g.</u>, <u>Browder v.</u>

<u>Director, Illinois Dept. Of Corrections</u>, 434 U.S. 257, 269 (1978); <u>Houston v. Lack</u>, 487 U.S.

266, 272 (1988), the Public Records Act is inapplicable. <u>Henneman</u>, 35 Ohio St. 3d at 245.

## VI.    CONCLUSION

The Department's Motion to Quash is not well taken. The Department improperly filed

the Motion and failed to sustain its burden of factual and legal proof in its Motion.  The pleading

contains <u>no</u> authorities for the conclusion that the Victim Impact Statement is not discoverable in

federal habeas proceedings or in federal proceedings in general.

Respectfully submitted,


s/ S. Scott Haynes
S. SCOTT HAYNES - 0059586
Hallowes, Allen & Haynes
6445 East Livingston Avenue
Reynoldsburg, Ohio 43068-3560
Telephone:  (64) 868-0009
Facsimile:  (614) 868-0029

And


DAVID H. BODIKER
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio  43215-2998
Telephone:  (614) 466-5394
Facsimile:  (614) 728-3670

COUNSEL FOR PETITIONER

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing **MICHAEL BIES' MEMORANDUM CONTRA TO THE HAMILTON COUNTY PROBATION DEPARTMENT'S MOTION TO QUASH** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

<u>s/ S. Scott Haynes</u>
S. SCOTT HAYNES
COUNSEL FOR PETITIONER

#209240

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Michael Bies, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No.: CV-1-00-682 |
| vs. | ) | |
| | ) | District Judge Susan J. Dlott |
| Margaret Bagley, Warden, | ) | Magistrate Judge Michael R. Merz |
| | ) | |
| Respondent. | ) | |

---

## AFFIDAVIT OF S. SCOTT HAYNES, ESQUIRE

---

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | ss: |
| COUNTY OF FRANKLIN | : | |

S. Scott Haynes, after being duly sworn according to law, states as follows:

1.  I am an attorney duly licensed to practice law in the State of Ohio.

2.  I am lead counsel in the above case.

3.  After the Court entered the discovery order on June 12, 2004 [Doc. 77], I contacted Assistant Ohio Attorney General Carol A. Ellensohn to select some dates that would be mutually available to conduct the records depositions.

4.  Ms. Ellensohn graciously agreed to contact the various record holders to determine the dates they would be available. Ms. Ellensohn subsequently indicated to me that all of the records holders, including the Hamilton County Probation Department, would be available on November 16, 2004.

5.  I was not contacted by Hamilton County Assistant Prosecuting Attorneys Sack or Schaefer prior to their filing the Motion to Quash upon behalf of the Hamilton County Probation

Department. I first received notice of the Motion when Ms. Sack personally served me with the pleading just minutes prior to the commencement of the deposition for the Hamilton County Probation Department.

6. The deposition went forward for the records custodian for the Hamilton County Adult Probation Department. At no time during the deposition did he indicate that he had insufficient time to search for the records requested pursuant to the subpoena. He in fact testified that he had completed a thorough search.

Further affiant saith naught.

_____
S. SCOTT HAYNES

Sworn to and subscribed in my presence this 3rd day of December, 2004.

_____
NOTARY PUBLIC

#209267

DONALD B. HALLOWES,
Attorney at Law
Notary Public, State of Ohio
My Commission has no
Expiration Date
Section 147.03R.C.

2