IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **Michael Bies,** | ) | |
| | ) | |
|     **Petitioner,** | ) | |
| | ) | Case No.: CV-1-00-682 |
| vs. | ) | |
| | ) | District Judge Susan J. Dlott |
| **Margaret Bagley, Warden,** | ) | Magistrate Judge Michael R. Merz |
| | ) | |
|     **Respondent.** | ) | |

**MICHAEL BIES' MEMORANDUM IN RESPONSE TO THE COMMUNITY
DIAGNOSTIC AND TREATMENT CENTER'S MOTION TO QUASH**

**I.    INTRODUCTION**

On June 12, 2004, the Court granted Michael Bies leave to conduct records depositions of five governmental agencies for the purpose of obtaining records concerning Dallas Hayes [Doc. 77.]  One of those agencies was the Community Diagnostic and Treatment Center (" Clinic").

On November 15, 2004, the Clinic filed a Motion to Quash Subpoena Duces Tecum that it had received pursuant to this Court's discovery order ("Motion to Quash") [Doc. 81]. The Clinic, in its Motion to Quash, relied upon the fact that the trial court has refused to consent to the release of the records [Motion to Quash, p. 3]. In addition the Clinic accuses Michael Bies of conducting a "fishing expedition" because "It is highly unlikely that the records Petitioner seeks from the Court Clinic will be relevant to the claims contained in Petitioner's Habeas Corpus Petition."  [Id. at pp. 3-4.]

The arguments of the Court Clinic are not well founded.  For the reasons articulated in this pleading, the Court should deny the Clinic's Motion to Quash.

**II.     THE RELEVANCY ISSUE IS NOT BEFORE THE COURT.**

Michael Bies, in his discovery motion, provided a detailed list of the records that he would be seeking from each governmental agency. Specifically, he attached to his Motion the subpoena *duces tecum* that he would serve upon the Clinic [Doc. 76, Exhibit 5.] The Warden's decision not to oppose the discovery motion constituted at least an implicit admission that the records sought were relevant for the limited purposes of discovery. Since the Clinic is not a party, it is the wrong entity and now is the wrong time to raise the relevancy issue, given the fact that it was already decided.

**III.    THE COURT CLINIC RECORDS ARE RELEVANT TO THE CLAIMS IN THE PETITION.**

Dallas Hayes ("Hayes") was the older step-brother of the decedent Aaron Raines, who was ten years of age when he met his untimely death. Hayes was supposed to be watching the decedent at the time he disappeared on May 11, 1992 [Tr. 566].

On May 12, 1992, Detective Dan Argo of the Cincinnati Police Department initially interviewed Hayes [Exhibit A]. Hayes told the Detective that he last saw the decedent at 9:00 p.m. on May 11, 1992 [Id.] The police subsequently received information that Hayes was jealous of his stepbrother because his mother devoted was more her time and attention [Exhibits B and C.] Sgt. Guy arranged for a member of the Cincinnati Police Department to administer a polygraph to Hayes on June 3, 1997. [Exhibits D and E]. Hayes refused to execute a Miranda waiver at the beginning of the polygraph session [Exhibit F]. Hayes demonstrated deception on all of the questions related to the death of Aaron Raines. [Exhibit G]. The police interrogated Hayes after the polygraph session. While he changed some of the details of his story, he

remained adamant that he saw his step-brother at 9:00 p.m. in the park across the street from their residence. [Id.]

The prosecutors in pretrial discovery did not provided counsel for Michael Bies with any of the above information concerning Hayes, including the fact that he failed a polygraph examination. Hayes testified at Michael Bies' trial. Contrary to his earlier statements to the police, Hayes testified that he last saw his brother between six and seven o'clock on the evening of the homicide. [Tr. 566]. Trial counsel for Michael Bies chose not to cross-examine Dallas Hayes [Tr. 574].

On March 17, 1995, a Hamilton County Grand Jury indicted Dallas Hayes for the Felonious Sexual Penetration[1] of his cousin, Sandra Baker, who was less than thirteen years of age. [Exhibit H]. Prior to the trial date, counsel filed four motions regarding Hayes' mental infirmities including 1) a Suggestion of Incompetency (Hayes "is incapable of understanding the nature and objective of the proceedings against him or assist in his defense") [Exhibit I]; 2) a Motion to Suppress (Dallas "is an individual of extremely low intellect") [Exhibit J]; 3) a Motion to Appoint Expert Caroline Everington. (Hayes "is mentally retarded and due to his mental condition was unable to comprehend, understand and make an informed and voluntary decision to waive his Fifth Amendment right to remain silent.") [Exhibit K];[2] and 4) a Motion to Appoint Expert Dr. Sol Fulero ("to examine the defendant to determine whether the defendant had the requisite mental capabilities to form the required mental intent") [Exhibit L].[3]

---

[1] O.R.C. § 2907.12.
[2] Michael Bies has attached only the Motion and not the attachment to the Motion.
[3] Michael Bies has attached only the Motion and not the Exhibits attached thereto.

3

Pursuant to the trial court's order, the Hamilton County Court Clinic conducted competency [Exhibit M] and insanity [Exhibit N] evaluations of Dallas Hayes[4]. The May 2, 1995 competency report documented that Dallas Hayes was in special education classes [Exhibit M, p. 2-3]; had an IQ of 75 [Id. at p.3], and he could only understand concepts if they were explained to him in a simplistic fashion. [Id. at p. 4]. The May 2, 1995 insanity report contained the additional information that "he [Hayes] has been 'slow' all of his life" [Exhibit N at p.2]; and Hayes suffered from a "severe mental defect", his borderline mental retardation. [Id. at 4].

The information that Michael Bies seeks from the Court Clinic is relevant to issues surrounding the credibility of Hayes' testimony. Michael Bies is entitled to discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action" and "information sought need not be admissible at the trial if [it] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If the jury had heard of Hayes' borderline mental retardation [Exhibit N, p. 4], it may well have assessed his testimony in a different light.

### IV.  THE ACTIONS OF JUDGE NURRE'S WAIVED ANY CONFIDENTIALITY THAT MAY HAVE EXISTED CONCERNING THE CLINIC'S RECORDS

The Clinic describes the records in question as the "Reports which the Court Clinic prepared pursuant to an Order issued by Hamilton County Court of Common Pleas Judge Thomas C. Nurre dated April 4, 1995" [Motion to Quash, p. 1.]  The Clinic bases its claim of privilege on the fact that "The Court may, at its discretion, distribute the report and bears the responsibility for that distribution." Ohio Administrative Code § 5122-2907(D)(2).

---

[4] Michael Bies obtain the competency and insanity reports of Dallas Hayes, by reviewing the common pleas court file.

Judge Nurre placed the insanity and competency reports in the court file that was accessible to the public. [Exhibit O.] It is now too late for Judge Kubicki to claim that the reports are privileged, because they have been available to the public for the last nine years.

## V.    THERE IS NO ABSOLUTE PRIVILEGE FOR THE CLINIC'S RECORDS.

Trial judges have the discretion to distribute the mental health documents generated by court clinics. OAC § 5122-29-07(D)(2). The Court Clinic in its letter to Judge Kubicki implicitly acknowledges that it has released files in the past. [Motion to Quash Exhibit 1]. The Clinic provided Judge Kubicki with the "standard form [that] is used anytime a situation like this is presented." The Hamilton County Common Pleas Court judges have in the past agreed to the Clinic releasing the entire files of individuals that the Clinic has evaluated. [Exhibit P.]

Judge Kubicki chose not to intervene in these proceedings. Thus the record does not contain his reason(s) for precluding the release of the file. What the record does disclose is that the Judge could have permitted release of the file, as have other Common Pleas judges in the past.

## VI.    THE CLINIC'S CONCERNS FOR THE PRIVACY RIGHTS OF HAYES ARE MISPLACED.

Prior to the competency and insanity evaluations in the present case, the evaluator was required to inform Hayes that the examinations were "not confidential in the usual understanding of that term" OAC 5122-29-07(D)(1). The Clinic was required to provide copies of the evaluation to the trial court, adult parole authority, prosecutor and defense attorney. OAC 5122-29-07(D)(1)-(2). The fact that the Clinic was required to provide copies to two law enforcement agencies, one of which was trying to convict Hayes of a serious felony, certainly extinguished all legitimate concerns Hayes had of privacy.

The Clinic's records do not belong to Dallas Hayes. Instead the records are "the property of the court that ordered them." OAC 5122-29-07(D)(3). It is the Court and not Dallas Hayes that controls the distribution of the records. OAC 5122-20-07(D)(2).

## VII. CONCLUSION: THE COURT SHOULD ORDER THE RELEASE OF THE CLINIC FILE.

Judge Nurre has already publicly disclosed the competency and insanity reports by permitting them to be placed in the public court files. There is no valid reason that the Court should not order the release of the remainder of the Clinic's file. The Court should deny the Clinic's Motion to Quash Subpoena Duces Tecum.

Respectfully submitted,

s/ S. Scott Haynes _____
S. SCOTT HAYNES - 0059586
Hallowes, Allen & Haynes
6445 East Livingston Avenue
Reynoldsburg, Ohio 43068-3560
Telephone: (64) 868-0009
Facsimile: (614) 868-0029

And

DAVID H. BODIKER
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998
Telephone: (614) 466-5394
Facsimile: (614) 728-3670

COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing **MICHAEL BIES' MEMORANDUM IN RESPONSE TO THE COMMUNITY DIAGNOSTIC AND TREATMENT CENTER'S MOTION TO QUASH** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                            s/ S. Scott Haynes_____
                                            S. SCOTT HAYNES
                                            COUNSEL FOR PETITIONER

# EXHIBITS

# RESPONSE TO COURT CLINIC'S MOTION TO QUASH

**A**   May 12, 1997 interview

B   Crime Stopper Card

C   6/8/92 Statement

D   Polygraph assignment

E   Investigative Summary of Sgt. Guy of 6/01/92

F   Miranda waiver that Dallas Hayes refused to sign

G   Investigative Summary of Arg/Lackey/Jay dated 6/03/92

H   Indictment of Dallas Hayes

I   Suggestion of Incompetency

J   Motion to Suppress

K   Motion to Appoint Caroline Everington

L   Motion to Appoint Sol Fulero

M   Competency Report

N   Insanity Report

O   Affidavit of Porter

P   Affidavit of Hall