CENTRAL PSYCHIATRIC CLINIC
COMMUNITY DIAGNOSTIC AND TREATMENT CENTER

909 Sycamore - Third and Fourth Floors
Cincinnati, Ohio 45202
(513) 651-9300

May 2, 1995

The Honorable Thomas C. Nurre
Hamilton County Court of Common Pleas
Cincinnati, Ohio 45202

COMPETENCY

RE: DALLAS LUTHER HAYES
DOC.#: B95-2257

ATTENTION: THIS REPORT CONTAINS SENSITIVE AND CONFIDENTIAL INFORMATION. PURSUANT WITH OHIO ADMINISTRATIVE CODE 5122-29-07.3(C) [OHIO REVISED CODE 5119.0(G) (I), 5119.61(M)], THIS REPORT MAY NOT BE REVIEWED, RELEASED, DISTRIBUTED, OR COPIED WITHOUT THE REFERRING COURT'S SPECIFIC WRITTEN AUTHORIZATION.

Dear Judge Nurre:

This report is in response to your request for a psychological evaluation of Dallas Luther Hayes in reference to his Competence to Stand Trial, pursuant to Ohio Revised Code 2945.371. He has been charged with Felonious Sexual Penetration. The defendant was evaluated by the undersigned, David Chiappone, Ph.D., Clinical Psychologist, on April 28, 1995 for approximately one hour and ten minutes at the Hamilton County Justice Center (HCJC). This included administration of the Wechsler Adult Intelligence Scale-Revised (WAIS-R) Verbal Subscale. The defendant was also interviewed by Eleanor Maley, LISW, CCDC, Clinical Social Worker, on April 20, 1995 for approximately two hours at the HCJC. The nonconfidential nature of the evaluation was explained to Mr. Hayes prior to the sessions, and he indicated his understanding of such and signed a form to that effect. Collateral contacts were made by Ms. Maley with William Anderson, prosecutor; Derek Gustafson, defense attorney; Lisa Thomas, arresting officer; and Barbara Raines, the defendant's mother. What follows are my findings and recommendations.

In the interview, Mr. Hayes presented as a smallish, stockily built, caucasian male with short hair. He had a scar on his right temporal area, claiming he injured it when he was a child but did not have to get stitches. He spoke very easily and freely. He was fully oriented and could be relevant and coherent. His thoughts were logical, clear, goal-directed and organized. Based on his use

EXHIBIT M

RE: DALLAS LUTHER HAYES

of words, verbal abstractions and ability to interact, Mr. Hayes impressed as being of limited intelligence but his testing indicated he was in the borderline range. That is, Mr. Hayes was able to attend and concentrate and communicate as needed in the evaluation. He did not appear to be suffering from any hallucinations, delusions, or other symptoms of a major mood or thought disorder.

Regarding the question of Competence, Mr. Hayes was able to state what his charge was and knew what the words meant. He generally understands the court scenario. He had some difficulty with pleas, but they were explained to him and he could incorporate the information. Probation was described as, "it's like...let you go home and free as long as you don't get into any more trouble or bring you back and you do the rest of your time." Parole was described as, "like an out date...get out early." The defense attorney's task was described as, "he's a man...I don't know his name...I haven't seen him much...talk to the judge in my behalf...get me out." The prosecutor's role was described as, "trying to put me in." The judge's role was described as, "listen to people and tell what he thinks...decide if you can go home or not. The jury's role was described as, "sit there and listen and say guilty or not guilty." Guilty was described as, "admit to the crime." Not Guilty was described as, "opposite of that...of admitting to it." By this Mr. Hayes was indicating that Not Guilty was the opposite of Guilty. No Contest was described as, "the lady mentioned it and I forgot it...admit to it...and the judge decides." Not Guilty by Reason of Insanity was described as, "sick...head sick...mentally ill...don't know right from wrong." Plea Bargaining was described as, "throw some deal at you and you agree...get charged lower as you can."

Mr. Hayes does not have any charges as a juvenile or as an adult. He was born in Frankfort, Kentucky and raised in Cincinnati. He was basically raised with two brothers and three sisters, some of whom were step-siblings. His one brother was seriously injured in an automobile accident and was in the hospital for a extended amount of time, during which Mr. Hayes spent time in the hospital with him, and soon after that this brother was murdered. At that point, Mr. Hayes dropped out of school. He dropped out of school because "my family needed me." He reported eleven grades of education and special education. Mr. Hayes reported being raised by mother and step-father. He reported never meeting his biological father until the defendant was eighteen. The defendant indicated he has little use for his biological father. He reported that his mother and step-father also separated when the defendant was about twelve years old. He was visited regularly after the separation by the step-father. Mr. Hayes denied ever being abused as a child.

- 2 -

RE:  DALLAS LUTHER HAYES

He has no military history. Work is sporadic at best, last job being last summer as a lifeguard. He has worked for CCY in the summer. He basically has lived with his mother his entire life. Mr. Hayes has never been married and has no children. He claimed he has had several girlfriends. He reported that he makes friends everywhere he goes.

Mr. Hayes reported generally intact health. After his brother was murdered, the defendant met with a church counselor for several years and "she taught me how to deal with my emotions." He has had no other psychiatric treatment and has never received psychiatric medication. He admitted that in the past he used to drink alcohol, especially after his brother's death with his last alcoholic consumption about a year and a half ago. In the past he has tried marijuana, but never used it regularly with the last usage being about a year and a half ago. He denied using any other substances.

Collateral contact with Barbara Rains, the defendant's mother, reveals that she had her son evaluated at age eleven and he was not considered mentally retarded. She described him as being slow and in special education, but no one had ever told her that he was retarded. She added that he was turned down for Supplemental Security Income. Ms. Rains is not aware if the defendant uses alcohol or drugs.

Administration of the Wechsler Adult Intelligence Scale-Revised (WAIS-R) Verbal Subscales resulted in a Verbal Intelligence of 75 which places him in the borderline range of intelligence, at approximately the fifth percentile of the general population. Mr. Hayes is not retarded although he is limited in intellect. He is capable of understanding his and others actions. He has a slightly below average memory and could remember five digits forward and four digits backward. There was some noticeable scatter in the subtests, suggesting that if he would have been a bit more diligent in academics his IQ may have been a bit higher. Nonetheless, he is capable of understanding what others say to him, albeit at times in a concrete and simplistic fashion.

Summary and Conclusions

Dallas Luther Hayes is a twenty-two year old, single, Caucasian male of borderline intellect who has obtained eleven grades of special education. He has never emancipated from home and work history has been sporadic. He has never married and has no children. He has had some counseling in the aftermath of his brother being murdered. Substance use does not appear to be an issue currently.

- 3 -

RE:   DALLAS LUTHER HAYES

   Regarding the question of Competence, Mr. Hayes understands what his current charge is and can appreciate further incarceration if convicted. He can describe his acts relevant to the allegations. He understands the nature and objectives of the proceedings against him. He is capable of counseling with an attorney for his own defense. However, it should be kept in mind that Mr. Hayes is of borderline intellect and at times information may have to be explained to him in a simplistic, basic fashion. In my opinion Mr. Hayes is COMPETENT to stand trial.

   Thank you for this referral to the Community Diagnostic and Treatment Center. If I may be of further assistance, please feel free to contact me at 352-1342.

Respectfully submitted,

*David Chiappone*

David Chiappone, Ph.D.
Clinical Psychologist

DC/vle
4/28/95

- 4 -