## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **Michael Bies,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | )    **Case No.: CV-1-00-682** |
| vs. | ) |
| | )    **District Judge Susan J. Dlott** |
| **Margaret Bagley, Warden,** | )    **Magistrate Judge Michael R. Merz** |
| | ) |
|     **Respondent.** | ) |

**MICHAEL BIES' RESPONSE TO THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS' MOTION FOR IN CAMERA INSPECTION OF DOCUMENTS.**

On November 24, 2004, Ohio Department of Corrections ("DRC) requested that the Court review *in camera* two sets of documents that it possesses and that are responsive to the records request made by Michael Bies [Doc. 83.][1] Those documents consist of duplicate copies of the victim impact statement [Id. at 2] and five pages of "mental health documents" [Id. at p. 3.]

Michael Bies has no objection to the Court conducting an *in camera* review of the documents. He submits this pleading to assist the Court in conducting its evaluation of the documents. The determination as to which documents should be released cannot be made in a vacuum. Michael Bies, in drafting this Memorandum, is obviously limited because he has not reviewed the documents in question.

While he will divide this pleading into two parts, two overriding principles apply to both

---

[1] While the Motion is styled "Respondent Bagley's Motion," in actuality it is the Department of Rehabilitation and Corrections, that is the custodian of the records in dispute. Michael Bies served his subpoena on the Department and not the Warden.

sections. A party claiming a privilege has the burden of establishing its entitlement to the privilege, including producing sufficient information from which the Court can determine whether the privilege applies. Urseth v. City of Dayton, 110 F.R.D. 245, 252 (S.D. Ohio 1986); "Exceptions to the demand for every man's evidence are not lightly created nor expansively construed." United States v. Nixon, 418 U.S. 683 (1974).

DRC has almost unlimited discretion to release the records in question. The director or his designee, may in his "sole discretion" release non-public records to "researchers, law enforcement agencies or other persons with a need for access to such documents…" Ohio Administrative code 5120-9-49(F). DRC makes no effort to reconcile its unbridled discretion to release the documents in question, with its conflicting claim that the documents are somehow privileged.

I.  **THE COURT SHOULD ORDER DISCLOSURE OF THE VICTIM IMPACT STATEMENT**

Federal law, as opposed to state law governs the issue of disclosure of the victim impact statements. Jeffers v. Redmond, 518 U.S. 1, 8 (1996). The Department has not cited to a single case that provides that a federal court is precluded from ordering the release of a victim statement.

Pursuant to state law, there appears to be a very limited definition of the term "confidentiality" with respect to victim impact statements. A trial court may share the statement with the prosecutor and defense counsel. O.R.C. § 2947.051(C). The statute does not preclude a court from ordering the disclosure of a victim impact statement. The Ohio Legislature has not extended the protection of confidentiality to a victim impact statement that it has to other documents. O.R.C. § 2317.02.

The fact that the victim impact statement is not a public record is irrelevant. The Ohio Public Records Act (Ohio Rev. Code Ann. § 149.43) codifies the general public's right of access to various governmental records. See State ex rel. National Broadcasting Co. v. Cleveland, 38 Ohio St. 3 79, 81 (1988). The Act does not protect records from discovery in the course of civil litigation, it only protects them from the requirement that they be made available to the general public upon request. Henneman v. Toledo, 3d 241, 245 (1988). Michael Bies is not contending that these records must be made available to him as a member of the general public, but as a civil litigant seeking discovery

Dallas Hayes was initially a suspect in the death of ten year old Aaron Raines [Exhibits 1 and 2.] The murder of Raines had a sexual component. Hayes himself subsequently plea guilty to gross sexual imposition of a small child [Exhibit 3.] The Cincinnati Police Department provided, pursuant to this Court's discovery order, the few records which it still claims to have in its possession [Exhibit 4]. One of the records appears to indicate that Hayes may have sexually assaulted another female. "Edith Raises another victim will resp. also" (Id. at p.3.] The victim impact statement, to the extent it describes the facts surrounding Hayes' sexual assault of the minor victim for the offense for which he pled guilty, or the existence of another victim, is relevant to the issues before the Court.

## II. THE COURT SHOULD ORDER THE DISCLOSURE OF THE MENTAL HEALTH RECORDS

The Warden requests that the Court not order disclosure of five pages that "all relate to Dallas Hayes' communications with *his* therapist." [Motion to Quash p. 5] [emphasis added]. This mental health person was not Dallas Hayes' therapist. He/she worked for the Department of Rehabilitation and Corrections. The mental health records belong to the State of Ohio and not Dallas Hayes. The Director has the discretion to release the medical records of the an inmate,

3

even when that release will not benefit the inmate. Ohio Administrative code 5120-9-49(F); Wilson v. Ohio Department of Corrections, 73 Ohio App. 3d 496, 500 (1991); Hunt v. Ohio Department of Rehabilitation and Correction, 77 Ohio App. 3d 804, 807 (1991).

The five pages of documents consist of 1) In-take Screening Report, 2) Control Sheet and 3) Adult Response Sheet [Motion to Quash, Exhibit A]. While Michael Bies has not seen these documents, he believes that a state employee generated those documents during the orientation procedure when Hayes was initially being admitted into the state penal system and were not generated in the course of Dallas Hayes seeking treatment. This distinction is critical for purposes of the determining the application of any privilege, assuming that there is even any valid assertion for the claim of privilege, given the Warden's broad discretion to release the documents.[2]

Dallas Hayes testified at Michael Bies' trial. The May 2, 1995 competency report of Hayes documented that he was in special education classes [Exhibit 5, p. 2-3]; had an IQ of 75 [Id. at p.3], and he could only understand concepts if they were explained to him in a simplistic fashion. [Id. at p. 4]. The May 2, 1995 insanity report of Hayes stated that "he [Hayes] has been 'slow' all of his life" [Exhibit 6 at p.2]; and Hayes suffered from a "severe mental defect", his borderline mental retardation. [Id. at 4]. The prosecutor's duty of disclosure extends to matters which affect his witness' credibility. McCambridge v. Hall, 266 F. 3d 12, 17 (1st Cir. 2001). In this case Hayes' mental limitations would have affect his credibility.

---

[2] This Court has previously, in this litigation, declared that DRC records of a third party are privileged if they "embody or relate to patient-therapist communications, including prescriptions of psychoactive drugs and are thus privileged. [Doc. 20, pp. 5-6] Decision and Order Regarding In Camera Inspection. While Michael Bies respectfully disagrees with that decision, See Wilson v. Ohio Department of Corrections, supra; Hunt v. Ohio Department of Rehabilitation and Correction, supra; he believes that the communications in the documents in question are of a different nature: not sought for medical or psychological assistance.

4

### III.  CONCLUSION

The Court, before it reviews any of the documents, should initially determine whether Ohio Administrative code 5120-9-49(F), as a matter of law defeats any claim of privilege. Assuming *arguendo* that it does not, then the Court after reviewing the documents should determine that DRC has failed to demonstrate, either factually or legally, that there exists a privilege which precludes disclosure. Under either scenario, the Court should order release of the documents.

Respectfully submitted,

s/ S. Scott Haynes _____
S. SCOTT HAYNES - 0059586
Hallowes, Allen & Haynes
6445 East Livingston Avenue
Reynoldsburg, Ohio 43068-3560
Telephone:  (64) 868-0009
Facsimile:  (614) 868-0029


And

DAVID H. BODIKER
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio  43215-2998
Telephone:  (614) 466-5394
Facsimile:  (614) 728-3670

COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **MICHAEL BIES' RESPONSE TO THE WARDEN'S MOTION FOR LEAVE FOR IN CAMERA INSPECTION OF DOCUMENTS.** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                                s/ S. Scott Haynes_____
                                                S. SCOTT HAYNES
                                                COUNSEL FOR PETITIONER

#209549

# EXHIBIT INDEX

1   Crime Stoppers Report

2   Cincinnati Police Department Investigative Summary

3   Guilt Plea Entry

4   Cincinnati Police Department Records

5   Competency Evaluation

6   Insanity Evaluation