IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL BIES,
:
    Petitioner,                            Case No. 1:00-cv-682

:        District Judge Susan J. Dlott
   -vs-                                Chief Magistrate Judge Michael R. Merz

MARGARET BAGLEY, Warden,
:
    Respondent.

---

**DECISION AND ORDER ON MOTIONS TO QUASH AND FOR IN CAMERA REVIEW**

---

       This case is before the Court on the Motion to Quash Subpoena Duces Tecum of Charlotte Holland as records custodian of the Community Diagnostic and Treatment Center (the "Court Clinic")(Doc. No. 81), Motion to Quash Subpoena Duces Tecum of the Hamilton County Adult Probation Department (Doc. No. 82), and Respondent's Motion for In Camera Inspection of Documents in Support of Claim of Privilege (Doc. No. 83). Because these Motions raise some common issues, they are decided together.

       Petitioner asks the Court to deny the Probation Department's Motion for its failure to comply with S. D. Ohio Civ. R. 37.2. As the Probation Department points out in its Reply (Doc. No. 86), S. D. Ohio Civ. R. 37.2 applies only to "parties," and the Probation Department is not a party to this case. The Probation Department timely sought protection under Fed. R. Civ. P. 45.

       The Probation Department's claim that it did not have adequate time to search its records to respond to the subpoena is overruled on the basis of the admission of the deponent that he had sufficient time.

**Victim Impact Statements**

The sole document remaining in the Probation Department's file on Dallas Hayes which is responsive to the subpoena is the victim impact statement. The same document is in the possession of Karen Sorell, Chief of the Bureau of Records Management of the Department of Rehabilitation and Correction. Both persons seek protection of the document pursuant to Ohio Revised Code § 2947.051(C) which provides "A victim impact statement prepared under this section shall be kept confidential and is not a public record as defined in section 149.43 of the Revised Code." Both persons assert that this statute makes the victim impact statement privileged.

Federal law controls the privilege question in this case because the basis of the Court's jurisdiction is a federal statute, 28 U.S.C. §2241. See Fed. R. Evid. 501 and *Urseth v. City of Dayton*, 110 F.R.D. 245, 252 (S.D. Ohio 1986).

A party claiming a privilege has the burden of establishing its entitlement to the privilege, including producing sufficient information from which the Court can determine whether the privilege applies. *Urseth v. City of Dayton*, 110 F.R.D. 245, 252 (S.D. Ohio 1986); *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136 (D. Del. 1977); *Lebold-Heraeus Technologies, Inc. v. Midwest Industries, Inc.*, 4 U.S.P.Q. 2d 1641 (E.D. Wisc. 1987); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146 (D.S.C. 1974); *FTC v. Lukens Steel Co.*, 444 F. Supp. 803 (D.D.C. 1977). "Exceptions to the demand for every man's evidence are not lightly created nor expansively construed." *United States v. Nixon*, 418 U.S. 683 (1974).

The objecting persons cite no federal authority recognizing a privilege for the contents of these victim impact statements. In fact, the creating statute does not even purport to create a privilege under Ohio law. Instead, it requires the document to be kept confidential and provides an exception for it

from the Ohio Public Records Act. This Court can protect the interests evidently intended to be protected by the General Assembly without recognizing a new privilege for victim impact statements.

The objecting persons also claim the contents of the statement are irrelevant to the issues in this proceeding. However, Petitioner's request for discovery of this material was unopposed by the Assistant Attorney General representing Respondent who presumably understood the possible relevance claimed by the Petitioner. The Court is unwilling to decide the document is irrelevant when the attorneys closest to the issues have apparently agreed it may be.

Accordingly, the Motions to Quash are denied insofar as they relate to the victim impact statements. However, such documents shall be produced on an "attorneys-eyes-only" basis. That is, the deponents shall make the documents available to Assistant Attorney General Ellensohn who shall mark them "attorneys-eyes-only" and provide one copy thus marked to Petitioner's counsel. Counsel to the parties in this case shall not show the documents nor disclose the contents to any other person without express prior permission of the Court.

## Mental Health Records

Federal evidence law recognizes an absolute privilege for communications between patient and psychotherapist, including a licensed psychiatric social worker. *Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996).

From its *in camera* inspection, the Court determines that the mental health records withheld from production by the DRC are in fact communications from a patient to his psychotherapist with respect to treatment.

Petitioner asserts that Ohio Administrative Code §5120-9-49(F) makes these documents

disclosable in the sole discretion of the Director and therefore non-privileged. The section of the Administrative Code in question does not purport to authorize the Director to override a patient's federally-protected privilege to communicate with his psychotherapist. In particular, it does not state that the Director, in exercising his discretion, would not have to consider the privilege and privacy interests they protect. The mental health records in the possession of the DRC (Bates Nos. 000074, 000075, 000076, 000080, and 000081 need not be produced. To assist counsel in determining whether to appeal this ruling, the Court also notes that nothing in those documents would be likely to be at all helpful to Petitioner's case.

The Court Clinic seeks to quash a subpoena for reports of evaluations it conducted on Dallas Hayes pursuant to order of the Hamilton County Common Pleas Court. It advises this Court that it is bound by Ohio Administrative Code §5122-29-07(D) which provides as follows:

> (D) Forensic evaluation service shall provide the following standards of confidentiality:
>
> (1) The relationship between the person being evaluated and the examiner is not confidential in the usual understanding of that term. A written report shall be made to the court or adult parole authority, whether or not the person being evaluated cooperates with the examiner. The relationship between the court or adult parole authority shall be explained orally and in writing to the person being evaluated. It shall be clearly noted that information gathered and expert opinions reached by the examiners shall be summarized in a written report and/or testimony to the court or adult parole authority or other referring agency.
>
> (2) Reports to the criminal courts shall be forwarded only to the court that referred the person or to other court officials, prosecution and defense attorneys, as designated by the referring court. The court may, at its discretion, distribute the report, and bears the responsibility for that distribution. Reports to the adult parole authority shall be forwarded only to that agency, which may, at its discretion, distribute the report, and bears the responsibility for that distribution. Reports may be distributed to other parties only with the written authorization of the court or adult parole authority, or other

>  referring agency.
>
>  (3) Reports of forensic evaluations shall be stored separately from other types of client records, and shall be considered the property of the court that ordered them or the agency that referred the person.

The second sentence of §(D)(2) apparently creates discretion in the judge ordering the report to allow its dissemination beyond court officials and counsel for the parties. In this case, the referring judge[1] was asked to exercise that discretion and declined to do so, albeit without any statement of reasons.[2]

However, the Ohio Department of Mental Health cannot by regulation invest a state court judge with authority to prevent a person possessing evidence needed in a federal case from responding to a federal subpoena. No state interests in declining to produce have been stated and Mr. Hayes was specifically informed at the time of the evaluations that the were not confidential.

The Court Clinic also asserts there is no possible relevance to this case of the documents being sought. As noted above, Respondent has declined to make a relevance objection to this discovery and the Court will not speculate about relevancy, given that lack of objection. The Court Clinic makes no objection that production would be burdensome.

Accordingly, the Court Clinic's Motion to Quash is denied.

February 7, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

---

[1] Actually, the Court Clinic asked Judge Kubicki who is the referring judge's successor in office. This Court assumes without deciding that a successor judge succeeds to the discretion created in this sentence.

[2] Judge Kubicki was apparently presented with two forms created by the Court Clinic, one of which would have indicated approval and one of which indicated lack of approval. He chose the latter.