**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **Michael Bies,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | **Case No.: CV-1-00-682** |
| **vs.** ) | |
| ) | **District Judge Susan J. Dlott** |
| **Margaret Bagley, Warden,** ) | **Magistrate Judge Michael R. Merz** |
| ) | |
|     **Respondent.** ) | |

---

**MICHAEL BIES' MOTION TO AMEND HIS HABEAS PETITION**

---

Michael Bies, through counsel, moves this Court pursuant to 28 U.S.C. § 2241 and 2242, Fed. R. Civ. P. 15, and Rule 11 of the Rules Governing § 2254 cases, to amend his habeas petition. He desires to add one additional Ground for Relief which involves his mental retardation and the Double Jeopardy Clause of the Fifth Amendment. A memorandum of law is attached and incorporated herein.

    Respectfully submitted,

    s/ S. Scott Haynes _____
    S. SCOTT HAYNES - 0059586
    Hallowes, Allen & Haynes
    6445 East Livingston Avenue
    Reynoldsburg, Ohio 43068-3560
    Telephone: (64) 868-0009
    Facsimile: (614) 868-0029

    And

    DAVID H. BODIKER
    Ohio Public Defender

    RANDALL L. PORTER - 0005835
    Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998
Telephone: (614) 466-5394
Facsimile: (614) 728-3670

COUNSEL FOR PETITIONER

MEMORANDUM IN SUPPORT

**I.   INTRODUCTION**

During the direct appeals of his capital conviction and death sentence, the state courts found Michael Bies to be mild to borderline mentally retarded. State v. Bies, No. C-920841, 1994 WL 102196 (Ham. App. March 30, 1994) p.*9; [St. Ct. App. Vol. II, pp. 244]; State v. Bies, 74 Ohio St. 3d 320, 327 (1996)[1]. During the post-conviction process, the trial court also determined that Michael Bies is mildly mentally retarded. State v. Bies, Ham. C.P. No. B-925607 (Findings of Facts, Conclusions of Law, July 22, 1992). [St. Ct. App. Vol. V, p. 480]. The Hamilton County Prosecutor's Office has three times conceded in writing that Michael Bies is mildly mentally retarded. [St. Ct. App. Vol. V, p. 16, p. 388, Vol. VI, pp. 140, 310].

The state trial court denied Michael Bies' claim that the doctrine of collateral estoppel, which is part of the Double Jeopardy Clause, precludes the relitigation of his mental retardation. State v. Bies, Ham. C.P. No. B-925607 (Decision and Entry, June 21, 2004) [Exhibit A.]  This Court should permit Michael Bies to amend his Habeas Petition with the attached double jeopardy claim and proceed to address the issue.

---

[1] The State Court decision is not included in the State Court appendix.

## II.     PROCEDURAL POSTURE

On December 26, 2002 this Court ordered that Michael Bies return to state court for purposes of exhausting his sixteenth claim for relief which alleged that his execution would violate the Eighth and Fourteenth Amendments because he is mentally retarded [Doc. 53]. On January 31, 2003, the District Court adopted this Court's December 26, 2002 Order [Doc. 57].

On May 1, 2003, pursuant to this Court's order, Michael Bies filed his Mental Retardation Petition with the Hamilton County Common Pleas Court. On August 15, 2003 he moved the court for summary judgment as to his Mental Retardation Petition [Exhibit B].[2] He premised the motion partially on the doctrine of collateral estoppel, because the State courts had already found him to be mentally retarded and the State was barred from relitigating the issue. [Id. at pp. 12-13].

The trial court judge overruled Michael Bies' Motion for Summary Judgment [Exhibit C]. Bies then filed a Motion for Reconsideration. The trial court also overruled that Motion and held "The Court incorporates by reference its prior decision, and to the extent not specifically stated, finds for the reasons discussed in its prior decision that the double jeopardy clause does not require summary judgment in this case." [Exhibit A].

Michael Bies' Double Jeopardy Claim is now exhausted. He is entitled to federal review of that claim prior to the state courts forcing him to relitigate his mental retardation. This Court should permit him to amend the claim into his pending habeas petition [Doc. 26] and to establish a scheduling order to address the issue.

---

[2] Michael Bies, has attached as Exhibit B, only the pleading and not the Exhibits, due to the length of the Exhibits.

**III. THE DOUBLE JEOPARDY CLAUSE PRECLUDES THE STATE FROM RELIGITATING MICHAEL'S RETARDATION**

The doctrine of collateral estoppel prevents the same parties from relitigating facts that were already litigated in a prior litigation. Ashe v. Swenson, 397 U.S. 436, 445 (1970); United States v. Patterson, 827 F.2d 184, 187 (7th Cir. 1987). The doctrine of collateral estoppel is part of the Double Jeopardy Clause of the Fifth Amendment. Ashe, 397 U.S. at 445.

On his direct appeals of right, both the First Appellate District and the Ohio Supreme Court found that Michael Bies is mentally retarded. State v. Bies, No. C-920841, 1994 WL 102196 (Ham. App. March 30, 1994, p.*9); [St. Ct. App. Vol. II, p. 244]. State v. Bies, 74 Ohio St. 3d 320, 327 (1996). The Double Jeopardy Clause issue precludes relitigation of the issue of mental retardation.

**IV. A STATE COURT DEFENDANT CAN PURSUE RELIEF IN FEDERAL HABEAS, PURSUANT TO THE DOUBLE JEOPARDY CLAUSE, PRIOR TO BEING FORCED BY THE STATE COURTS TO RELITIGATE THE ISSUE IN QUESTION.**

If a defendant, in a federal criminal prosecution, unsuccessfully raises a double jeopardy defense in a pretrial motion, he may immediately appeal that issue and he need not await until the conclusion of the trial to see if the jury convicts him. Abney v. United States, 431 U.S. 651, 662 (1977). Even if the accused is acquitted or his conviction is ultimately reversed on Double Jeopardy grounds, he has still been forced to endure a trial, the very proceeding that the Double Jeopardy Clause prohibits. Price v. Georgia, 398 U.S. 323, 326 (1970); United States v. Stevens, 177 F.3d 579, 583 (6th Cir. 1999); United States v. Pi, 174 F.3d 745, 750 (6th Cir. 1999).

The accused in a state court prosecution may seek federal habeas court review of an alleged double jeopardy violation prior to going to trial a second time. Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 303 (1984) ("a requirement that a defendant run the

4

entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause.") The Sixth Circuit has addressed Double Jeopardy claims prior to the accused being forced to run the gamut of a second state court trial  Seanarfis Rivers v. Lucas, 477 F.2d 199, 203 (6th Cir. 1973); Terry v. Potter, 111 F.3d 454, 456 (6th Cir. 1997); Johnson v. Karnes, 198 F.3d 589, 592 (6th Cir. 1999).

The right to pretrial federal habeas review extends to collateral estoppel. Moyer v. Petty, 811 F.2d 606, 1986 U.S. WL 18526 (6th Cir. Dec. 23, 1986). [Exhibit D].  The defendant in that case was acquitted by a jury of eight counts of receiving stolen property.  The grand jury indicted the petitioner a second time for thirteen additional counts of receiving stolen property. The petitioner filed a motion to dismiss based upon the collateral estoppel/Double Jeopardy Clause. The common pleas court denied the motion. The Circuit, in an unpublished opinion, concluded:

> Although petitioner's claim of collateral estoppel or issue preclusion does not technically involve a claim of double jeopardy, the Supreme Court has held that "this established rule of federal law [i.e., issue preclusion] is embodied in the fifth amendment guarantee against double jeopardy" as applied to the states through the fourteenth amendment in Benton v. Maryland, 395 U.S. 784 (1969).  Ashe v. Swenson, 397 U.S. 436, 445 (1970) . . . Since petitioner has exhausted his state remedies with regard to his claims of issue preclusion, we find that federal review is appropriate despite the fact that he improperly categorized his claim as one for post-conviction relief.  Gully, 592 F.2d at 287.  Such review is necessary to fully satisfy the goal of the double jeopardy prohibition, which is avoidance of "the risk or hazard of trial conviction."  Price v. Georgia, 398 U.S. 323, 331 (1970).

Id. at **2.

**V.     MICHAEL BIES' DOUBLE COLLATERAL ESTOPPEL/JEOPARDY CLAIM IS EXHAUSTED.**

A habeas petitioner's exhausts his pretrial double jeopardy claim by presenting that claim to the state's highest court, even if that court determines that he had no right to pretrial review of his claim. Justices of Boston Municipal Court 466 U.S. at 303.

The Sixth Circuit has similarly looked to the procedures of the particular state to determine if the state courts permit pretrial appeals from the denial of double jeopardy motions. Exhaustion will be excused when there is "an absence of available state correction process" or "circumstances rendering [sic] such process ineffective." Gully v. Kunzmon, 592 F.2d 283, 286 (6th Cir. 1979). See 28 U.S.C. § 2254(b).[3]  In Gully the Court found that the petitioner had exhausted his Double Jeopardy claim because "under Kentucky law there is no right of interlocutory appeal" and the Kentucky Supreme Court had denied the petitioner's writ of prohibition. Id. at 287.

In the State of Ohio, a trial court's denial of pretrial motion premised upon the Double Jeopardy Clause is not a final appealable order. State v. Crago, 58 Ohio St. 3d 243, 244-245 (1990). The accused is also barred from pursuing state habeas relief or any of the five extraordinary writs. Wenzel v. Enright, 68 Ohio St. 3d 63, 66 (1993). Therein the Ohio Supreme Court concluded:

> To avoid any further confusion on this issue, we now hold that the decision of a trial court denying a motion to dismiss on the ground of double jeopardy is not a final appealable order, and is not subject to judicial review through an action in habeas corpus or prohibition, or any other action or proceeding invoking the original jurisdiction of an appellate court. We further hold that, in Ohio, the proper remedy for seeking judicial review of the denial of a

---

[3] The Anti-terrorism and Effective Death Penalty Act did not change these exceptions to the exhaustion requirement.

6

>motion to dismiss on the ground of double jeopardy is a direct appeal to the court of appeals at the conclusion of the trial court proceedings.

Id.

In habeas cases arising from the State of Ohio, a petitioner's double jeopardy claim is properly before the federal court if the trial court has denied the petitioner's pretrial double jeopardy motion. Harpster v. State of Ohio, 128 F.3d 322, 326 (6th Cir. 1997). A habeas petitioner's presentation of the issue to the Ohio trial court completes the necessary exhaustion because "under Ohio law, a trial court's judgment denying a defendant's motion to dismiss on double jeopardy grounds is not a final appealable order. Johnson v. Karnes, 198d F.3d 589, 592 n.2 (6th Cir. 1999).

## VI. THE COURT HAS AUTHORITY TO ORDER THAT THE PETITION BE AMENDED

Habeas corpus applications may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Similarly, the Rules Governing §2254 Cases provide that "[T]he Federal Rules of Civil Procedure, to the extent they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11. See also Advisory Committee Note to Habeas Rule 5. Taken together, these provisions allow amendment of the petition . . . under the liberal standards of Rule 15 of the Federal Rules of Civil Procedure. Charles Alan Wright, Procedure for Habeas Corpus, 77 F.R.D. 237 (1978), note 1, at 240 (citing inter alia, Holiday v. Johnston, 313 U.S. 342, 350 (1941), Jarvis v. Nelson, 440 F.2d 13 (9th Cir. 1971)).

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so

requires." Fed. R. Civ. P. 15(a) (Emphasis added.) The phrase "freely given" as it appears in Fed. R. Civ. P. 15(a) acts as a <u>limitation</u> on the district court's discretion to deny leave of court to amend the initial pleading. <u>Foman v. Davis</u>, 371 U.S. 178, 181-182 (1962).

The amending of a petition is not limited to the curing of formal, procedural, or substantive defects in the petition. It is also appropriate when new claims must be added to the petition because the claims were not discovered until after the petitioner filed his federal petition. <u>See</u> for example, <u>United States v. Weintraub</u>, 871 F.2d 1257, 1259 (5th Cir. 1989). <u>Gillette v. Tansy</u>, 17 F.3d 308, 312 (10th Cir. 1994). Leave of court should be liberally granted to habeas petitioners to amend their habeas petition. <u>Riley v. Taylor</u>, 62 F.3d 86, 90-91 (3rd Cir. 1995).

**VII.   PERMITTING AMENDMENT OF THE EXISTING PETITION WILL NOT UNDULY DELAY THE PROCEEDINGS**

Michael Bies has attached to this Motion, the Ground for Relief that he desires to add to the pending habeas petition. [Doc. 26]. Therefore, if the Court grants this Motion, counsel will not need additional time to draft the claim that is the basis for the Motion. The Warden cannot legitimately cite to any prejudice that will inure to her as a result of the amendment. The present proceedings will not be unduly delayed.

**VIII.  CONCLUSION**

WHEREFORE, Michael Bies requests this Court to permit amendment of the pending petition [Doc. 26] with the attached Ground for Relief. He will be moving the Court to schedule a status conference to permit expedient review of the claim.

                                                   Respectfully submitted,

                                                   <u>s/ S. Scott Haynes</u>  _____
                                                   S. SCOTT HAYNES - 0059586
                                                   Hallowes, Allen & Haynes
                                                   6445 East Livingston Avenue

>Reynoldsburg, Ohio 43068-3560
>Telephone: (64) 868-0009
>Facsimile: (614) 868-0029
>
>And
>
>DAVID H. BODIKER
>Ohio Public Defender
>
>RANDALL L. PORTER - 0005835
>Assistant State Public Defender
>
>Office of the Ohio Public Defender
>8 East Long Street, 11th Floor
>Columbus, Ohio 43215-2998
>Telephone: (614) 466-5394
>Facsimile: (614) 728-3670
>
>COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **MICHAEL BIES' MOTION TO AMEND HIS HABEAS PETITION** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

>s/ S. Scott Haynes_____
>S. SCOTT HAYNES
>COUNSEL FOR PETITIONER

NINETEENTH CLAIM FOR RELIEF: THE STATE OF OHIO IS PRECLUDED FROM CONTESTING MICHAEL BIES' MENTAL RETARDATION BECAUSE THE STATE TRIAL COURT, APPELLATE COURT AND SUPREME COURT HAVE ALREADY DETERMINED THAT HE IS MENTALLY RETARDED. Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

400. Michael Bies hereby incorporates all of the allegations contained elsewhere in this petition as if fully rewritten in this claim.

401. The Doctrine of Collateral Estoppel, which is incorporated in the Double Jeopardy Clause of the Fifth Amendment, precludes a prosecutor from relitigating an issue that has been previously adversely decided to it in litigation between the same parties.

**A.    The State did not contest Michael Bies Mental Retardation at Trial.**

402. Dr. Winter testified at trial that Michael had an IQ of 68 and suffered from mild to borderline mental retardation [Tr. 11054, 1117]. He was operating on the level of a third to sixth grader [Tr. 1117].

403. During closing argument at the mitigation phase, defense counsel argued that the jury should not vote to execute Michael because he was operating at the level of a third grader because of his low IQ. [Tr. 1157-1159, 1164, 1169].

404. The trial prosecutor stated that Michael had an IQ of 68 and conceded that "Contrary to the closing argument by Mr. Deardorff, his IQ is not 63, it's 68. It's in the report if you'd like to see it. Michael Bies is not intelligent. I think that we can all accept that." [Tr. 1180].

**B.    The State, on direct appeal, in the First District Court of Appeals, contested Bies' mental retardation and lost.**

405. On his direct appeal of right to the Hamilton County Court of Appeals, counsel for Michael Bies argued that there was insufficient evidence to support the jury's sentencing

1

death recommendation [St. Ct. App. Vol. II, p. 54-61]. Counsel cited to Michael's mental retardation:

> During the penalty phase of the trial, a psychiatrist who had tested Bies noted that his score on an intelligence test was a mere 69, which meant that the Appellant was mildly to moderately retarded. He tested at no more than a third to sixth grade level of maturity, and was in the bottom 7 percent of the population in total intelligence (T.p. 1103-1104).

[Id. at p. 55].

406.    Counsel further argued that Michael's mental age (as a result of his mental retardation) precluded a sentence of death.

> The third mitigating factor to be taken into account here is the youth of the accused, per § 2929.04(B)(4). The Appellant was twenty years old at the time the incident occurred, but his mental age was that of, at best, a sixth-grader. The statute nowhere defined youth, as a factor in mitigation, as a particular age; this court should take into account the relative youth of the Appellant psychologically and as compared to other adults.

[Id. at p. 57].

407.    The prosecution contested Michael's mental retardation in its Merit Brief [St. Ct. App. Vol. II, p. 139]. The State's argument, however was limited to two paragraphs given the uncontraverted record of Michael's mental retardation in the trial court. [Id.]

408.    Appellate counsel submitted to the First District Court of Appeals a Reply Brief upon Michael's behalf [St. Ct. App. Vol. II, p. 164-193]. Appellate counsel vehemently opposed the State's notion that Michael was not mentally retarded. [Id. at p. 185-186].

409.    On March 30, 1994, the Hamilton County Court of Appeals decided Michael's direct appeal. State v. Bies, 1994 WL 102196 (Ham. App. March 30, 1994) [St. Ct. App., Vol. II, pp. 223-246]. While the Court of Appeals rejected his appeal, that Court determined that Michael suffered from "mild mental retardation to borderline mental retardation." [Id. at p. 244.]

**C.     The State, on direct appeal in the Ohio Supreme Court, contested Bies' mental retardation and lost.**

410.    In the direct appeal of right to the Ohio Supreme Court, appellate counsel for Michael again argued that the weight of the evidence did not support the jury's death recommendation [St. Ct. App., Vol. III, pp. 143-148]. Appellate counsel focused the argument upon Michael's mental retardation. [Id.]

411.    The State again disputed Michael's mental retardation [St. Ct. App. Vol. III, pp. 276-277].

412.    Appellate counsel, in the Reply Brief, returned to the same refrain regarding Michael's low intelligence. [St. Ct. App. Vol. III, pp. 316-317].

413.    The Ohio Supreme Court, in affirming Michael's conviction and sentence recognized that "Dr. Winter found that Bies was mildly to borderline mentally retarded". State v. Bies, 74 Ohio St. 3d 320, 327 (1996). From that testimony, the Ohio Supreme Court found that Michael suffered from "mild to borderline mental retardation". Id. at 328.

**D.     In the trial court post-conviction proceedings, the State conceded that Bies was mentally retarded.**

414.    On September 20, 1996, Michael filed his initial post-conviction petition with the trial court. In his Fifth Claim for Relief he asserted that it would be unconstitutional to execute him because he was mentally retarded. [St. Ct. App. Vol. IV, pp. 18-20].

415.    On November 22, 1996, the State of Ohio filed its Motion for Judgment. [St. Ct. App. Vol. V, pp. 373-391]. The State responded as follows to the Fifth Claim for Relief:

> Defendant's fifth claim for relief is that it is cruel and unusual punishment to execute a retarded person. The <u>record reveals defendant to be mildly mentally retarded</u> with an I.Q. of about 69. As a matter of law, such a person may be punished by execution. State v. Holloway, 38 Ohio St. 3d 239 ()1988). (emphasis added.)

3

[St. Ct. App. Vol. V, p. 388].[4]

416.    On July 22, 1998 the late Judge Robert S. Kraft issued his findings of facts, conclusions of law. [St. Ct. App. Vol. V, p. 472-485]. The Assistant Prosecutor assigned to the case wrote the Judge's findings for him. The Judge concluded, based upon the prosecutor's proposed findings, that:

> (1)    The defendant is <u>shown by the record to be mildly mentally retarded with an IQ of about 69.</u>
>
> The Court makes the following Conclusion of Law:
>
> (1)    As a matter of law, a mildly mentally retarded defendant may be punished by execution. <u>State v. Holloway</u>, 38 Ohio St. 3d 239 (1988). [emphasis added.]

[St. Ct. App. Vol. V, p. 480].

### E.    The prosecution continued to concede Bies' mental retardation throughout the post-conviction appellate process.

417.    Michael's mental retardation continued to be a non-disputed fact throughout the appeals from this Court's denial of his post-conviction petition.

418.    In Michael Bies' appeal to the First District Court of Appeals, the prosecution conceded Michael's mental retardation:

> Defendant's fifth claim for relief is that it is cruel and unusual punishment to execute a retarded person. <u>The record reveals defendant to be mildly mentally retarded with an I.Q. of about 69</u>. As a matter of law, such a person may be punished by execution. <u>State v. Holloway</u>, 38 Ohio St. 3d 239, 527 N.E.2d 831 (1988). [emphasis added.]

[St. Ct. App. Vol. VI, p. 140].

419.    In the Ohio Supreme Court, the State, in its Memorandum In Response, again conceded Michael's mental retardation.

---

[4] The State misconstrued the record. Michael Bies had an IQ of 68, not 69 [Tr. 1104, 1117].

4

> Defendant's fifth claim for relief is that it is cruel and unusual punishment to execute a retarded person. <u>The record reveals defendant to be mildly mentally retarded with an I.Q. of about 69</u>. As a matter of law, such a person may be punished by execution. <u>State v. Holloway</u>, 38 Ohio St. 3d 239, 527 N.E.2d 831 (1988). [emphasis added.]

[St. Ct. App. Vol. VI, p. 310].

**F.    Collateral Estoppel precludes re-litigation of Bies' mental retardation.**

420.    The test for mental retardation that the Ohio courts will apply in Bies' mental retardation proceedings will be the same test the state courts applied at the time of his trial, direct appeal and post-conviction.

421.    The state courts will apply the following test:  1) significantly subaverage intellectual functioning, 2) significant limitations in two or more adaptive skills, and 3) onset before the age of eighteen. <u>State v. Lott</u>, 97 Ohio St. 3d 303, 305 (2002).

422.    The American Psychiatric Association's definition of mental retardation at the time of Bies' trial was as follows:  1) significantly subaverage general intellectual functioning, accompanied by 2) significant deficits or impairments in adaptive functioning, with 3) onset before the age of 18.  <u>Diagnostic and Statistical Manual of Mental Disorders</u> (American Psychiatric Association, Third Edition Revised, 1987), p. 28.

423.    The American Association Of Mental Retardation had promulgated the same definition for mental retardation at the time of Michael's trial; 1) significantly subaverage intellectual functioning, 2) limitation in two or more adaptive skill areas, and 3) the onset before the age of eighteen.  <u>Mental Retardation</u> (American Association on Mental Retardation, 1992) pp. 5-6.

424.    Pursuant to the Doctrine of Collateral Estoppel and the Fifth Amendment, the State of Ohio is precluded from relitigating Michael Bies' mental retardation.

5

425. The Court should analyze this claim for relief pursuant to 28 U.S.C. § 2241, apply a de novo standard of review, and determine that the trial court incorrectly ruled that the state could relitigated Bies' claim of retardation.

426. In the alternative, if this Court determines that 28 U.S.C. § 2141 is not the applicable statute, then this Court should analyze this claim pursuant to 28 U.S.C. § 2254, and conclude that the State trial court's determination as to the Double Jeopardy/Collateral Estoppel issue was contrary to or resulted in an unreasonable application of established federal law and/or was an unreasonable determination of the facts.