# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BIES** | : | CASE NO.: 1:00CV682 |
| Petitioner, | : | JUDGE DLOTT |
| | : | MAGISTRATE JUDGE MERZ |
| v. | : | DEATH PENALTY CASE |
| **MARGARET BAGLEY,** Warden | : | |
| Respondent. | : | |

## RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION TO AMEND HIS PETITION FOR A WRIT OF HABEAS CORPUS

Respondent, Warden Margaret Bagley (hereinafter "Respondent"), opposes Petitioner Michael Bies' (hereinafter "Bies") motion to amend his petition for a writ of habeas corpus. The reasons are set forth in the attached memorandum.

Respectfully submitted,

**JIM PETRO**
**Attorney General of Ohio**

**CAROL A. ELLENSOHN (0074598)**
**CHARLES L. WILLE (0056444)**
Assistant Attorneys General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; Fax: (614)728-8600

**COUNSEL FOR RESPONDENT**

## MEMORANDUM IN OPPOSITION

**I.   INTRODUCTION**

In 1992, Bies was tried, convicted and sentenced to death for the brutal murder of ten-year-old Aaron Raines in Hamilton County, Ohio.

On August 21, 2000, Bies filed a petition for a writ of habeas corpus with this Court. (Doc. 7). On May 29, 2001, following completion of agreed-upon discovery and the filing of the state court record, Bies filed an amended petition. (Doc. 22). On July 19, 2001, Bies filed a second amended petition. (Doc. 26).

On June 20, 2002, the United States Supreme Court issued its decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), holding that it is unconstitutional to execute the mentally retarded. On December 11, 2002, the Ohio Supreme Court issued a similar decision in *State v. Lott*, 97 Ohio St. 3d 303 (2002), establishing the law and procedures governing claims of mental retardation in the Courts of Ohio.

On December 26, 2002, Magistrate Judge Merz issued a Report and Recommendation ordering Bies to file a successive post-conviction petition pertaining to his unexhausted *Atkins* claim in the state court within thirty days. (Doc. 53). On January 31, 2003, the District Court adopted Magistrate Judge Merz's Report and Recommendation. (Doc. 57).

On May 2, 2003[1], Bies filed a successive post-conviction petition based on his *Atkins* claim in the state trial court. (*See* Doc. 69, Exhibit 2). Three months later, on August 15, 2003, Bies filed a motion for summary judgment as to his third cause of action requesting the trial court find him mentally retarded. (Doc. 89, Exhibit B). On

---

[1] Although Bies' successive post-conviction petition pursuant to *Atkins v. Virginia* was file-stamped on May 1, 2003, the trial court docket sheet lists the file date as May 2, 2003.

2

April 5, 2004, the state trial court denied Bies' motion for summary judgment holding that there were factual disputes as to Bies' IQ. (Doc. 89, Exhibit C, pp. 4-6). On June 21, 2004, the state trial court denied Bies' renewed motion for summary judgment. (Doc. 89, Exhibit A).

On March 17, 2005, with his successive post-conviction petition still pending in the state trial court, Bies filed a motion to amend his petition for a writ of habeas corpus in this Court. (Doc. 89). Respondent herein opposes Bies' motion.

II.     APPLICABLE LAW

Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998), *citing Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). However, there is no need to permit amendment where it would be a futile act, because the proposed amended pleading does not in any event state a claim upon which relief can be granted. *Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002); *Hamilton v. Bean*, 745 F.2d 1034 (6th Cir. 1984). Finally, it has also been held that a district court does not abuse its discretion in denying a motion to amend a complaint when the movant presented no new facts but only "new theories" and "provided no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990), *citing Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 570-571 (9th Cir. 1987), and *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982).

In this instant case, Bies seeks permission to file an amended pleading. However, permitting Bies to amend his habeas petition would be a futile act because his mental retardation claim is: (1) unexhausted; and (2) not barred by double jeopardy or collateral estoppel.

### III.  BIES' MENTAL RETARDATION CLAIM IS UNEXHAUSTED

Federal habeas is not a *de novo* appeal where new claims are brought freely for the first time. A federal habeas petitioner must first fairly present his federal constitutional claims to the highest state court for resolution before turning to the federal courts for relief. *Ex Parte Hawk*, 321 U.S. 114, 116-117 (1944); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

The process of presenting a constitutional claim to the state's highest court is called exhaustion. Exhaustion is a quasi-jurisdictional requirement that promotes the appropriate exercise of federal power. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987); *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Exhaustion is required if a state supreme court provides an opportunity to review the claim on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

The exhaustion requirement is satisfied if it is clear that claims are procedurally barred under state law. *Gray v. Netherland*, 518 U.S. 152, 160-161 (1996). Before the AEDPA, a petition containing unexhausted claims had to be dismissed by the District Court absent exceptional or unusual circumstances. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996) (en banc), *cert. denied*, 519 U.S. 1084 (1997); *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Neal v. Gramley*, 99 F.3d 841, 846 (7th Cir. 1996), *cert.*

4

*denied*, 118 S. Ct. 104 (1997); *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir. 1996). A petitioner bears the burden of showing that he has exhausted his claims. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Under the AEDPA, if a court finds that a claim is unexhausted, it cannot grant relief. 28 U.S.C. §2254(b)(2). *See also*, *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998), *cert. denied*, 120 S. Ct. 224 (1999); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1845 (1998); *Hoxie v. Kerby*, 108 F.3d 1239, 1242-42 (10th Cir.), *cert. denied*, 118 S. Ct. 126 (1997).

Pursuant to the exhaustion requirement, this Court ordered Bies to file a successive post-conviction petition in state court to exhaust his mental retardation claim. (Docs. 53 & 57). As noted above, Bies filed his successive post-conviction petition in the state trial court. (*See* Doc. 69, Exhibit 2). Nevertheless, Bies has failed to meet the exhaustion requirement because his successive post-conviction petition is still pending in the state trial court.

Moreover, even if this was a colorable claim, Bies is not currently subject to any jeopardy by the State. Rather, the proper place to assert such a claim would be in a subsequent sentencing hearing in the event that the state courts determine that he is not mentally retarded. Of course, at that time, Bies would not be required to exhaust his claim since a resentencing procedure would subject him to a double jeopardy violation. However, since that is not the case here, Bies must first exhaust his mental retardation claim in state court before he can properly amend his federal habeas petition.

IV.  **BIES' MENTAL RETARDATION CLAIM IS NOT PRECLUDED BY DOUBLE JEOPARDY OR COLLATERAL ESTOPPEL**

The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: "Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. The Supreme Court of the United States has held that it protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 727-728 (1998), citing *North Carolina v. Pearce,* 395 U.S. 711 (1969). Collateral estoppel in criminal trials is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments. Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *See Harris v. Washington*, 404 U.S. 55, 56-57 (1971), citing *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) and *Benton v. Maryland,* 395 U.S. 784 (1969).

Bies claims that the Double Jeopardy Clause bars the state from determining, in a subsequent proceeding, whether his death sentence is precluded by the Eighth Amendment, due to his alleged mental retardation. Bies' claim is frivolous. The State is not endeavoring to try Bies for the same offense after acquittal or conviction or to impose multiple criminal punishments for the same offense. Bies was not acquitted of capital murder, and it is Bies, and not the State, who seeks a new punishment determination. Further, Bies cannot again be sentenced to death unless his previously adjudged death sentence is vacated, based upon a ground that permits re-sentencing as a way of curing any constitutional error found. Moreover, "lack of mental retardation" is not an element

6

of aggravated murder in Ohio. *See State v. Lott*, 97 Ohio St. 3d 303 (2002) (whether execution is precluded because the defendant is mentally retarded is a question for the trial judge and not the jury).

For identical reasons, collateral estoppel plainly is inapplicable. Whether Bies is mentally retarded, as defined for the purposes of the Eighth Amendment, is not "an issue of ultimate fact [that] has once been determined by a valid and final judgment." *Washington v. Harris*, 404 U.S. at 56-57. Quite obviously, no such determination could have been made before the Supreme Court of the United States held that mental retardation is a bar to execution under the Eighth Amendment, and before the Supreme Court of Ohio determined the definition of mental retardation for the purposes of the Eighth Amendment. And, as lack of mental retardation is not an element of aggravated murder, it is not an "ultimate" fact as defined for the purposes of the Double Jeopardy Clause.

Finally, *as a matter of fact*, the trial court did not decide the factual issue of whether Bies' is mentally retarded for the purposes of the Eighth Amendment ban, i.e., whether due to his level of intellectual and adaptive functioning, his execution would be cruel and unusual. Bies claims that since there is evidence in the record that his IQ is below 70, the State is now prevented from litigating his mental retardation claim based on double jeopardy and collateral estoppel. However, as the state trial court held in its April 5, 2004 denial of Bies' motion for summary judgment, "there are disputes of fact as to the IQ of Mr. Bies and as to the ultimate determination of whether he is or is not mentally retarded." (Doc. 89, Exhibit C, p. 4).

7

An individual's intelligence or IQ is one factor to be considered when determining mental retardation. In Bies' case, there is conflicting evidence in the record regarding his IQ. (Doc. 89, Exhibit C, p. 4). There is evidence that indicates that Bies has an IQ below 70 and an IQ above 70. *Id.* Moreover, all of Bies' testing was done prior to *Atkins* and *Lott*, so it is unclear what standards the experts used to determine his mental intelligence. *Id.,* pp. 4-5. In addition, much of Bies' earlier testing was done to determine insanity and not mental retardation. *Id*., p. 5.

Consequently, the State cannot be barred by double jeopardy or collateral estoppel from litigating Bies' mental retardation claim under a new standard of law. As the trial court correctly pointed out, "the issues were not identified and the analysis of *Lott* and *Atkins* had not yet been established by the Courts" at the time of Bies' prior IQ testing. (Doc. 89, Exhibit C, p. 6). Thus, allowing Bies to amend his federal habeas petition based on double jeopardy or collateral estoppel would be a futile act, since he is not currently subject to any jeopardy by the State and there is no "valid and final judgment" as to his mental retardation claim.

**V.    CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that this Court *deny* Bies' motion to amend his petition for a writ of habeas corpus.

Respectfully submitted,

**JIM PETRO**
**Attorney General of Ohio**

s/Carol A. Ellensohn
**CAROL A. ELLENSOHN (0074598)**
**CHARLES L. WILLE (0056444)**
Assistant Attorneys General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio  43215-3428
(614) 728-7055; Fax: (614) 728-8600

**COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing, *RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION TO AMEND HIS PETITION FOR A WRIT OF HABEAS CORPUS* , was filed electronically, on this **6th** day of **April**, **2005**.

In addition, a copy of the above pleading will be sent via regular U.S. Mail, postage pre-paid, to: S. Scott Haynes, Hallowes, Allen and Haynes, 6445 East Livingston Avenue, Reynoldsburg, Ohio, 43068 and Randall Porter, Ohio Public Defender's Office, 8 East Long Street, Columbus, Ohio 43215, on the **7th** day of **April**, **2005**.

s/Carol A. Ellensohn
**CAROL A. ELLENSOHN (0074598)**
Assistant Attorney General