IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL BIES,

    Petitioner,

:

Case No. 1:00-cv-682

:    District Judge Susan J. Dlott
-vs-    Chief Magistrate Judge Michael R. Merz

MARGARET BAGLEY, Warden,

:

    Respondent.

---

**DECISION AND ORDER GRANTING MOTION TO AMEND PETITION**

---

This case is before the Court on Petitioner's Motion to Amend his Habeas Corpus Petition (Doc. No. 89) which Respondent opposes (Doc. No. 91).

Petitioner seeks to amend to add as his Nineteenth Claim for Relief that "The State of Ohio is precluded from contesting Michael Bies' mental retardation because the State trial court, appellate court, and Supreme Court have already determined that he is mentally retarded. Fifth, Eighth, and Fourteenth Amendments to the United States Constitution." The specific language which would be added to the Petition is attached to the Motion to Amend.

After the United States Supreme Court decided in *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), that the mentally retarded may not be executed, Petitioner sought summary judgment in this Court on his claim that he comes within *Atkins* (Doc. No. 48, filed 9/6/2002). The Magistrate Judge recommended that that Motion be denied (Report and Recommendations, Doc. No. 53, filed 12/16/2002) because Petitioner had not exhausted his *Atkins* claim in the Ohio courts under procedures adopted by the Ohio Supreme Court in *State v. Lott,* 97

-1-

Ohio St. 3d 303, 779 N.E. 2d 1011 (2002). Judge Dlott adopted the Report and Recommendations on January 31, 2003 (Doc. No. 57), and denied Petitioner's Motion for Reconsideration March 10, 2003 (Doc. No. 61).

In the Hamilton County Common Pleas Court where Mr. Bies filed his Mental Retardation Petition under *Lott*, he also sought summary judgment, arguing that "based on the existing record, the evidence is undisputed that he is mentally retarded." That court denied summary judgment, concluding "there are disputes of fact as to the IQ of Mr. Bies and as to the ultimate determination of whether he is or is not mentally retarded." (*State v. Bies*, Case No. B9205607, Decision, April 5, 2004, copy attached as Exhibit C to Doc. No. 89.) On Petitioner's Motion for Reconsideration, Judge Myers expressly determined that the Double Jeopardy Clause did not require summary judgment. (*Id.*, Decision and Entry, June 21, 2004, copy attached as A to Doc. No. 89). Petitioner now seeks to amend his habeas petition to raise his double jeopardy claim. Moreover, he asks the Court to set a schedule to resolve that claim before he is compelled to "relitigate his mental retardation" in the state courts.[1]

Respondent opposes the amendment on the ground that Petitioner has not exhausted his mental retardation claim in the state courts. It is of course correct that he has not done so, but Petitioner claims a double jeopardy exemption from being required to exhaust that claim any further. In other words, he does not assert the State would not give him additional process or that such process would necessarily be futile, but rather than he should not be subjected to that process by virtue of his rights under the Double Jeopardy Clause. The State argues that Petitioner "is not currently subject to any jeopardy by the State," (Memorandum in Opposition, Doc. No. 91, at 5), but its analysis does not mention the possible evidentiary hearing on the Mental Retardation Petition. In that hearing, Mr. Bies

---

[1]The motion papers do not advise this Court of the exact status of this matter in the Hamilton County Common Pleas Court; presumably, it is awaiting an evidentiary hearing. See *State v. Carter*, 157 Ohio App. 3d 689, 813 N.E. 2d 78 (Ohio App. 1st Dist. 2004).

will be at risk that the Common Pleas Court will decide that he is not mentally retarded for Eighth Amendment purposes, although he claims the State has already admitted he is retarded.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 93 S. Ct. 227, 9 L. Ed. 2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F. 2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F. 2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F. 2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F. 2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F. 2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178, 93 S. Ct. 227, 9 L. Ed. 2d 222 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F. 2d 1255, 1259 (6th Cir. 1990).

The State does not claim the motion to amend is brought after undue delay, but does argue the claim is frivolous (Memorandum in Opposition, Doc. No. 91, at 6). The Court disagrees. There is a

multitude of references to Petitioner's mental retardation in the state court record. Some of the references are plainly evidentiary only, some are in arguments by the State and thus might be claimed to be admissions, and some are in court opinions which might arguably be claimed as findings. Without doubt, mental retardation was an "issue," in Petitioner's trial and the claim that that issue was settled for Eighth Amendment purposes is not frivolous, particularly given that there is little developed law in this area.

Respondent does not quarrel with Petitioner's general propositions that (1) a state court defendant with a colorable double jeopardy claim is entitled to have that claim adjudicated in federal habeas corpus before being placed in jeopardy a second time, and (2) the Double Jeopardy Clause protects against a second trial of an issue, not just a second conviction. *Abney v. United States,* 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977); *Justices of the Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984); *Reimnitz v. State's Attorney of Cook County,* 761 F. 2d 405, 408 (7th Cir. 1985); *Malinovsky v. Court of Common Pleas of Lorain County*, 7 F. 3d 1263 (6th Cir. 1993). To put it another way, a habeas petitioner with a double jeopardy claim is not required to exhaust the remedy of direct appeal before invoking our habeas jurisdiction. The Sixth Circuit reaffirmed these principles and specifically affirmed a district court's granting of a stay of Ohio Common Pleas Court proceedings pending decision on a pre-trial double jeopardy habeas petition in *Harpster v. State v. Ohio*, 128 F. 3d 322 (6th Cir. 1997).

The Ohio courts do not consider a denial of a motion to dismiss on double jeopardy grounds to be a final appealable order. *State v. Crago*, 53 Ohio St. 3d 243, 244, 599 N.E. 2d 1353 (1990). Here, the Hamilton County Common Pleas Court's denial of Petitioner's summary judgment motion on the mental retardation claim takes the place of a ruling on a motion to dismiss since Petitioner has the burden of establishing mental retardation barring his execution. As Petitioner notes, the Ohio

Supreme Court does not permit double jeopardy claims to be litigated by extraordinary writ. *Wenzel v. Enright*, 68 Ohio St. 3d 63 (1993). Therefore Petitioner has exhausted his available state remedies on his double jeopardy claim.

The Motion to Amend is GRANTED. Petitioner shall file his Amended Petition embodying his proposed Nineteenth Claim for Relief not later than April 18, 2005.

The Court proposes, pursuant to Fed. R. Civ. P. 42, to sever the Nineteenth Claim when it is filed and to set a schedule for resolving that claim independent of the balance of the Petition.

April 11, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
