IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Michael Bies, | : |
|     Petitioner, | : |
| |    Case No.:  CV-1-00-682 |
| vs. | : |
| |    District Judge Susan J. Dlott |
| Margaret Bagley, Warden, | :   Magistrate Judge Michael R. Merz |
|     Respondent. | : |

---

## MICHAEL BIES' MOTION TO BIFURCATE
## THE NINETEENTH CLAIM FOR RELIEF

---

Michael Bies moves this Court to sever or bifurcate the Nineteenth Claim for Relief. A Memorandum in Support is attached and incorporated herein.

              Respectfully submitted,

              s/ S. Scott Haynes_____
              S. SCOTT HAYNES - 0059586
              Hallowes, Allen & Haynes
              6445 E. Livingston Avenue
              Reynoldsburg, Ohio 43068
              Telephone: (614) 868-0009
              Facsimile:  (614) 868-0029

              And

              DAVID H. BODIKER
              Ohio Public Defender

              RANDALL L. PORTER - 0005835
              Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio  43215-2998
Telephone:  (614) 466-5394
Facsimile:  (614) 728-3670

COUNSEL FOR MICHAEL BIES

**MEMORANDUM IN SUPPORT**

On April 18, 2005, Michael Bies filed his Third Amended Habeas Petition.  [Doc. 93] The Nineteenth Claim alleged that the Double Jeopardy Claim precludes the State of Ohio from requiring him to prove a second time that he was mentally retarded at the time of his trial.  [Id. at ¶¶ 393-419][1]   Three state courts have already found that Michael Bies is mentally retarded and the Hamilton County Prosecutor has similarly conceded in three separate pleadings.  [Id.]

This Court should bifurcate or sever the Double Jeopardy Claim from the remainder of the claims contained the Third Petition.  Bifurcation is consistent with the prior position of the Warden, the December 26, 2002 Order of this Court, and the Sixth Circuit ruling in Hill v. Anderson, 300 F.3d 679 (6th Cir. 2002).

**I.   THIS COURT HAS THE AUTHORITY TO BIFURCATE THE NINETEENTH CLAIM FOR RELIEF.**

This Court may "in furtherance of convenience or to avoid prejudice…order a separate trial of *any claim*…"  Civil Rule 42(b) (emphasis added).  The decision to bifurcate a claim is left to the sound discretion of the court.  Saxion v. Titan-C-Manufacturing Inc., 86 F.3d 553, 556 (6th Cir. 1996); Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc., 76 F.3d 743, 747 (6th Cir. 1996); In re Beverly Hills Fire Litigation, 695 F.2d 207, 216 (6th Cir. 1982).[2]

---

[1] Michael Bies' use of the term "Double Jeopardy" in this pleading encompasses "collateral estoppel".
[2] Counsel has not found any Sixth Circuit case in which that Court determined that the trial court had abused its discretion in ordering bifurcation pursuant to Civ.R. 42(b).

A court's discretion to bifurcate extends to preliminary issues. Yung v. Raymark Industries, Inc., 789 F.2d 397 (6th Cir. 1986). Therein, the district court trifurcated the trial so that the statute of limitations issue was tried separately. Id. at 400. The Circuit Court first noted that though the statute of limitations and liability issues "are tangentially related, the evidence on the liability issue is much larger and a much broader body of information than that necessary for the trial of the statute of limitations question." Id. at 401. The appellate court then concluded that the bifurcation procedure "should be encouraged because court time and litigation expenses are minimized…. The case was originally given seven to ten days for trial. Yet only two days were used. Certainly judicial economy was served by dealing with the statute of limitation issues separately." Id.

The same considerations are present in this case. The Third Amended Petition contains eighteen other claims for relief. Though the Double Jeopardy Claim is tangentially related to the other eighteen claims, a much broader body of information and legal theories must be addressed with respect to those other eighteen claims. Six of the claims exclusively address penalty phase errors, five of the claims address errors which affect both the trial and penalty phases. This Court's limited resources will be best preserved by not addressing claims that may be rendered moot, either partially or in their entirety, by this Court's ruling on the Double Jeopardy Claim.

Even if Civ.R. 42 is not applicable to habeas pleadings, see Habeas Rule 11, the Court should reach the same result. The Sixth Circuit has addressed the merits of appeals in which the district court did not rule on all of the claims contained in the petition. Sowell v. Bradshaw, 372 F.3d 821, 829 (6th Cir. 2004); Miller v. Misfud, 762 F.2d 45, 46 (6th Cir. 1985). In neither of these cases did the Court discouraged habeas courts from ruling on fewer than all of the claims in the petition.

A decision ordering bifurcation is dependant on the facts and circumstances of each case. Saxion v. Titan-C-Manufacturing Inc., 86 F.3d at 556. Not only does judicial economy favor bifurcation in the instant case, but the December 26, 2002 ruling of this Court commands the same result.

## II. THE COURT IS PRECLUDED FROM RULING ON ALL OF THE CLAIMS CONTAINED IN THE THIRD AMENDED PETITION.

Michael Bies is aware that the Warden in other capital cases has argued that the district court must address all of the claims contained in the habeas petition. He believes, given comments by Warden's counsel at the May 29, 2005 status conference, that the Warden may adopt the same position in the present case. Given the unique facts of the instant litigation, such argument is not well taken.

### A. **This Court has already ruled that it cannot address Michael Bies' mental retardation claim until he exhausts that claim.**

On September 6, 2002, Michael Bies moved this Court for summary judgment on his Sixteenth Claim for Relief, that he is mentally retarded and cannot be executed pursuant to Atkins v. Virginia, 536 U.S. 304 (2002). School authorities placed Michael in special education classes. However, his performance was so deficient in those classes that they eventually placed him in a therapeutic school. [Defendant's Mitigation Exhibit 3, p. 3.] On February 6, 1985, Psychologist Eileen Meyer, M.A. determined that Michael Bies had a full scale I.Q. of 50. [Exhibit 6, Doc. 49] The Social Security Administration determined that Michael, at the age of fourteen, was eligible for SSI because he was mentally retarded. [Tr. 1107] The state trial court appointed Dr. Winter and Dr. Friedman to evaluate Michael and both examiners concluded that Michael operated in the borderline to mildly mentally retarded range. [St. Ct. App. Vol. I, p. 340; Defendant's Memorandum, Exhibit 3, p. 6]

4

On December 26, 2002, this Court denied Michael Bies' Motion for Summary Judgment. [Doc. 53] This Court concluded "Bies' Atkins claim is not exhausted. Under Ohio law, Bies must avail himself of the remedial process established by Ohio Rev. Code § 2953.23(A)(1)(b),…" [Id. at p. 2] The District Court affirmed this Court's ruling that the claim was not ripe because it was unexhausted. [Doc. 57]

Michael Bies' mental retardation claim remains unexhausted, through no fault of his own. He timely filed his Mental Retardation Petition [Doc. 69, Tab 1] He is now back before this Court because the state trial court denied his Double Jeopardy Claim which he properly raised in his Mental Retardation Petition. [Doc. 89, Exhibit A] The law of the case precludes the re-litigation of the exhaustion issue of the ripeness of the claim for a merits determination.[3]

This Court in its December 26, 2002 Report and Recommendation provided additional analysis, "Finally, in arguing that the state courts have already determined he is mentally retarded, … Bies seems to be making an argument that the state is now collaterally estopped from claiming he is not mentally retarded. That is a question for the state courts in the first instance." [Doc. 53, p. 3]

Michael Bies has now presented his double jeopardy claim to the state courts and this Court should address the issue.[4]

**B. The Warden is estopped from arguing that the court should address all of the claims contained in the petition.**

The Warden cannot legitimately argue that this Court should now address all nineteen claims for relief contained in the petition, as opposed to simply addressing the Double Jeopardy

---

[3] The Warden could arguably permit the Court to rule on all of the claims contained in the petition by specifically waiving the exhaustion issue. 28 U.S.C. 2254(b)(3)

[4] The issue is exhausted because the Ohio courts do not permit pretrial appeals of double jeopardy claims. Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 303 (1984); Johnson v. Karnes, 198 F.3d 589, 599 (6th Cir. 1999); Gully v. Kunzman, 592 F.2d 283, 286 (6th Cir. 1979); Wenzel v. Enright, 68 Ohio St.3d 63, 66 (1993).

Claim. When Michael Bies moved for summary judgment on his Mental Retardation Claim, the Warden argued that "Bies never properly presented this claim to the state courts. Thus, Bies has failed to provide the state courts or for that matter any court with the opportunity to assess the degree of his mental retardation. Accordingly, Bies is not entitled to summary judgment on this ground for relief." [Doc. 50, p. 5]

After this Court denied Michael Bies' Motion for Summary Judgment because the claim was unexhausted [Doc. 53], Michael Bies appealed to the District Court [Doc. 55]. The Warden apposed that appeal because "the Ohio Supreme Court has recently held that Ohio death row inmates have a new vehicle for raising an Atkins claim in state court.… the Magistrate Judge properly noted that 'Bies must avail himself of the remedial process established by Ohio Rev. Code § 2953.23(A)(1)(b)' and file a second or successive post-conviction petition asserting his unexhausted Atkins claim in state court." [Doc. 56, p. 5]

Judicial or equitable, estoppel protects the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. New Hampshire v. Maine, 532 U.S. 742, 749-759 (2001). Courts have characterized the rule of judicial estoppel as precluding a party from playing "fast and loose with the courts", blowing hot and cold as the occasion demands" and "having one's cake and eating it too". Reynolds v. Commissioner of Internal Revenue Service, 861 F.2d 469, 472 (6th Cir. 1998) (citation omitted). In Reynolds, the Court observed "Emerson dictum's that 'a foolish consistency is the hobgoblin of little minds' cuts no ice in this context." Id. at 472-473.

The Warden argued, and this Court and the District Court accepted that argument that this Court could not address Michael Bies' mental retardation claim because it was unexhausted.

6

The Warden cannot now, having prevailed on that argument, reverse course and argue that all of the claims are ripe for decision.

### III. BIFURCATION OF THE DOUBLE JEOPARDY CLAIM IS CONSISTENT WITH HILL V. ANDERSON, 300 F.3D 679 (6TH CIR. 2002).

A federal court is required to stay habeas proceedings until a petitioner exhausts his mental retardation claim. Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002). The ruling applies to habeas cases that are in either the District or Circuit courts. Id.

The court in Hill made a policy decision as to the procedure that the federal courts should employ to address unexhausted mental retardation claims. It could have permitted the filing of a second or successor habeas petition (see Walker v. True, 399 F.3d 315, 318 (4th Cir. 2005) and In re Morris, 328 F.3d 739, 741 (5th Cir. 2003)) or provided for the holding of cases in abeyance. The Hill court chose the latter. Thus when a habeas case reaches the Sixth Circuit, all of the claims, including any mental retardation claim, should be exhausted.

If this Court addresses all of the claims or bifurcate the unexhausted mental retardation claim, it will violate the spirit if not the express holding of Hill. When Michael's case reaches the Circuit, his mental retardation claim will be unexhausted, exactly the posture the Court sought to avoid in Hill. By bifurcating the Double Jeopardy Claim, this Court will insure that when the Circuit reviews the substantive claims contained in the petition (other than the Double Jeopardy Claim) the mental retardation claim will be exhausted.

### IV. MICHAEL BIES HAS COMPLIED WITH THIS COURT'S DIRECTIVE.

This Court in its December 26, 2002, Report and Recommendation, informed Michael Bies that he was not entitled to a merits review of his summary judgment motion because *both* his Mental Retardation and Double Jeopardy Claims were unexhausted. [Doc. 53, pp. 2-3] Pursuant to this Court's direction, Michael Bies returned to state court to exhaust both of those

claims. He has now removed the exhaustion impediment as to the Double Jeopardy claim, but not as to the Mental Retardation Claim.

The Court should address the merits of the Double Jeopardy Claim by bifurcating that claim. By doing so, this Court will permit Michael Bies to eventually exhaust his mental retardation claim. At that point, this Court can address the other claims contained in the habeas petition.

Respectfully submitted,

s/ S. Scott Haynes _____
S. SCOTT HAYNES - 0059586
Hallowes, Allen & Haynes
6445 E. Livingston Avenue
Reynoldsburg, Ohio 43068
Telephone: (614) 868-0009
Facsimile: (614) 868-0029

And

DAVID H. BODIKER
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998
Telephone: (614) 466-5394
Facsimile: (614) 728-3670

COUNSEL FOR MICHAEL BIES

9

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing MICHAEL BIES' MOTION TO BIFURCATE THE NINETEENTH CLAIM FOR RELIEF INVOLVING DOUBLE JEOPARDY was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                            s/ S. Scott Haynes
                                            S. SCOTT HAYNES

                                            COUNSEL FOR MICHAEL BIES