IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BIES** | : | CASE NO.:  1:00CV682 |
| Petitioner, | : | JUDGE DLOTT |
| | : | MAGISTRATE JUDGE MERZ |
| v. | : | DEATH PENALTY CASE |
| **MARGARET BAGLEY,** Warden | : | |
| Respondent. | : | |

**RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION TO BIFURCATE THE NINETEENTH CLAIM FOR RELIEF**

Respondent, Warden Margaret Bagley (hereinafter "Respondent"), opposes Petitioner, Michael Bies' (hereinafter "Bies"), motion to bifurcate the nineteenth claim for relief. The reasons are set forth in the attached memorandum.

Respectfully submitted,

**JIM PETRO**
**Ohio Attorney General**

**CAROL A. ELLENSOHN (0074598)**
**CHARLES L. WILLE (0056444)**
Assistant Attorneys General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; Fax: (614)728-8600

**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN OPPOSITION**

**I.    INTRODUCTION**

In 1992, Bies was tried, convicted and sentenced to death for the brutal murder of ten-year-old Aaron Raines in Hamilton County, Ohio.

On August 21, 2000, Bies filed a petition for a writ of habeas corpus with this Court. (Doc. 7). On May 29, 2001, following completion of agreed-upon discovery and the filing of the state court record, Bies filed an amended petition. (Doc. 22). On July 19, 2001, Bies filed a second amended petition. (Doc. 26).

On June 20, 2002, the United States Supreme Court issued its decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), holding that it is unconstitutional to execute the mentally retarded. On December 11, 2002, the Ohio Supreme Court issued a similar decision in *State v. Lott*, 97 Ohio St. 3d 303 (2002), establishing the law and procedures governing claims of mental retardation in the Courts of Ohio.

On December 26, 2002, Magistrate Judge Merz issued a Report and Recommendation ordering Bies to file a successive post-conviction petition pertaining to his unexhausted *Atkins* claim in the state court within thirty days. (Doc. 53). On January 31, 2003, the District Court adopted Magistrate Judge Merz's Report and Recommendation. (Doc. 57).

On May 2, 2003[1], Bies filed a successive post-conviction petition based on his *Atkins* claim in the state trial court. (*See* Doc. 69, Exhibit 2). Three months later, on August 15, 2003, Bies filed a motion for summary judgment as to his third cause of action requesting the trial court find him mentally retarded. (Doc. 89, Exhibit B). On April 5, 2004, the state trial

---

[1] Although Bies' successive post-conviction petition pursuant to *Atkins v. Virginia* was file-stamped on May 1, 2003, the trial court docket sheet lists the file date as May 2, 2003.

court denied Bies' motion for summary judgment holding that there were factual disputes as to Bies' IQ. (Doc. 89, Exhibit C, pp. 4-6). On June 21, 2004, the state trial court denied Bies' renewed motion for summary judgment. (Doc. 89, Exhibit A).

On March 17, 2005, with his successive post-conviction petition still pending in the state trial court, Bies filed a motion to amend his petition for a writ of habeas corpus requesting to add a Double Jeopardy claim as his nineteenth claim for relief. (Doc. 89). On April 11, 2005, this Court granted Bies' motion to amend his petition. (Doc. 92). On April 18, 2005, Bies filed his third amended petition for a writ of habeas corpus. (Doc. 93).

On June 10, 2005, Bies filed a motion to bifurcate his nineteenth claim for relief. (Doc. 98). Respondent herein opposes Bies' motion.

II. **ARGUMENT**

Bies essentially asks the Court to adjudicate and grant him relief on an exhausted claim, e.g. that his right to protection against Double Jeopardy has been violated, although his petition also includes an unexhausted claim. Bies request is improper, as this Court is without authority to order such piecemeal litigation. It is well established that a "mixed petition" must be dismissed without prejudice or held in abeyance. Therefore, this Court should deny Bies' request.

In any event, for efficiency and comity, this Court should deny Bies' motion to bifurcate his nineteenth claim for relief. The failure to address all of Bies claims could potentially frustrate an appeal for a lack of a final, appealable order. Contrary to Bies' assurances, bifurcating claims in federal habeas proceedings is discouraged and even prohibited. In *Clisby v. Jones*, the Eleventh Circuit was so "disturbed by the growing number

of cases in which they were forced to remand for consideration of issues the district court chose not to resolve" that they exercised their supervisory power and ordered "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S. C. § 2254 (1988), regardless whether habeas relief is granted or denied." 960 F.2d 925, 935-936 (1992) (citations omitted).

Similarly, here in the Southern District, Local Rule 57.2, which explicitly governs capital habeas cases only (Local Crim.R. 57.2(a)), requires this Court to rule on all of Bies' claims:

> **Rulings on Issues**.  This Court's opinion in any such action [capital §2254 proceedings] shall separately state each issue raised by the petition and will rule expressly on each issue stating the reasons for each ruling made.

Southern District Local Crim. R. 57.2(f).

Furthermore, the general prohibition against adjudicating mixed petitions, i.e. one or more claims are unexhausted, is based on the premise that all claims in the petition should be decided by the Court at the same time.  Therefore, there is nothing inconsistent with the Respondent's insistence that Bies' claims be adjudicated simultaneously and that the Court issue a merits determination of all the claims in a single judgment. Indeed, if "bifurcation" were permitted there would be no need to dismiss without prejudice or hold the petition in abeyance.

Thus, Respondent requests that upon exhaustion of his *Atkins* claim, this Court should then proceed to adjudicate the merits of all Bies' claims simultaneously.

### III.    CONCLUSION

For the foregoing reasons, Respondent respectfully requests that this Court *deny* Bies' motion to bifurcate the nineteenth claim for relief.

Respectfully submitted,

**JIM PETRO**
**Ohio Attorney General**

s/Carol A. Ellensohn
**CAROL A. ELLENSOHN (0074598)**
**CHARLES L. WILLE (0056444)**
Assistant Attorneys General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio  43215-3428
(614) 728-7055; Fax: (614) 728-8600

**COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

    I certify that a true and accurate copy of the foregoing, *Respondent's Memorandum in Opposition to Petitioner's Motion to Bifurcate the Nineteenth Claim for Relief*, was filed electronically. In addition, a copy of the above pleading was sent via regular U.S. Mail, postage pre-paid, to: S. Scott Haynes, Hallowes, Allen and Haynes, 6445 East Livingston Avenue, Reynoldsburg, Ohio, 43068 and Randall Porter, Ohio Public Defender's Office, 8 East Long Street, Columbus, Ohio 43215, this *1st* day of *July, 2005*.

                                              s/Carol A. Ellensohn
                                              **CAROL A. ELLENSOHN (0074598)**
                                              Assistant Attorney General