IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Michael Bies, : | |
|     Petitioner, : | |
| | Case No.: CV-1-00-682 |
| vs. : | |
| | District Judge Susan J. Dlott |
| Margaret Bagley, Warden, : | Magistrate Judge Michael R. Merz |
|     Respondent. : | |

---

## MICHAEL BIES' REPLY IN SUPPORT OF HIS MOTION TO BIFURCATE THE NINETEENTH CLAIM FOR RELIEF

---

On May 17, 2005, the Court held a status conference. [Doc. 95]. At the conclusion of the conference, the Court ordered briefing on the issue of bifurcation of the double jeopardy claim. [Doc. 97].

Michael Bies timely submitted his brief on the limited issue. [Doc. 98]. He addressed therein the manner in which his constitutional right to resolution of his double jeopardy claim prior to the state court evidentiary hearing could be reconciled with existing procedural rules. Those provisions include, that 1) a court generally addresses all of the claims contained in a habeas petition, and 2) a court does not rule on a habeas petition that contains unexhausted claim(s). There can be a tension between these procedural rules and the constitutional provision. Michael Bies requested that this Court bifurcate the double jeopardy claim, which must be resolved prior to the exhaustion of the substantive mental retardation claim.

The Warden, in opposing Michael Bies' Motion to Bifurcate, did not attempt to resolve the conflicting provisions. Instead, the Warden ignored the conflict by asserting that Michael

Bies' double jeopardy claim is unexhausted, "Bies essentially asks the Court to adjudicate and grant him relief on an *unexhausted* claim, e.g. that his right to protection against double jeopardy has been violated." [Memorandum Contra, p. 3] (emphasis added). This Court has already concluded that "Petitioner has exhausted his available state remedies on his double jeopardy claim." [Doc. 92, p. 5].[1] That is the law of the case and should not be relitigated.

Once it becomes apparent that the double jeopardy claim is exhausted, the remainder of the Warden's arguments quickly falls by the wayside. The Warden believes that "there is nothing inconsistent with the Respondent's insistence that Bies' claims be adjudicated simultaneously and that the Court issue a merits determination of all the claims in a single judgment." The Warden has in fact argued inconsistently. She initially argued that the Court could not rule on any of the claims until the substantive mental retardation claim is exhausted. She now appears to argue that this Court should rule on all of the claims including the substantive Mental Health Claim without exhaustion of that claim. [Motion to Bifurcate, p. 5-7][2]

The Warden cites this Court to Clisby v. Jones, 960 F.2d 925 (1992) [Memorandum Contra pp. 3-4]. The Warden observes that "in *Clisby v. Jones*, the Eleventh Circuit was 'so disturbed by the growing number of cases in which they were forced to remand for consideration of issues the district court chose not to resolve.'" [Id. at pp. 3-4]. There is no similar problem in the Sixth Circuit. Michael Bies is only aware of one capital case in which the district court did not rule on all the claims. Sowell v. Bradshaw, 372 F.3d 821, 828 (6th Cir. 2004). The Circuit in that case did not exercise its supervisory power to order the district courts to resolve all claims

---

[1] This Court, provided extensive citation to controlling case law to support its conclusion that the double jeopardy claim is exhausted. [Id. at p. 4]. Even absent the law of the case doctrine, there is no reason to relitigate this issue, given this Court's extensive citation to existing precedent.
[2] The Warden's Motion is unclear as to what she believes is the proper course of action. At times, she references dismissal, abeyance and ruling on all of the claims [Memorandum Contra, pp. 3-4]. The Warden never once cites to or recognizes Michael Bies' constitutional right to have the double claim jeopardy resolved prior to state court evidentiary hearing. None of the Warden's referenced alternatives protect that constitutional right.

for relief raised in a petition. [Memorandum Contra p. 4]. Presumably, that Court did not enter such an order because the district courts in this Circuit court were not abusing the system by addressing only some of the claims contained in the petition.

The Warden also cites to Southern District Local Crim. R. 57.2(f) which provides that the district courts "will rule expressly on each issue [in the petition] stating the reasons for each ruling made." The Rule was not drafted with the unique circumstances in mind that are present in this case. The Local Rule cannot trump Michael Bies' constitutional right to have his double jeopardy claim resolved prior to the state court evidentiary hearing. Neither can the Local Rule contravene 28 U.S.C. § 2254(b) which precludes this Court from ruling on unexhausted claims unless certain limited except are applicable. Bifurcation of the double jeopardy claim will permit this Court to apply Local Rule 57.2(f) to the remainder of the petition. Once the double jeopardy claim is resolved, Michael Bies can, if necessary, exhaust his substantive mental retardation claim and this Court can then "rule expressly on each issue" contained in the amended petition.

WHEREFORE, the reasons set forth in this Reply has initial motion, and any other reasons that may be apparent in the face of the record, Michael Bies requests this Court to grant his Motion to Bifurcate.

                                                      Respectfully submitted,

                                                      s/ S. Scott Haynes_____
                                                      S. SCOTT HAYNES - 0059586
                                                      Hallowes, Allen & Haynes
                                                      6445 E. Livingston Avenue
                                                      Reynoldsburg, Ohio 43068
                                                      Telephone: (614) 868-0009
                                                      Facsimile: (614) 868-0029

                                                      And

                                                      DAVID H. BODIKER
                                                      Ohio Public Defender

        RANDALL L. PORTER - 0005835
        Assistant State Public Defender
        Office of the Ohio Public Defender
        8 East Long Street, 11th Floor
        Columbus, Ohio  43215-2998
        Telephone:  (614) 466-5394
        Facsimile:  (614) 728-3670

        COUNSEL FOR MICHAEL BIES

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2005, a true copy of the foregoing MICHAEL BIES' REPLY IN SUPPORT OF HIS MOTION TO BIFURCATE THE NINETEENTH CLAIM FOR RELIEF was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

        s/ S. Scott Haynes
        S. SCOTT HAYNES

        COUNSEL FOR MICHAEL BIES

220471