IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL BIES,
:
    Petitioner,                                    Case No. 1:00-cv-682

                                         :           District Judge Susan J. Dlott
    -vs-                                          Chief Magistrate Judge Michael R. Merz

MARGARET BAGLEY, Warden,
:
    Respondent.

**DECISION AND ORDER GRANTING MOTION TO BIFURCATE**

This case is before the Court on Petitioner's Motion to Bifurcate his Nineteenth Claim for Relief (Doc. No. 98) which Respondent opposes (Doc. No. 99); Petitioner has filed a Reply in Support (Doc. No. 100).

Petitioner's Nineteenth Claim, added when he filed his Third Amended Petition, is as follows:

> NINETEENTH CLAIM FOR RELIEF: THE STATE OF OHIO IS PRECLUDED FROM CONTESTING MICHAEL BIES' MENTAL RETARDATION BECAUSE THE STATE TRIAL COURT, APPELLATE COURT AND SUPREME COURT HAVE ALREADY DETERMINED THAT HE IS MENTALLY RETARDED, AND THE STATE HAS REPEATEDLY CONCEDED THAT FACT. Fifth, Eighth and Fourteenth Amendments to the United States Const

(Third Amended Petition, Doc. No. 93, at iv.)

The Third Amended Petition is a "mixed" habeas corpus petition in that it includes Petitioner's claim that his mental retardation makes it unconstitutional to execute him (Sixteenth Claim for Relief).

That claim is unexhausted in that it was presented to the Hamilton County Common Pleas Court in a successive petition for post-conviction relief, pursuant to the procedure adopted by the Ohio Supreme Court in *State v. Lott,* 97 Ohio St. 3d 303, 779 N.E. 2d 1011 (2002), for litigating claims arising under the United States Supreme Court's decision in *Atkins v. Virginia,* 536 U.S. 304 (2002), and the state courts have not yet rendered a final judgment on that petition.

The usual rule is that federal habeas courts should not adjudicate mixed petitions. Prior to adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), district courts were instructed to dismiss mixed petitions and await re-filing after all the claims had been exhausted. *Rose v. Lundy,* 455 U.S. 509 (1982); *Pilette v. Foltz,* 824 F. 2d 494 (6th Cir. 1987). With the adoption of a statute of limitations for habeas claims in the AEDPA, that course of action was no longer appropriate. Instead, district courts are now instructed to hold petitions in abeyance pending prompt return to state court on unexhausted claims. *Rhines v. Weber*, 541 U.S. ___, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). In *Rhines*, the Supreme Court endorsed, at least in broad outline, the process this Court had previously been following under *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002). The Court expressly relied on *Palmer* when staying these proceedings pending state court resolution of Petitioner's Sixteenth Ground for Relief (Decision and Order of February 19, 2002, Doc. No. 39).

The usual practice, also, is that this Court does not adjudicate parts of capital habeas corpus petitions. S. D. Ohio Crim. R. 57.2 provides in pertinent part:

> (f) Rulings On Issues. This Court's opinion in any such action shall separately state each issue raised by the petition and will rule expressly on each issue stating the reasons for each ruling made.

The policy supporting this practice is avoidance of piecemeal litigation, which is reflected in the Eleventh Circuit's opinion in *Clisby v. Jones*, 960 F. 2d 925, 935-36 (1992), cited by Respondent.

Avoidance of piecemeal litigation is indeed wise judicial policy in habeas corpus as in other litigation.

However, the policy is not an inflexible one. Respondent claims the Court is "without authority" to allow bifurcation here, but herself cites no authority for that proposition. The rule in *Clisby v. Jones* was, as Respondent notes, promulgated under the Eleventh Circuit's supervisory authority and did not purport to interpret the Rules Governing §2254 Cases, the Federal Rules of Civil Procedure, or 28 U.S.C. Ch. 153. Of course the Eleventh Circuit does not have supervisory authority over this Court.

While the avoidance of piecemeal litigation is an important policy, here it competes with Petitioner's constitutional interest. The Nineteenth Claim for Relief raises a double jeopardy objection to the State's insistence on "re-trying" the Petitioner's mental retardation claim. Respondent admits that Petitioner has exhausted this double jeopardy claim in the state courts (Memorandum in Opposition, Doc. No. 99, at 3). In granting Petitioner's Motion to Amend to add the Nineteenth Claim, the Court noted:

> Respondent does not quarrel with Petitioner's general propositions that (1) a state court defendant with a colorable double jeopardy claim is entitled to have that claim adjudicated in federal habeas corpus before being placed in jeopardy a second time, and (2) the Double Jeopardy Clause protects against a second trial of an issue, not just a second conviction. *Abney v. United States,* 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977); *Justices of the Boston Municipal Court v. Lydon,* 466 U.S. 294, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984); *Reimnitz v. State's Attorney of Cook County,* 761 F. 2d 405, 408 (7th Cir. 1985); *Malinovsky v. Court of Common Pleas of Lorain County*, 7 F. 3d 1263 (6th Cir. 1993).

(Decision and Order of April 11, 2005, Doc. No. 92, at 4.) Thus failure to bifurcate the Nineteenth Claim would in effect deny at least part of that claim *sub silentio* because presumably Petitioner would be forced to proceed to an evidentiary hearing on this mental retardation claim in the state courts without having a federal determination of his double jeopardy claim.

Accordingly, the Motion to Bifurcate is GRANTED.

Petitioner shall file any memorandum he wishes the Court to consider in support of his Nineteenth Claim on the merits not later than September 16, 2005; Respondent shall respond thereto not later than September 30, 2005.  Petitioner may file a reply memorandum in support not later than October 7, 2005.[1]

September 2, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

---

[1] The Court believes these relatively short periods for briefing are necessary for comity with the state courts and should not impose an undue burden on counsel who presumably have already briefed these questions in the pending state court proceeding.  If the times allowed are too short for reasons unknown to the Court, counsel may apply for additional time upon a showing of good cause and compliance with S. D. Ohio Civ. R. 7.3.