IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Michael Bies, | : | |
| Petitioner, | : | |
| | | Case No.: CV-1-00-682 |
| vs. | : | |
| | | District Judge Susan J. Dlott |
| Margaret Bagley, Warden, | : | Magistrate Judge Michael R. Merz |
| Respondent. | : | |

**PETITIONER MICHAEL BIES' REPLY IN SUPPORT OF THE NINETEENTH CLAIM FOR RELIEF**

The Warden in her Memorandum in Opposition to Petitioner's Nineteenth Claim for Relief raises four issues: 1) the claim is unexhausted, 2) Petitioner has not complied with the procedures established in State v. Lott, 97 Ohio St.3d 303 (2002), 3) Petitioner has not proven that he is mentally retarded and 4) collateral estoppel is not applicable. Michael Bies will separately address each of the issues.

**I.    The Nineteenth Claim for Relief is Exhausted.[1]**

A habeas petitioner can bring his claim of double jeopardy to the federal courts prior to going to trial, if he has exhausted his state court remedies. Justices of the Boston Municipal Court v. Lydon, 466 U.S. 294, 303 (1984); Johnson v. Karnes, 198 F.3d 589, 592 (6th Cir. 1999). The appellate courts of the State of Ohio do not permit interlocutory appeals of double jeopardy claims. State v. Crago, 58 Ohio St.3d 243, 244-245 (1990); Wenzel v. Enright, 68 Ohio St.3d 64, 66 (1993). Therefore, Michael Bies's collateral estoppel/double jeopardy claim is exhausted

---

[1] Memo Contra, pp. 8-9.

and properly before this Court. Gully v. Kunzman, 592 F.2d 283, 286 (6th Cir. 1979); 28 U.S.C. 2254(b).

## II.     Michael Bies Does Not Have To Comply With The Lott Procedures.[2]

The Ohio Supreme Court has created a procedure for litigating the merits of post-trial mental retardation claims. State v. Lott, 97 Ohio St.3d 303 (2002).[3] The Ohio Supreme Court in Lott did not reach the collateral estoppel issue which is presently before this Court because the appellate courts had not previously found that he was mentally retarded. State v. Lott, 1989 Ohio App. LEXIS 969 (Cuy. App. March 16, 1989) p. *110-115 [Exhibit A]; State v. Lott, 51 Ohio St.3d 160, 172 (1990).

The Double Jeopardy Clause protects the defendant from having to relitigate an issue that has already been decided in his favor. The Clause protects the defendant not only from the potentially conflicting results, but against just having to "show up" and participate in the second round of litigation involving the same fact. Justices of Boston Municipal Court v. Lydon, 466 U.S. at 303 ("a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause."). Thus the issue before this Court is whether the state can require Michael Bies to avail himself of the Lott procedures. Requiring him to relitigate his mental retardation pursuant to the Lott procedures, prior to litigating the issue of whether he has to be subjected to the Lott procedures is neither constitutionally required nor permitted.

Collateral estoppel precludes the state from re-litigating a factual issue that has been decided previously in the defendant's favor. Because of the nature of the constitutional

---

[2] Memo Contra, pp. 4-5.
[3] The state court at trial followed a procedure that is very similar to the procedure established by the Ohio Supreme Court in Lott. See Petitioner's Memorandum [Doc. 103, pp. 2-4].

protection, it gives Michael Bies the right to seek federal habeas review prior to being forced to re-litigate his mental retardation pursuant to the Lott or any other procedure.

**III.     The Correctness Of The State Court's Repeated Findings Is Not Before This Court.[4]**

The Warden began its Memorandum by citing to the state court finding that, "'there are disputes of fact as to the IQ of Mr. Bies and as to the ultimate determination of whether he is or is not mentally retarded.' Doc. 101, Supp. Apx. Vol. 9, p. 69." [Memo Contra p. 3-4]. Subsequently, the Warden employs much of her pleading to argue that Michael Bies has not factually established that his is mentally retarded. [Memo Contra pp. 5-8]. The state's argument is not well founded because "where the Double Jeopardy Clause is applicable, its sweep is absolute. There are no 'equities' to be balanced, for the clause has declared a constitutional policy, based on grounds which are not open to judicial examination." Burks v. United States, 437 U.S. 1, 11 n.6 (1978).

**IV.     Collateral Estoppel Precluded Relitigation of Michael Bies' Mental Retardation.[5]**

The Warden claims that a determination concerning Michael Bies' mental retardation "could have been made before the Supreme Court of the United States held that mental retardation is a bar to execution under the Eighth Amendment, and before the Supreme Court of Ohio determined the definition of mental retardation for the purposes of the Eighth Amendment." [Memo Contra p. 10]. The United States Supreme Court in Atkins v. Virginia, 536 U.S. 34 (2002), did not develop a new psychological classification of "mental retardation". Countless persons, including Michael Bies, were determined to be "mentally retarded" prior to

---

[4] Memo Contra, pp. 5-8.
[5] Memo Contra, pp. 9-11

3

Atkins. The Ohio Supreme Court in Lott did not create a new test for determining mental retardation. See Memorandum Doc. 103, p. 10, n.3.

The Warden claims that "whether Bies is mentally retarded, as defined for the purposes of the Eighth Amendment, is not an issue of ultimate fact [that] has once been determined by a valid and final judgment. Washington v. Harris, 404 U.S. at 56-57." [Memo Contra p. 10]. The state court record belies this assertion.

The prosecutors, during the trial and appellate proceedings, had a strong incentive to actively contest Michael's mental retardation. The state, to be entitled to a death sentence, had to prove that the aggravators outweighed the mitigators by proof beyond a reasonable doubt. To meet this burden, the prosecution was permitted to rebut any mitigating factors raised by Michael Bies. State v. DePew, 38 Ohio St.3d 275 (1988); State v. Jalowiec, 91 Ohio St.3d 220, 232 (2001). This would have included the mitigating factor of mental retardation. Michael Bies' mental retardation was a disputed issue at trial with respect to whether the aggravating factors outweighed the mitigating by proof beyond a reasonable doubt. [Tr. 1054, 1117, 1157-1159, 1164, 1169, 1180].

On direct appeal, Michael Bies' mental retardation was also a relevant issue involving both appellate courts' mandatory independent review. R.C. 2929.05. Prior to Atkins, the Ohio Supreme Court had repeatedly recognized that mental retardation or below average intelligence was a mitigating factor worthy of weight and effect in conducting the required appropriateness review. State v. Rojas, 64 Ohio St.3d 131, 143 (1992); State v. Hill, 64 Ohio St.3d 313 (1992); State v. Green, 66 Ohio St.3d 141, 153 (1993). The parties addressed in their briefings before both appellate courts on direct review, the issue of Michael Bies' mental retardation. See

Petitioner's Memo Doc. 103, pp. 3-4.  Both of those appellate courts found Michael Bies to be mild to borderline mentally retarded.

The Warden cites to a single case on the issue of collateral estoppel.  <u>Washington v. Harris</u>, 404 U.S. 55, 56-57 (1971) [Memo Contra p. 10].  In that case the defendant was found not guilty as to one of the three victims.  He was subsequently charged with the murder of the other two victims.  The state courts rejected the defendant's collateral estoppel claim because the state at the second trial was going to introduce additional evidence that the trial court had precluded the prosecution from introducing at the first trial.  The Supreme Court found that "the State concedes that the ultimate issue of identity was decided by the jury in the first trial.  That being so, the constitutional guarantee applies, irrespective of whether the jury considered all relevant evidence, and irrespective of the good faith of the State in bringing successive prosecutions."  <u>Id.</u> at 56.

The state prosecutors in Michael Bies case, like the prosecutors in <u>Washington</u>, claim that they should get a second bite of the apple on the mental retardation issue because the *may* have additional evidence to present on the issue. It is simply irrelevant to the Fifth Amendment whether the trier of fact considered all of the relevant evidence. <u>Washington</u>, 404 U.S. at 56. To hold otherwise, would remove the finality of all judgments because the loosing party could always find additional evidence to present to the trier of fact.

**VI.    This Court Should Grant Habeas Relief.**

The prosecutors are basically asking that this Court to treat the mental retardation evidence and findings from Michael Bies' trial, two direct appeals and three levels of post-conviction review as if those proceedings, "were no more than a dry run" for the second proposed round of mental retardation litigation.  The prosecutors now are attempting to do what

5

all attorneys would do, refine their presentation in light of the their prior adverse results on the issue, "But this is precisely what the constitution guarantee forbids." Asle v. Swenson, 397 U.S. 436, 447 (1990).

Michael Bies respectfully request this Court not to permit the state prosecutors to scrap the first eight years of state court litigation. This Court should issue the writ requiring the state courts to honor their prior repeated mental retardation findings which were entered after the parties had litigated the issue.

                                                Respectfully submitted,

                                                s/ S. Scott Haynes_____
S. SCOTT HAYNES - 0059586
Hallowes, Allen & Haynes
6445 E. Livingston Avenue
Reynoldsburg, Ohio 43068
Telephone: (614) 868-0009
Facsimile:  (614) 868-0029

And

DAVID H. BODIKER
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio  43215-2998
Telephone:  (614) 466-5394
Facsimile:  (614) 728-3670

COUNSEL FOR MICHAEL BIES

6

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 7th day of October, 2005, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                 s/ S. Scott Haynes_____
                                 S. SCOTT HAYNES

                                 COUNSEL FOR MICHAEL BIES

225053