# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL BIES,

            Petitioner,

                   -vs-

MARGARET BAGLEY, Warden,

            Respondent.

:

:

:

Case No. 1:00-cv-682

District Judge Susan J. Dlott
Chief Magistrate Judge Michael R. Merz

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Respondent's Objections (Doc. No. 108) to the Magistrate Judge's Report and Recommendations on the merits of Petitioner's Nineteenth Claim for Relief (Doc. No. 107). Petitioner has responded to those Objections (Doc. No. 109).The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

In the original Report, the Magistrate Judge recommended that Petitioner be granted a writ of habeas corpus on his Nineteenth Ground for Relief, to wit, that the State of Ohio is barred by the Double Jeopardy Clause from forcing Petitioner to retry his claim that he is mentally retarded; because that ultimate fact has been established by prior state court judgments, Petitioner is entitled to have his death sentence vacated.

Respondent makes essentially two objections:

1.     The state court's determination on Petitioner's Double Jeopardy claim is not contrary to or

an unreasonable application of clearly established law because "the Supreme Court of the United States has never held that a determination of mental retardation for the purposes of the Eighth Amendment is a fact that is subject to the protections of the Double Jeopardy Clause or a derivative doctrine of estoppel."  (Objections, Doc. No. 108 at 7.)

2.      The state courts in the initial proceedings "did not decide the factual issue of whether Bies is mentally retarded for the purposes of the Eighth Amendment, i.e., whether due to his level of intellectual and adaptive functioning, his execution would be cruel and unusual."  *Id*. at 8.

## First Objection: Clearly Established Law

The premise of Respondent's first objection is correct: The United States Supreme Court had never held that mental retardation is an ultimate fact whose establishment in a first criminal proceeding precludes its re-trial in a second proceeding because of the Double Jeopardy Clause.  The critical question is whether any prior Supreme Court precedent is sufficiently close to require its application to this case.

Respondent correctly cites the generally applicable standard under 28 U.S.C. §2254(d)(1):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

The Supreme Court first interpreted this language, added to the habeas corpus statute by the

Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the

"AEDPA"), in *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The Court explained *Williams* in *Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 1849-50, 152 L. Ed.

2d 914 (2002):

> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Earlier this year, the Court reaffirmed this analysis in *Brown v. Payton,* ___ U.S. ___, 125

S. Ct. 1432 (2005):

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra*, at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam)*. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

As noted in the original Report, the entire decision of the Hamilton County Common Pleas

Court on Petitioner's Double Jeopardy claim reads as follows:

> This matter is before the Court on Petitioner Michael Bies' Renewed
> Motion for Summary Judgment. The Court has considered the Motion
> and hereby denies the same.  The Court incorporates by reference its
> prior decision, and to the extent not specifically stated, finds for the
> reasons discussed in its prior decision that the double jeopardy clause
> does not require summary judgment in this case.

(Decision and Entry of June 21, 2004; Supp. Apx. Vol. 9 at 97.)   In fact there is no discussion whatever of federal Double Jeopardy law in either Judge Myers' first or second decision on Petitioner's motion for summary judgment.  Respondent's Objections do not attempt to defend those decisions as reasonable applications of federal law.  Instead, they seem to assert that there is no federal law to apply because the U.S. Supreme Court has never held mental retardation is a fact whose prior decision is protected by the Double Jeopardy Clause.

This approach reads the Supreme Court's jurisprudence under *Williams v. Taylor* entirely too narrowly.  The Supreme Court has clearly held, long since, that a state court finding on an ultimate fact in a criminal case precludes retrying that ultimate fact.  *Harris v. Washington*, 404 U.S. 55 (1971); *Ashe v. Swenson*, 397 U.S. 436 (1970).  Although the ultimate fact at issue in *Ashe* was the robber's identity, the Court's holding is in no way limited to that particular ultimate fact.  The Court held "... when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id*. at 443.

The Magistrate Judge is aware that federal courts must evaluate state court decisions, not reasoning.  *Early v. Packer*, 537 U.S. 3; 123 S. Ct. 362; 154 L. Ed. 2d 263 (2002)(per curiam)(In order to avoid being contrary to Supreme Court precedent, a state court decision need not cite the controlling precedent or even be aware of it "so long as neither the reasoning nor the result of the state-court decision contradicts them.") However, what is critical here is not Judge Myers' failure to

-4-

cite or discuss *Ashe v. Swenson*.  Rather, the state court decision evinces no understanding that a prior decision of an ultimate fact is binding in subsequent criminal litigation, as *Ashe* and its progeny have held.

While Respondent cites many cases in which the Supreme Court has reversed lower courts for misapplication of §2254(d)(1), the Court has not found every contested state court decision to be reasonable.  Just last term in *Rompilla v. Beard,* 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005), the Court held that failure to investigate prior offenses which would be admitted at trial was ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).  The state court holding to the contrary was held to be objectively unreasonable even though there was no prior Supreme Court precedent holding that this particular failure on the part of an attorney would be ineffective assistance.  In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Court also found state court's conclusion that representation was not ineffective to be objectively unreasonable.

The Common Pleas Court decision is objectively unreasonable because it ignores altogether the holing in *Ashe v. Swenson* that an ultimate fact, once determined in a criminal proceeding, is binding in all further proceedings in the same case.

### Second Objection: Mental Retardation Undecided

In her second objection, the Warden asserts "the trial court did not decide the factual issue of whether Bies is mentally retarded for the purposes of the Eighth Amendment ban, i.e., whether die to his level of intellectual and adaptive functioning, his execution would be cruel and unusual." (Objections, Doc. No. 108 at 8.)

In arguing this objection, Respondent confuses two issues.  She asserts "Bies claims that since

there is evidence in the record that his IQ is below 70, the State is now prevented from litigating his mental retardation claim based on double jeopardy and collateral estoppel. However, as the state trial court held in its April 5, 2004 denial of Bies' motion for summary judgment, 'there are disputes of fact as to the IQ of Mr. Bies and as to the ultimate determination of whether he is or is not mentally retarded.'" Id., citing Supp. Apx., Vol. 9 at 69. This statement conflates two separate claims which Petitioner has made. First of all, Petitioner has claimed in the Hamilton County Common Pleas Court that, on the evidence now before that court, he is entitled to summary judgment on his successive post-conviction petition, brought under *State v. Lott,* 97 Ohio St. 3d 303, 779 N.E. 2d 1011 (2002). That claim is emphatically not before this Court at this time and in fact will never be before this Court in that form. Whether on a particular state of the evidence a state court post-conviction petitioner is entitled to summary judgment on a particular issue is a question of state law; error on that question would never entitle a federal habeas petitioner to relief. See *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Therefore this Court will never review Judge Myers' decision to deny summary judgment.

However, Petitioner also claims that, regardless of what evidence is or might be before the Common Pleas Court on his successive post-conviction petition, there already exist binding decisions of the state courts on the question whether he is mentally retarded, to wit,

1.      The Hamilton County Court of Appeals finding on direct appeal that Petitioner suffers from "mild mental retardation to borderline mental retardation." *State v. Bies*, 1994 WL 102196 (Ohio App. 1st Dist. March 30, 1994).

2.      The Ohio Supreme Court's finding that Petitioner suffered from "mild to borderline mental retardation." *State v. Bies*, 74 Ohio St. 3d 320, 328, 658 N.E. 2d 754, 762 (1996).

3.      Judge Kraft's finding of fact on Petitioner's first post-conviction petition that "[t]he defendant

-6-

is shown by the record to be mildly mentally retarded with an IQ of about 69."

The essence of Petitioner's Double Jeopardy claim is that the evidence now before the Common Pleas Court is irrelevant, just as the new identification testimony in the second trial in *Ashe v. Swenson*, as irrelevant.

Respondent argues at length that Petitioner has not established his mental retardation under the procedures adopted by the Ohio Supreme Court in *Lott, supra* (Objections, Doc. No. 108 at 10-13). That is certainly true. Nor is there any suggestion in the original Report and Recommendations that *Lott* is not an appropriate implementation of *Atkins v. Virginia,* 536 U.S. 304 (2002). However, the Supreme Court in *Atkins* did not purport to give States which had already found a death row inmate to be mentally retarded another chance to try that fact under new procedures. A useful analogy is found in the federal insanity defense. After John Hinckley shot President Reagan, Congress enacted the Insanity Defense Reform Act of 1984 which provided, inter alia, that a criminal defendant had the burden of proving insanity by clear and convincing evidence. 18 U.S.C. §17(b). Although the change was clearly motivated by the Hinckley case, no one suggested it was possible to re-try the defense in that case and Hinckley continues to have the "benefit" of the prior law which essentially required the Government to prove sanity whenever a defendant raised the issue. See *Lynch v. Overholser*, 369 U.S. 705 (1963). In this case not one, but three state courts made ultimate findings of fact – that Michael Bies is mentally retarded. That there might now be new procedures for determining mental retardation or new evidence showing that these courts were in error in finding him retarded is immaterial. The Double Jeopardy Clause forbids retrying the issue.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that this Court issue a writ of habeas corpus *ad subjiciendum* requiring the State of Ohio to vacate Petitioner's capital sentence and re-sentence him in accordance with Ohio law to some other sentence.

December 30, 2005.

s/ **Michael R. Merz**<br>
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).