**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **MICHAEL BIES,** *Petitioner,* vs. **MARGARET BAGLEY, Warden,** *Respondent.* | Case Number: C-1-00-682 District Judge Susan J. Dlott Chief Magistrate Judge Michael Merz |

**RESPONDENT'S OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S
DECEMBER 30, 2005 SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

Respondent Warden Margaret Bagley respectfully objects to Chief Magistrate Judge Merz's December 30, 2005 Supplemental Report and Recommendations to vacate Petitioner Michael Bies' death sentence and re-sentence him to another sentence based on his Nineteenth Claim for Relief. A memorandum in support follows.

Respectfully submitted,

**JIM PETRO (0022096)**
**Attorney General of Ohio**


**CAROL A. ELLENSOHN (0074598)**
Assistant Attorney General

**CHARLES L. WILLE (0056444)**
Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

On November 23, 2005, the Chief Magistrate Judge issued a Report and Recommendations concluding that the Double Jeopardy Clause bars retrying the issue of whether Bies is mentally retarded and recommended that the Court issue a writ of habeas corpus *ad subjiciendum* requiring the State of Ohio to vacate Bies' capital sentence and re-sentence him in accordance with Ohio law to some other sentence. Doc. 107. On December 13, 2005, Respondent filed Objections to the Chief Magistrate Judge's November 23, 2005 Report and Recommendations. Doc. 108. On December 29, 2005, Bies filed a Response to Respondent's Objections. Doc. 109.

On December 30, 2005, the Chief Magistrate Judge issued a Supplemental Report and Recommendations and again recommended that the Court issue a writ of habeas corpus *ad subjiciendum* requiring the State of Ohio to vacate Bies' capital sentence and re-sentence him in accordance with Ohio law to some other sentence. Doc. 110. For the reasons set forth in her December 13, 2005 Objections, as well as, for the reasons herein, Respondent objects to the Chief Magistrate Judge's December 30, 2005 Supplemental Report and Recommendations.

**II.    ARGUMENT**

**The Chief Magistrate Judge again erred in recommending the grant of the writ based on Bies' Claim under the Double Jeopardy Clause.**

In essence, the Chief Magistrate Judge objects to Respondent's application of the AEDPA and argues that it is well established law "that an ultimate fact, once determined in a criminal proceeding, is binding in all further proceedings in the same case", so therefore

2

the Double Jeopardy Clause forbids retrying the issue of mental retardation in this case. Doc. 110, December 30, 2005, Supplemental Report and Recommendations, pp. 5 & 7. But, as the Respondent has pointed out, mental retardation is not an ultimate fact in the Bies' case. The issue of mental retardation is not an element of the crime, nor is it a relevant fact with respect to Bies' eligibility for the death penalty at the time of his trial. Moreover, while it true that there have been prior state court findings concerning his IQ, there are no prior findings that Bies is mental retarded for the purposes of the Eighth Amendment.

Respondent understands that a specific finding of fact in state court could be subject to the principles of *res judicata*. However, mental retardation is not only a factual finding, but also a legal determination. Thus, it is difficult to understand how the Double Jeopardy Clause bars the issue of mental retardation.

At its base, the Double Jeopardy Clause protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. However, unlike the *Hinckley* case cited by the Chief Magistrate Judge, we are not talking about a procedural change in the defense of a crime. Lack of mental retardation is not an element that must be proven. Therefore, the Chief Magistrate Judge's analogy to insanity does not apply here.

Moreover, Bies has failed to meet any of the three required factors under *State v. Lott,* Ohio St.3d 303 (2002): significant sub-average intelligence, significant limitation in two or more adaptive skills and onset before the age of 18. Consequently, he has failed to establish a diagnosis of mental retardation.

For all the above reasons, Respondent respectfully objects to the Chief Magistrate Judge's recommended grant of the writ on the Nineteenth Ground.

### III. CONCLUSION

For the foregoing reasons, as well as for the reasons stated in her December 13, 2005 Objections, Respondent respectfully requests that this Court overrule the Chief Magistrate Judge's Report and Recommendations and deny Bies' Nineteenth Claim for Relief.

    Respectfully submitted,

    **JIM PETRO**
    **Ohio Attorney General**

    s/Carol A. Ellensohn
    **CAROL A. ELLENSOHN (0074598)**
    **CHARLES L. WILLE (0056444)**
    Assistant Attorneys General
    Capital Crimes Section
    30 East Broad Street, 23rd Floor
    Columbus, Ohio 43215-3428
    (614) 728-7055; Fax: (614) 728-8600

    **COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing, *Respondent's Objections to the Chief Magistrate Judge's December 30, 2005 Supplemental Report and Recommendations*, was filed electronically, this *19th day of January, 2006*. Notice of this filing will be sent to all parties including: S. Scott Haynes, Hallowes, Allen and Haynes, 6445 East Livingston Avenue, Reynoldsburg, Ohio, 43068 and Randall Porter, Ohio Public Defender's Office, 8 East Long Street, Columbus, Ohio 43215, by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

s/Carol A. Ellensohn
**CAROL A. ELLENSOHN (0074598)**
Assistant Attorney General