IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Michael Bies, | : | |
| Petitioner, | : | |
| | | Case No.: CV-1-00-682 |
| vs. | : | |
| | | District Judge Susan J. Dlott |
| Margaret Bagley, Warden, | : | Chief Magistrate Judge Michael R. Merz |
| Respondent. | : | |

## MICHAEL BIES' RESPONSE TO THE WARDEN'S OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS

S. SCOTT HAYNES - 0059586
Hallowes, Allen & Haynes
6445 E. Livingston Avenue
Reynoldsburg, Ohio 43068
Telephone: (614) 868-0009
Facsimile: (614) 868-0029

and

DAVID H. BODIKER
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998
Telephone: (614) 466-5394
Facsimile: (614) 644-0703

COUNSEL FOR MICHAEL BIES

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................ i

**TABLE OF AUTHORITIES** ........................................................................................................ ii

    **I. INTRODUCTION: THE MAGISTRATE HAS RECOMMENDED IN BOTH OF HIS REPORTS THAT SENTENCING RELIEF BE GRANTED.** ............................................................................................................. 1

    **II. THE PRIOR STATE COURT FINDINGS OF MENTAL RETARDATION COME WITHIN THE AMBIT OF THE DOUBLE JEOPARDY CLAUSE.** ............................................................................................ 1

    **III. THE *LOTT* FACTORS ARE SIMPLY NOT RELEVANT** ....................................... 3

    **IV. A UNANIMOUS MISSOURI SUPREME COURT HAS NOW REACHED THE SAME CONCLUSION AS THE CHIEF MAGISTRATE JUDGE** ............................................................................................. 3

    **V. CONCLUSION: THIS COURT SHOULD GRANT PENALTY RELIEF** ............................................................................................................................. 4

**CERTIFICATE OF SERVICE** .................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

Atkins v. Virginia, 536 U.S. 34 (2002) .............................................................................. 3

Burks v. United States, 437 U.S. 1 (1978) ......................................................................... 3

State ex rel. Johns v. Kays, 2006 Mo. LEXIS 9 (Jan. 10, 2006) ........................................ 3

State v. Lott ................................................................................................................... 3, 4

**CONSTITUTIONAL PROVISIONS**

Fifth Amendment to the United States Constitution ........................................................... 4

Eighth Amendment to the United States Constitution ....................................................... 2

**I.     INTRODUCTION: THE MAGISTRATE HAS RECOMMENDED IN BOTH OF HIS REPORTS THAT SENTENCING RELIEF BE GRANTED.**

On November 23, 2005, the Chief Magistrate Judge issued his Report in which he recommended that this Court should grant Michael Bies sentencing relief. [Doc. 107]. The Warden filed her objections and Michael Bies responded. [Docs. 108 and 109].

On December 30, 2005, the Chief Magistrate Judge issued his Supplemental Report and Recommendations [Doc. 110]. He limited this Supplemental Report to 1) whether the state court decision violated *clearly established* federal law [Id. at pp. 2-5], and 2) what effect the conflicting evidence had upon the Double Jeopardy analysis. [Id. at pp. 5-7].

The Warden has filed yet another set of objections ("Second Objections"). [Doc. 111]. Her new pleading offers four paragraphs of analysis, without any authority, as to either of the issues raised in the Supplemental Report. The Warden's limited objections are not well founded.[1]

**II.    THE PRIOR STATE COURT FINDINGS OF MENTAL RETARDATION COME WITHIN THE AMBIT OF THE DOUBLE JEOPARDY CLAUSE.**

The Warden, without citation to any authority, contends that the findings of the state trial court, First Appellate District and Ohio Supreme Court that Michael Bies is mentally retarded do not have preclusive effect on the efforts of the state prosecutors to re-litigate the mental retardation issue. [Second Objections, Doc. 111, pp. 2-3]. The lack of clarity in the Warden's argument and supporting citation highlights the weakness of her position. The Warden, instead of focusing her argument on Double Jeopardy and Collateral Estoppel provisions of the Double Jeopardy Clause, ignores both doctrines and instead makes a passing reference to "res judicata." [Id. at p. 3]. The doctrines, though similar, are not the same.

---

[1] Michael Bies incorporates, as if fully rewritten herein, all of the arguments and legal citations contained in his Response to the Warden's first objections. [Doc. 109].

The Warden claims that mental retardation was not an ultimate fact at the time of Michael Bies' first trial. [Id.]. She reaches this conclusion by stating that it was not a "relevant fact with respect to Bies' eligibility for the death penalty at the time of his trial." [Id.]. The Warden's statement is accurate, but only as far as it goes. The findings of mental retardation were critical, not to whether Michael Bies was death eligible, but whether the aggravating circumstances outweighed the mitigating factors thus allowing imposition of a sentence of death. The Chief Magistrate Judge has already addressed this issue and the importance that both parties placed on the issue in the state appellate process. [First R&R, Doc. 107, pp. 5-6]. Both parties would not have briefed the issue in two separate courts if the issue did not have substantial significance to the sentencing decision.

The Warden, in an effort to preclude the application of the Double Jeopardy Clause contends that "there are no prior findings that Bies is mentally retarded for purposes of the Eighth Amendment." [Second Objection, p. 3]. The Warden cites to no authority to support her conclusion that the prior state court findings of mental retardation, to be relevant, must have been made by the state courts in the context of an Eighth Amendment claim. Contrary to this unsupported claim, the Warden has routinely, in other capital cases, cited to findings made by the Ohio Supreme Court at the beginning of its opinion as binding upon the federal courts with regard to specific constitutional issues. All of this being said, both the First Appellate District and the Ohio Supreme Court made their findings of mental retardation in the course of their respective reviews of Michael Bies' death sentence, so those findings were indeed made for purposes of the Eighth Amendment.

The Warden argues that the Chief Magistrate Judge's "analogy to insanity does not apply here." [Second Objections, p. 3]. Again the Warden misses the Chief Magistrate Judge's point.

2

Michael Bies, to demonstrate that the death penalty was not appropriate, attempted to prove a number of factors, including that he was mentally retarded. The First Appellate District and the Ohio Supreme Court found that he successfully proved that factor. The United States Supreme Court in Atkins v. Virginia, 536 U.S. 34 (2002) subsequently recognized that mental retardation, previously a mitigating factor in aquation to the death penalty, was an absolute defense to the imposition of the ultimate penalty. The prosecution, given this change in the law, is not free to re-litigate the issue merely because the status of mental retardation has changed to an absolute defense.

**III.   THE *LOTT* FACTORS ARE SIMPLY NOT RELEVANT**

The Warden once again perfunctorily states that "Bies has failed to meet any of the three required factors under State v. Lott…" [Second Objections, p. 3]. A Double Jeopardy claim focuses upon the prior judicial findings, not the status of the evidence. Burks v. United States, 437 U.S. 1, 16 (1978). By analogy, while many individuals, given what appeared to be overwhelming evidence of guilt, questioned the correctness of the jury's verdicts in the O.J. Simpson criminal case, no reasonable person has suggested that a new jury be empanelled to retry the case. That is what in fact that Warden suggests in this case, that she should be permitted to retry the mental retardation issue.

**IV.   A UNANIMOUS MISSOURI SUPREME COURT HAS NOW REACHED THE SAME CONCLUSION AS THE CHIEF MAGISTRATE JUDGE**

This Missouri Supreme Court within the last month has addressed an identical issue. State ex rel. Johns v. Kays, 2006 Mo. LEXIS 9 (Jan. 10, 2006) (attached as Exhibit A). In that case the defendant was sentenced to death prior to Atkins. Subsequently, during the post-conviction process, the state courts found the defendant was mentally retarded and vacated his death sentence. Another grand jury indicted the defendant for a separate capital crime. The

3

defendant unsuccessfully moved the trial court to bar the prosecution from seeking the death penalty. The defendant then sought from the Missouri Supreme Court a writ of prohibition to preclude the state from seeking the death penalty. The Court rejected the prosecution's argument that collateral estoppel did not apply because the prior finding of mental retardation was entered in another case. [Id. at p. *2]. That court granted the requested relief, "The alternative writ is made absolute, as modified, to prohibit the state from seeking the death penalty in the underlying cause." [Id. at p. 3].

## V.    CONCLUSION:  THIS COURT SHOULD GRANT PENALTY RELIEF

The Chief Magistrate Judge has twice recommended the Double Jeopardy Clause bars retrial of Michael Bies' mental retardation. Both recommendations have been supported by in depth analysis with numerous citations to relevant United States Supreme Court case law interpreting the Fifth Amendment. Both of the Warden's responses to the Chief Magistrate Judge's Reports rely upon the procedure adopted by the Ohio Supreme Court in Lott and that Michael Bies has not availed himself of that procedure. But as the Chief Magistrate Judge found, the Double Jeopardy Clause precludes the state from requiring Michael Bies to avail himself of that procedure. The Fifth Amendment, instead, requires that state accept the prior findings of mental retardation that the state courts made after the issue was fully litigated.

WHEREFORE, for all the reasons identified herein and for any other reason that may be apparent on the face of the record, this Court should affirm the decision of the Chief Magistrate Judge and issue the writ of habeas corpus *ad subjiciendum* requiring the State of Ohio to vacate Michael Bies' capital sentence and re-sentence him in accordance with Ohio law to some other sentence.

4

Respectfully submitted,

s/ S. Scott Haynes
S. SCOTT HAYNES - 0059586
Hallowes, Allen & Haynes
6445 E. Livingston Avenue
Reynoldsburg, Ohio 43068
Telephone: (614) 868-0009
Facsimile: (614) 868-0029

and

DAVID H. BODIKER
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998
Telephone: (614) 466-5394
Facsimile: (614) 644-0703

COUNSEL FOR MICHAEL BIES

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2006, a true copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

s/ S. Scott Haynes
S. SCOTT HAYNES

COUNSEL FOR MICHAEL BIES

230597