IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **MICHAEL BIES,** *Petitioner,* vs. **MARGARET BAGLEY, Warden,** *Respondent.* | Case Number: 1:00-cv-00682 District Judge Susan J. Dlott Chief Magistrate Judge Michael Merz |

**RESPONDENT'S MOTION TO STAY EXECUTION OF THE WRIT**

Respondent respectfully moves for a stay of execution of this Court's Writ of Habeas Corpus in the above-styled case, issued on March 1, 2006. A Memorandum in Support follows.

Respectfully submitted,

**NANCY H. ROGERS**
Attorney General

s/ *Charles L. Wille*

Charles L. Wille (0056444)
Principal Assistant Attorney General
Capital Crimes Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio  43215
(614) 728-7055

**COUNSEL FOR RESPONDENT**

## **MEMORANDUM IN SUPPORT**

### **Statement of the Case and Facts**

On October 13, 1992, a jury in Hamilton County, Ohio, convicted Petitioner Michael Bies (hereinafter "Bies") of the aggravated murder of Aaron Raines, with capital specifications; the attempted rape of Aaron Raines; and the kidnapping of Aaron Raines. On October 30, 1992, the trial court sentenced Bies to death, consistent with the recommendation of the jury, and also imposed a sentence of 8 to 15 years (actual) on the attempted rape count, and a sentence of 10 to 25 years (actual) on the kidnapping count. On August 21, 2000, Bies filed with this Court a petition for a writ of habeas corpus in which he alleged that his convictions and sentences were obtained in violation of his constitutional rights. While Bies' petition was pending, on June 20, 2002, the Supreme Court of the United States held in *Atkins v. Virginia*, 536 U.S. 304 (2002) that execution of the mentally retarded violated the Eighth Amendment's prohibition on cruel and unusual punishment. On May 2, 2003, Bies filed with the trial court a successive post-conviction petition in which he alleged that his execution was barred under the rule announced in *Atkins*. Bies then moved for summary judgment in his favor, arguing that the State was precluded by the Double Jeopardy Clause and the doctrine of collateral estoppel from contesting his mental retardation claim. The trial court denied summary judgment.

Bies then returned to this Court and moved to amend his petition to include a claim that the Double Jeopardy Clause and its collateral estoppel component precluded the State from contesting in post-conviction his *Atkins* claim. The state opposed, arguing that Bies had not exhausted his new claim (the successive petition was still pending at the trial court). The Court granted the motion to amend. On March 1, 2006, the Court issued a writ of habeas corpus on the double jeopardy claim, directing the State of Ohio to vacate the sentence of death and to re-

sentence Bies to a lesser punishment authorized by law. The Court specifically limited the writ to the adjudged sentence of death for the charge of aggravated murder upon which Bies was convicted, noting that the writ did not affect Bies' conviction for aggravated murder or his other convictions and adjudged sentences. On February 27, 2008, the Sixth Circuit Court of Appeals affirmed this Court's grant of the writ. *See Bies v. Bagley*, 519 F.3d 324 (6th Cir. 2008). On August 5, 2008, the Sixth Circuit denied the Warden's petition for rehearing *en banc*. Judge Clay issued a published opinion concurring in the Court's order. Judge Sutton issued a dissenting opinion. *Bies v. Bagley*, 2008 U.S. App. LEXIS 16491.

### **Argument**

The Warden respectfully requests that the Court stay execution of the writ pending the filing with the Supreme Court of the United States of a petition for a writ of certiorari. Although this Court's decision was unanimously affirmed by a panel of the Sixth Circuit, the question presented -- whether the Double Jeopardy Clause and its estoppel component apply where the state prevailed in the prior proceeding and the defendant was not subject to a formal judgment of acquittal -- is one of first impression. Moreover, Judge Sutton's dissent to the Sixth Circuit's order denying rehearing is an indication that a certiorari petition by the Warden may be filed in good faith. Finally, Bies cannot be prejudiced by a delay in execution of the writ, and the interests of judicial economy are served by delaying execution of the writ. Bies must remain in custody in any event based on the convictions and sentences unaffected by the writ. And, requiring the state to re-sentence Bies immediately, while his constitutional challenges to the aggravated murder conviction remain pending, could require the state to again re-sentence Bies in the event that the aggravated murder charge is vacated by this Court, the state elects to retry Bies, and he is again convicted.

      Counsel for the Warden contacted Bies' counsel prior to filing this motion. Bies' counsel stated that Bies did not authorize him to agree to the Warden's request for a stay.

                                Respectfully submitted,

                                **NANCY H. ROGERS**
                                Attorney General

                                s/ *Charles L. Wille*
                                Charles L. Wille (0056444)
                                Principal Assistant Attorney General
                                Capital Crimes Unit
                                30 East Broad Street, 23rd Floor
                                Columbus, Ohio 43215-3428
                                (614) 728-7055
                                (614) 728-8600
                                Email: cwille@ag.state.oh.us.

                                **COUNSEL FOR RESPONDENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel for Petitioner:

**S. Scott Haynes**
Hallowes Allen & Haynes
6445 East Livingston Avenue
Reynoldsburg, Ohio 43068-3560
Email: scothaynes@aol.com

**Randall L. Porter**
Ohio Public Defender Office
8 E. Long Street
Columbus, Ohio 43215
(614) 466-5394
(614) 644-0703 Fax
Email: randall.porter@opd.state.oh.us

**COUNSEL FOR PETITIONER**

s/ *Charles L. Wille*
Charles L. Wille
Principal Assistant Attorney General