IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL BIES,

        Petitioner,

    -vs-

MARGARET BAGLEY, Warden,

        Respondent.

:

Case No. 1:00-cv-682

:    District Judge Susan J. Dlott
     Chief Magistrate Judge Michael R. Merz

:

**DECISION AND ORDER GRANTING MOTION TO STAY ISSUANCE OF WRIT, VACATING STAY OF PROCEEDINGS, AND ORDERING NEW SCHEDULING CONFERENCE**

This capital habeas corpus case is before the Court on Respondent's Motion to Stay Execution of the Writ of Habeas Corpus pending Respondent's application to the United States Supreme Court for a writ of certiorari to review the decision of the Sixth Circuit Court of Appeals affirming this Court's grant of a conditional writ of habeas corpus.

In February, 2002, the Court held these proceedings in abeyance pending Petitioner's exhaustion of his state court successive post-conviction petition seeking vacation of his death sentence by virtue of his mental retardation, pursuant to *Atkins v. Virginia,* 536 U.S. 304 (2002). After substantial litigation in the state courts, Petitioner returned to this Court and obtained habeas corpus relief on his theory that the Double Jeopardy Clause prevented the State from retrying the issue of whether he is mentally retarded (Order, Doc. No. 113, March 1, 2006). That Order provided for issuance of a unconditional writ requiring the State of Ohio to resentence Petitioner to some other sentence besides death. The Sixth Circuit has now affirmed that Order (*Bies v. Bagley*, 519 F.3d 324

(2008) and denied rehearing *en banc*. *Bies v. Bagley*, ___ F.3d ___, 2008 U.S. App. LEXIS 16491 (Aug. 5, 2008).

Respondent intends to seek review in the United States Supreme Court and seeks a stay pending that petition. As required by S. D. Ohio Civ. R. 7.3, Respondent's counsel sought consent for the stay from Petitioner's counsel, who declined to consent.

The Court perceives no prejudice to Petitioner from such a stay. So far as this Court is aware, the Ohio Supreme Court has not set a date for execution and this Court would in any event stay execution of the death sentence pending not just completion of litigation on Petitioner's Double Jeopardy claim, but pending completion of this litigation altogether. Petitioner derives no benefit from immediate issuance of the writ because the United States Supreme Court would still have the power to undo any enforcement of this Court's Order. Accordingly, the Motion for Stay is GRANTED. The parties shall furnish this Court with electronic copies of all substantive filings in the Supreme Court.

There is, however, no need so far as this Court is apprised to delay further the completion of the litigation of the remaining claims in this case. Accordingly, it is hereby ORDERED that this case be set for scheduling conference by telephone at 2:00 p.m. on Wednesday, September 17, 2008. Not later than September 15, 2008, the parties shall file with the Court a report similar to the report required under Fed. R. Civ. P. 26(f) setting forth their agreed or respective positions regarding steps needed to bring this case to completion.

August 23, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
